NOTE: CHANGES MADE BY THE COURT

1
2
3
4
5
6
7
8
9
10
11
12

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HRAYR SHAHINIAN, M.D., F.A.C.S., an individual; on behalf of himself and all others similarly situated,<br><br>                    Plaintiffs,<br><br>        vs.<br><br>KIMBERLY-CLARK CORPORATION, a Delaware Corporation.<br><br>                    Defendants. | Case No. 2:14-cv-08390-DMG-PLA<br><br>**<u>STIPULATED CONFIDENTIALITY ORDER</u>**<br><br>Judge:              Dolly M. Gee<br>Magistrate Judge:  Paul L. Abrams |

**A.      Purposes and Limitations**

Plaintiff Dr. Hrayr Shahinian ("Plaintiff") and Defendant Kimberly-Clark Corporation ("Defendant" and collectively the "Parties") believe disclosure and discovery activity in this Action are likely to involve production of confidential, proprietary, trade secret, and/or private information for which special protection from public disclosure and from use for any purpose other than litigating this action would be warranted. Having met and conferred, Plaintiff and Defendant stipulate to and petition the Court to enter the following Stipulated Confidentiality Order ("Confidentiality Order").

**B.      Definitions**

1.      Party: any party to this action, including all of its officers, directors, employees, or other person who produces, supplies, or provides access to information, documents or other tangible items for use in this action in the course of discovery.[1]

2.      Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored or maintained (including, among other things, initial disclosures, responses to discovery requests, all deposition testimony and exhibits, transcripts, tangible things, or information derived directly therefrom), that are produced, deemed produced, or generated in disclosures or responses to discovery, or pursuant to any stipulation or agreement between or among the Parties, in this matter.

3.      Sensitive Personal Information: material or information not appropriate for public disclosure because of personal privacy interests.

---

[1] On October 31, 2014, Kimberly-Clark Corporation spun off its healthcare products division to form Halyard Health, Inc.  For purposes of this Order, Halyard Health, Inc. constitutes a person who produces, supplies, or provides access to information, documents or other tangible items for use in this action in the course of discovery.

4.    <u>CONFIDENTIAL Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that any Designating Party reasonably believes is entitled to confidential treatment under Fed. R. Civ. P. 26(c).

5.    <u>HIGHLY CONFIDENTIAL Information or Items</u>: extremely sensitive "CONFIDENTIAL Information or Items" the disclosure of which would create a substantial risk of serious harm to the competitive position of the Designating Party that could not be avoided by less restrictive means.  Such items may include but do not necessarily include:  (i) marketing, financial, sales, research and development, or technical data or information; (ii) commercially sensitive competitive information, including, without limitation, information obtained from a nonparty pursuant to a current Nondisclosure Agreement; (iii) information relating to future business/strategic plans, sales and financial projections, product development and design, and future sales and financial projections; (iv) trade secret, or other confidential research and development information; (v) product specifications and manufacturing processes; development of new products or technologies;  and  (vi)  commercial  agreements,  settlement  agreements,  or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the producing party.

6.    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

7.    <u>Producing Party</u>: a Party or non-party, including but not limited to a third-party subpoena recipient, that produces Disclosure or Discovery Material in this matter.

8.    <u>Designating Party</u>: a Party or non-party, including but not limited to a third-party subpoena recipient, that designates information or items that it produces in disclosures or in responses to discovery as CONFIDENTIAL or HIGHLY CONFIDENTIAL.

9.    Protected Material: any Disclosure or Discovery Material that is designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL.

10.    Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

11.    In-House Counsel: attorneys who are employees of a Party.

12.    Counsel (without qualifier): Outside Counsel and In-House Counsel (as well as their support staffs).

13.    Expert: a person with specialized knowledge or experience in a matter pertinent to this action who has been retained by a Party or its Counsel to serve as an expert witness or as an investigator or consultant in this action. This definition includes a professional jury or trial consultant retained in connection with this action, and all persons within the Expert's organization.

14.    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

15.    Competitor: any entity that is engaged in the medical device business or the business of supplying medical device products or materials or machinery used in the manufacture of medical device products.

**C.    Scope**

The protections conferred by this Stipulation and Confidentiality Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all notes, copies, abstracts, excerpts, summaries, reproductions, or compilations thereof, plus testimony or conversations or presentations by the Parties or Counsel in settings that reveal Protected Material (collectively, "Secondary Materials"), and electronic images and databases.  The protections conferred by this Stipulation and Order do not, however, cover disclosure or use of Protected Material at trial in this action.  The Parties agree to

3

1  meet and confer in good faith regarding the protection, if any, to be afforded to
2  Protected Material and Secondary Material at trial at least sixty (60) days before
3  trial commences.  If the parties are able to reach agreement they shall submit such
4  proposed procedures to the Court for its approval or modification.  If the parties are
5  unable to reach agreement in whole or in part regarding the protection, if any, to be
6  afforded to Protected Material and Secondary Material at trial, the party seeking
7  protection shall file a Motion with the Court and set it for hearing at least twenty-
8  one (21) calendar days before trial.

9  **D.    Duration**

10  This Order shall remain in force and effect until modified, superseded, or
11  terminated by order of the Court.

12  Even after the termination of this litigation, the confidentiality obligations
13  imposed by this Order shall remain in effect until a Designating Party agrees in
14  writing or this Court orders otherwise.

15  For the purpose of enforcement of the provisions of this Order, this Court
16  shall retain jurisdiction over the Parties and all persons who agree to be bound by
17  this Order following the conclusion of this action.

18  **E.    Designating Protected Material**

19  1.    Documents That May Be Designated CONFIDENTIAL or HIGHLY
20  CONFIDENTIAL.  Any party may designate documents as CONFIDENTIAL or
21  HIGHLY CONFIDENTIAL upon making a good faith determination that the
22  documents contain information defined as CONFIDENTIAL or HIGHLY
23  CONFIDENTIAL in paragraphs B.4 and B.5, respectively and subject to
24  protection under Fed. R. Civ. P. 26.

25  2.    Form and Timing of Designations.  Designation of Protected Material
26  in conformity with this Order requires:

27

28

4

1       (a)    For documents, information or other tangible items, the

2   Designating Party shall designate such document, information or other tangible

3   item as CONFIDENTIAL by marking words that in substance state:

4             CONFIDENTIAL - SUBJECT TO CONFIDENTIALITY ORDER IN

5             *SHAHINIAN V. KIMBERLY-CLARK CORP.*, NO. 2:14-CV-08390-

6             DMG-SH (C.D. CAL.).

7       Copies of CONFIDENTIAL information shall not obscure this legend or

8   other identifying Bates numbers.

9       (b)    For documents, information or other tangible items, the

10   Designating Party shall designate such document, information or other tangible

11   item as HIGHLY CONFIDENTIAL by marking words that in substance state:

12             HIGHLY CONFIDENTIAL – ACCESS RESTRICTED BY COURT

13             ORDER IN *SHAHINIAN V. KIMBERLY-CLARK CORP.*, NO. 2:14-

14             CV-08390-DMG-SH (C.D. CAL.).

15       Copies of HIGHLY CONFIDENTIAL information shall not obscure this

16   legend or other identifying Bates numbers.

17       (c)    If, during a deposition or within ten (10) days thereafter, a

18   Designating Party advises the court reporter that CONFIDENTIAL information

19   has been disclosed during a deposition, the entire transcript shall be treated as

20   CONFIDENTIAL for ten (10) days after the deposition, within which time

21   Counsel for the Designating Party shall advise the court reporter of the pages and

22   lines on which CONFIDENTIAL information appears.  At the conclusion of such

23   ten (10) day period, transcript pages and Exhibits containing CONFIDENTIAL

24   information shall continue to be treated as CONFIDENTIAL under this Order, and

25   shall be designated:

26             CONFIDENTIAL - SUBJECT TO CONFIDENTIALITY ORDER IN

27             SHAHINIAN V. KIMBERLY-CLARK CORP., NO. 2:14-CV-08390-

28             DMG-SH (C.D. CAL.).

(d)     If, during a deposition or within ten (10) days thereafter, a Designating Party advises the court reporter that HIGHLY CONFIDENTIAL information has been disclosed during a deposition, the entire transcript shall be treated as HIGHLY CONFIDENTIAL for ten (10) days after the deposition, within which time Counsel for the Designating Party shall advise the court reporter of the pages and lines on which HIGHLY CONFIDENTIAL information appears.  At the conclusion of such ten (10) day period, transcript pages and Exhibits containing HIGHLY CONFIDENTIAL information shall continue to be treated as HIGHLY CONFIDENTIAL under this Order, and shall be designated:

> HIGHLY CONFIDENTIAL – ACCESS RESTRICTED BY COURT ORDER IN *SHAHINIAN V. KIMBERLY-CLARK CORP.*, NO. 2:14-CV-08390-DMG-SH (C.D. CAL.).

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix on the face of each such page the legend CONFIDENTIAL or HIGHLY CONFIDENTIAL, as instructed by the Designating Party.

The Parties may modify this procedure for any particular deposition through agreement on the record at such deposition, or otherwise by written stipulation, without approval of the Court.

(e)     For information produced in some tangible form other than documentary, the Designating Party shall affix the legend specified in paragraph E.2.(a) of this Order for information designated as CONFIDENTIAL, or the legend specified in paragraph E.2.(b) of this Order for information designated as HIGHLY CONFIDENTIAL, in a prominent place on the exterior of the container or containers in which the information or item is stored.  If only portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall identify the protected portions.

To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, files, databases, or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes) ("Computerized Material") is produced in such form, the Producing Party may designate such matter CONFIDENTIAL or HIGHLY CONFIDENTIAL by affixing to such media a label with the legend specified in paragraph E.2.(a) of this Order for information designated as CONFIDENTIAL, or the legend specified in paragraph E.2.(b) of this Order for information designated as  HIGHLY CONFIDENTIAL.

Whenever a Party to whom Computerized Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL reduces such material to hard-copy form, such party shall mark such hard-copy form with the legend specified in paragraph E.2.(a) of this Order for information designated as CONFIDENTIAL, or the legend specified in paragraph E.2.(b) of this Order for information designated as HIGHLY CONFIDENTIAL.

(f)    To the extent that any Party or Counsel creates, develops, or otherwise establishes on any digital or analog machine-readable device, recording media, computer, disc, network, tape, file, database or program information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL, that Party and its Counsel must take all necessary steps to ensure that access to such media is properly restricted to those persons who, by the terms of this Order, may have access to CONFIDENTIAL or HIGHLY CONFIDENTIAL information, and will affix to any media containing such information a label with the legend specified in paragraph E.2.(a) of this Order for information designated as CONFIDENTIAL, or the legend specified in paragraph E.2.(b) of this Order for information designated as HIGHLY CONFIDENTIAL.

3.    <u>Withdrawing a Designation</u>.  If it comes to a Designating Party's or a non-party's attention that information or items that it designated for protection do

7

1  not qualify for protection at all, or do not qualify for the level of protection initially

2  asserted, that Designating Party or non-party must promptly notify all other parties

3  that it is withdrawing the mistaken designation.

4      4.    Inadvertent Failures to Designate.  An inadvertent failure to designate

5  information or items as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall not

6  automatically constitute a waiver of the Designating Party's right to secure

7  protection for such material under this Order or otherwise but, upon a showing by

8  the moving party, the Court may find a waiver.   The Receiving Party, on

9  notification by the Designating Party that the material is CONFIDENTIAL or

10 HIGHLY CONFIDENTIAL, must thereafter make good faith efforts to assure that

11 the material is treated in accordance with the provisions of this Order.

12     5.    Inadvertent Production of Information Subject to Privilege, Work

13 Product Protection or Other Protection.  Pursuant to Fed. R. Evid. 502(d), if a

14 Producing Party inadvertently produces (or discloses) to a receiving party any

15 documents or information subject to a claim of privilege or immunity from

16 discovery (including but not limited to attorney-client privilege, work product, and

17 immunities created by federal or state statute or regulation), such production (or

18 disclosure) shall not be deemed a waiver in whole or in part of the Producing

19 Party's claim of privilege or immunity from discovery, either as to specific

20 documents and information produced (or disclosed) or on the same or related

21 subject matter.  The Producing Party may assert in writing a claim of privilege or

22 immunity from discovery by giving notice to the receiving party in writing of the

23 Producing Party's claim of privilege or immunity from discovery. Within five (5)

24 business days of receiving this written notice, the receiving party shall sequester

25 the original and all copies of the privileged materials, including copies of the

26 privileged materials disseminated to other persons by the receiving party, and any

27 notes made therefrom shall be destroyed.  In the event that the receiving party

28 disagrees with the Producing Party's claim of privilege or immunity from

discovery, then the receiving party shall notify the Producing Party within five (5) business days of receipt of the Producing Party's written notice of claim of privilege or immunity, and shall set forth the precise grounds upon which the receiving party's position rests.  If the parties cannot resolve the matter, then the dispute will be presented to the Court by motion filed under seal.  **See ¶ K(1).**  Any responses thereto shall be filed under seal as well. **See ¶ K(1).**  From the moment a party provides notice of inadvertent production (or disclosure), a receiving party shall not copy, distribute, or otherwise use in any manner the disputed documents or information, and shall instruct all persons to whom the receiving party has disseminated a copy of the documents or information that the documents or information are subject to this Order and may not be copied, distributed, or otherwise used pending the motion and further notice from the Court. Notwithstanding the foregoing, the Receiving Party may use the disputed documents or information only in connection with filing a motion under seal to challenge the assertion of the claim of privilege or immunity from discovery.

Additionally, if the Receiving Party believes the Producing Party has inadvertently produced material that is otherwise protected by privilege, work-product protection, or other applicable protection, the Receiving Party shall comply with applicable ethical obligations.

**F.**    **Challenging Confidentiality Designations**

1.    Meet and Confer.  A Receiving Party that believes in good faith that a Designating Party's confidentiality designation is improper must notify Outside Counsel for the Designating Party in writing, specifying by Bates numbers and/or page and line numbers the particular document(s) and/or testimony it believes has been improperly designated.  Thereafter, within seven (7) calendar days, the parties shall meet and confer in good faith in an effort to resolve the issue.

2.    Judicial Intervention.   A Receiving Party that elects to press a challenge to a confidentiality designation after considering the justification offered

in meet and confer efforts by the Designating Party must provide written notice to the Designating party that identifies the material that continues to be challenged. The parties shall thereafter follow the procedures for discovery disputes outlined in Local Rule 37, with the Designating providing the Receiving Party with its portion of the Joint Stipulation within ten (10) calendar days of receiving the Receiving Party's notice as to what material remains challenged.  The Parties shall then follow the rules outlined in Local Rule 37, and submit the dispute to the Court in compliance with Local Civil Rule 79-5, if applicable.  On such a motion, the Designating Party shall bear the burden of demonstrating that information should be treated as confidential under the terms of this Order or otherwise.  Until the Court rules on the challenge, all parties shall continue to afford the material in question the fullest extent of protection under this Order.  If the Designating Party does not provide the Receiving Party its portion of the Joint Stipulation within ten (10) calendar days of receiving written notice under this paragraph, then the challenged material shall no longer be determined to be protected by this Order.

**G.     Access to and Use of Protected Material**

1.     <u>Basic Principles</u>.  A Receiving Party and their counsel may use Protected Material that is disclosed or produced in connection with this case only for prosecuting, defending or attempting to settle this case and/or related litigation and for no other proceedings or purpose.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order, unless otherwise ordered by the Court or approved by the Designating Party in writing.  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section J.2. below ("Final Disposition").

2. <u>Disclosure of CONFIDENTIAL Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) retained Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed Confidentiality Agreement A. With respect to Experts for the Defendant, only outside retained Experts may have access to the CONFIDENTIAL information of any Co-Defendant;

(c) undisclosed consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed Confidentiality Agreement A;

(d) any person who has signed Confidentiality Agreement A and was involved in the preparation of the document or other medium containing the CONFIDENTIAL Information or who is shown on the face of the CONFIDENTIAL information to have authored or received it (but then may only be shown those specific portions of the CONFIDENTIAL information the person authored);

(e) any person who has signed Confidentiality Agreement A and (i) who is specifically referenced by name and substantively discussed in the CONFIDENTIAL material (but then may only be shown those specific portions of the CONFIDENTIAL information in which the person is referenced) or (ii) is known to be a former employee of the Designating Party and believed to have been involved in the activities reflected in the document during the time of former employment (but then may only be shown those specific portions of the

11

1  CONFIDENTIAL information related to the activities in which the former

2  employee was involved);

3        (f)    the Court and its personnel[];

4        (g)    Plaintiffs;

5        (h)    Defendant, subject to the following condition: unless given

6  permission by the Designating Party, Defendant may not have access to

7  CONFIDENTIAL documents, materials or information produced by any Co-

8  Defendant;

9        (i)    court reporters and their staffs to whom disclosure is

10  reasonably necessary for this litigation;

11        (j)    Professional Vendors to whom disclosure is reasonably

12  necessary for this litigation, and who have signed Confidentiality Agreement A;

13        (k)    any special masters and/or mediators utilized in this litigation,

14  and their employees and agents; and

15        (l)    other persons only after (i) written notice to all parties and

16  upon order of the Court, or (ii) upon written consent of the Producing Party.

17      Any Confidentiality Agreement A signed by persons receiving Protected

18  Material shall be maintained by counsel who provided the Protected Material to

19  such persons and shall not be subject to disclosure except by Court order or by

20  agreement.  Counsel shall maintain the originals of the forms signed by persons

21  acknowledging their obligations under this Order for a period of one (1) year after

22  dismissal of the action, the entry of final judgment and/or the conclusion of any

23  appeals arising therefrom.

24      Any person to whom CONFIDENTIAL information may be disclosed

25  pursuant to this Confidentiality Order (except for this Court and its personnel) shall

26  first be shown and shall read a copy of this Confidentiality Order and shall agree in

27  writing to be bound by its terms by signing a copy of Confidentiality Agreement A

28  (attached as Exhibit A).  This provision shall not apply to documents or

12

1  information that the parties have agreed or the Court has ruled are not subject to
2  the terms of this Order.

3      No one may attend, or review the CONFIDENTIAL portions of a deposition,
4  or a transcript of any deposition, other than persons listed in paragraph G.2. of this
5  Confidentiality Order and counsel for the deponent (after counsel has read this
6  Confidentiality Order and signed Confidentiality Agreement A).  This provision
7  shall not apply to documents or information that the parties have agreed or the
8  Court has ruled are not subject to the terms of this Order.

9      3.    Disclosure of HIGHLY CONFIDENTIAL Information or Items.
10         Unless otherwise ordered by the Court or permitted in writing by the
11  Designating Party, a Receiving Party may disclose any information or item
12  designated HIGHLY CONFIDENTIAL only to persons listed below, and only if
13  these two additional requirements are satisfied: (1) Any person to whom HIGHLY
14  CONFIDENTIAL information may be disclosed, except this Court and its
15  personnel, shall first be shown and shall read a copy of this Confidentiality Order
16  and shall agree in writing to be bound by its terms by signing a copy of the
17  Confidentiality Agreement B (attached as Exhibit B) (except that this provision
18  shall not apply to documents or information that the parties have agreed or the
19  Court has ruled are not subject to the terms of this Order); and (2) HIGHLY
20  CONFIDENTIAL information may not be disclosed to any individual who is
21  currently an officer, director, or employee (as further described in Confidentiality
22  Agreement B) of any Competitor.  HIGHLY CONFIDENTIAL information also
23  may not be disclosed to any individual who is currently a consultant or agent for
24  any Competitor.

25         (a)    the Receiving Party's Outside Counsel of record in this action,
26  as well as employees of said Counsel to whom it is reasonably necessary to
27  disclose the information for this litigation;

28

1   (b)   retained Experts (as defined in this Order) of the Receiving
2   Party to whom disclosure is reasonably necessary for this litigation and who have
3   signed Confidentiality Agreement B.  With respect to Experts for the Defendant,
4   only outside retained Experts may have access to the HIGHLY CONFIDENTIAL
5   information of any Co-Defendant;

6   (c)   undisclosed consultants of the Receiving Party to whom
7   disclosure is reasonably necessary for this litigation and who have signed
8   Confidentiality Agreement B;

9   (d)   any person who has signed Confidentiality Agreement B and is
10   shown on the face of HIGHLY CONFIDENTIAL information to have authored or
11   received it (but then may only be shown those specific portions of the HIGHLY
12   CONFIDENTIAL information the person authored or received);

13   (e)   the Court and its personnel[];

14   (f)   court reporters and their staffs to whom disclosure is
15   reasonably necessary for this litigation;

16   (g)   Plaintiffs;

17   (h)   Defendant, subject to the following condition: unless given
18   permission by the Designating Party, Defendant may not have access to HIGHLY
19   CONFIDENTIAL documents, materials or information produced by any Co-
20   Defendant;

21   (i)   Professional Vendors to whom disclosure is reasonably
22   necessary for this litigation, and who have signed Confidentiality Agreement B;

23   (j)   any special masters and/or mediators utilized in this litigation,
24   and their employees and agents; and

25   (k)   other persons only after (i) notice to all parties and upon order
26   of the Court, or (ii) upon consent of the Producing Party.

27   Any Confidentiality Agreement B signed by persons receiving Protected
28   Material shall be maintained by counsel who provided the Protected Material to

14

1  such persons and shall not be subject to disclosure except by Court order or by

2  agreement.  Counsel shall maintain the originals of the forms signed by persons

3  acknowledging their obligations under this Order for a period of one (1) year after

4  dismissal of the action, the entry of final judgment and/or the conclusion of any

5  appeals arising therefrom.

6  No one may attend, or review the HIGHLY CONFIDENTIAL portions of a

7  deposition, or a transcript of any deposition, other than persons listed in paragraph

8  G.3. of this Confidentiality Order and counsel for the deponent (after counsel has

9  read this Confidentiality Order and signed Confidentiality Agreement B).  This

10 provision shall not apply to documents or information that the parties have agreed

11 or the Court has ruled are not subject to the terms of this Order.

12 **H.**   **Protected Material Subpoenaed or Ordered Produced in Other**

13 **Litigation**

14 If a Receiving Party is served with a subpoena or an order issued in other

15 litigation that would compel disclosure of any information or items designated in

16 this action as CONFIDENTIAL or HIGHLY CONFIDENTIAL, the Receiving

17 Party must notify the Designating Party or its Counsel in writing immediately and

18 in no event more than five (5) court days after receiving the subpoena or order.

19 Such notification must include a copy of the subpoena or court order.   The

20 Receiving Party shall not produce the Protected Material until the Designating

21 Party has had ten (10) calendar days to take appropriate steps to protect the

22 material.  It shall be the responsibility of the Designating Party to obtain relief

23 from the subpoena or order prior to the due date of compliance, and to give the

24 Designating Party an opportunity to obtain such relief, the party from whom the

25 information is sought shall not make the disclosure before the actual due date of

26 compliance set forth in the subpoena or order.

27 **I.**   **Limited Sharing of Protected Material**

28

1    Notwithstanding the provisions of this Order, any Party shall be permitted to
2    disclose Protected Material to any federal government branch, agency or division
3    in response to a request for such material by any federal government branch,
4    agency or division.

5    Nothing herein shall prevent Plaintiff(s), or any other party or third-party,
6    from seeking to modify this Order to permit access to, and/or the sharing of,
7    CONFIDENTIAL or HIGHLY CONFIDENTIAL information with other
8    individuals or entities for any purpose.   In connection with such efforts, no
9    Producing Party or Designating Party shall be permitted to argue that the lack of a
10   sharing provision in the original Order, including any reliance on this fact, has any
11   relevance to the Court's determination as to whether to modify the Order.

12   **J.    Non-Party Protection**

13   A non-party to this action who desires protection of any discovery obtained
14   from it in this action may obtain such protection under this Order by executing and
15   serving on each Party a copy of Confidentiality Agreement A (for
16   CONFIDENTIAL information) or Confidentiality Agreement B (for HIGHLY
17   CONFIDENTIAL information) and filing the executed copy with the Court.

18   **K.    Unauthorized Disclosure of Protected Material**

19   If a Receiving Party learns that, by inadvertence or otherwise, it has
20   disclosed Protected Material to any person or in any circumstance not authorized
21   under this Stipulated Confidentiality Order, the Receiving Party must immediately
22   (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use
23   its best efforts to retrieve both the Protected Material and all Secondary Materials,
24   (c) inform the person or persons to whom unauthorized disclosures were made of
25   all the terms of this Order, and (d) request such person or persons execute
26   Confidentiality Agreement A for CONFIDENTIAL information and
27   Confidentiality Agreement B for HIGHLY CONFIDENTIAL information.

28

1  1. <u>Filing or Discussing Protected Material in Open Court</u>. Without
2 written permission from the Designating Party or permission from the Court, a
3 Party may not file (except under seal or accompanying an application to file under
4 seal, which application shall be filed in compliance with the Local Rules) any
5 Protected Material in the public record of this action.  A Party that seeks to file
6 under seal any such material must comply with Local Civil Rule 79-5 and Ninth
7 Circuit precedent, including but not limited to *Kamakana v. City and County of*
8 *Honolulu*, 447 F.3d 1172 (9th Cir. 2006).  **Good cause must be shown for the**
9 **under seal filing.**

10  Consistent with Local Civil Rule 79-5, documents designated
11 CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be labeled as such, be filed
12 under seal, and any motion discussing such documents must be either filed under
13 seal or partially under seal.  The cover page of such document shall also bear the
14 legend "FILED UNDER SEAL."  Only those portions of such documents and
15 materials containing or reflecting CONFIDENTIAL or HIGHLY
16 CONFIDENTIAL information shall be considered as such, and may be disclosed
17 only in accordance with this Order.

18  No Party or other person may have access to any sealed document from the
19 files of the Court without an Order of the Court.  This provision does not relieve
20 the filing party of serving the document on other parties in accordance with
21 ordinary procedures established by the civil and local rules or Court order.
22 Documents filed under seal may be unsealed upon a properly noticed and heard
23 motion to the Court and Court-ordered relief.

24  2. <u>Final Disposition</u>.  Unless otherwise ordered by the Court or agreed to
25 in writing by the Producing Party, within sixty (60) days after the final termination
26 of this action and the exhaustion of all appeals, each Receiving Party must return
27 or destroy all Protected Material to the Producing Party.  Whether the Protected
28 Material is returned or destroyed, the Receiving Party must submit a written

certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Confidentiality Order as set forth in Section D ("Duration") above.

**L.    Miscellaneous**

1.    Right to Further Relief.  Nothing in this Order limits the right of any person to seek its modification by the Court in the future.  Moreover, nothing in this Order shall prevent a Producing Party or Designating Party from obtaining a further or different order, including a protective order, that governs its production of material either by stipulation or Court order.  Motions to modify this Order shall be served and filed in compliance with the Local Rules, the presiding judge's standing orders, and other relevant orders.

2.    Right to Assert Other Objections.  By stipulating to this Confidentiality Order, no Party waives any rights it otherwise would have to object to disclosing or producing any information or items on any ground not addressed in this Stipulated Confidentiality Order.  Similarly, no Party waives any right to object on any ground relating to the admissibility of the material covered by this Confidentiality Order.

3.    Applicable Law.  The Order is subject to the Local Rules of the Central District of California and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

4.    Additional Parties.  In the event that additional parties are named in this Action, neither they nor their Counsel shall have access to Protected Material until executing Confidentiality Agreement A (for CONFIDENTIAL information)

18

or Confidentiality Agreement B (for HIGHLY CONFIDENTIAL information), and filing the agreement with the Court to reflect that addition of new counsel of record.

**IT IS SO ORDERED**.

DATED:  September 25, 2015

_____
The Honorable Paul L. Abrams
United States Magistrate Judge

**EXHIBIT A**

*SHAHINIAN V. KIMBERLY-CLARK CORP.*,

NO. 2:14-CV-08390-DMG-SH (C.D. CAL.).

**CONFIDENTIALITY AGREEMENT A**

1.      I have read and understand the "Confidentiality Order" to which this Confidentiality Agreement is attached as Exhibit A and I attest to my understanding that access to information designated "CONFIDENTIAL" may be provided to me and that such access is subject to the terms and conditions of such Confidentiality Order.  I agree to be bound by such terms and conditions.  I hereby submit to the jurisdiction of this Court and to the application of federal law for the purpose of enforcement of this Confidentiality Agreement and the Confidentiality Order.

2.      I shall not use or disclose to others, except in accordance with the Confidentiality Order, any CONFIDENTIAL information as described or designated in accordance with this agreement.  I understand that the Designating Parties retain all rights to enforce the Confidentiality Order and all remedies regarding any violations of the same.

_____          _____
Dated                                          Signature

                                               _____
                                               Printed Name

                                               _____
                                               Address

                                               _____
                                               Individual or Entity Represented

**EXHIBIT B**

*SHAHINIAN V. KIMBERLY-CLARK CORP.*,

NO. 2:14-CV-08390-DMG-SH (C.D. CAL.).

**CONFIDENTIALITY AGREEMENT B**

1.     I have read and understand the "Confidentiality Order" to which this Confidentiality Agreement is attached as Exhibit B and I attest to my understanding that access to information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" may be provided to me and that such access is subject to the terms and conditions of such Confidentiality Order.  I agree to be bound by such terms and conditions.  I hereby submit to the jurisdiction of this Court and to the application of federal law for the purpose of enforcement of this Confidentiality Agreement and the Confidentiality Order.

2.     I am not currently an officer, director, or employee (other than in-house or outside counsel) of any entity that is engaged in the medical device business or the business of supplying medical device products or materials or machinery used in the manufacture of medical device products ("Competitor").  I am also not currently a consultant or agent for any Competitor in areas relating to the design, formulation, manufacture, sale or marketing of surgical gowns, or any materials or machinery used in the manufacture of  surgical gowns.  Should such an employment opportunity become available to me, I agree to consult with the Designating Party in an effort to structure the arrangement in a way which will not pose a material risk of unauthorized use or disclosure of HIGHLY CONFIDENTIAL Information.  As used in this paragraph, a "consultant" of a Competitor is a person who performs outsourced professional services for a Competitor, but who is not an employee.  The term "consultant" specifically does not include any person who may have received a research grant from a Competitor, as long as the purpose of the grant is to allow the recipient to conduct research and to publish that research, and as long as that person

21

is under no obligation to provide professional advice to the Competitor.  The term "consultant" also specifically does not include any person participating in or conducting clinical trials for a Competitor, as long as that person is under no obligation to provide professional advice to the Competitor.

3.      I shall not use or disclose to others, except in accordance with the Confidentiality Order, any CONFIDENTIAL or HIGHLY CONFIDENTIAL information as described or designated in accordance with this agreement.  I understand that the Designating Parties retain all rights to enforce the Confidentiality Order and all remedies regarding any violations of the same.

_____                    _____
Dated                                                       Signature

                                                               _____
                                                               Printed Name

                                                               _____
                                                               Address

                                                               _____
                                                               Individual or Entity Represented

Agreed September 25, 2015:

/s/ Michael J. Avenatti

EAGAN AVENATTI, LLP
Michael J. Avenatti (CA SBN 206929)
mavenatti@eaganavenatti.com
Andrew J. Stolper (CA SBN 205462)
astolper@eaganavenatti.com
Scott H. Sims (CA SBN 234148)
ssims@eaganavenatti.com
520 Newport Center Drive, Suite 1400
Newport Beach, CA 92660
Telephone:  (949) 706-7000
Facsimile:  (949) 706-7050

*Attorneys for Plaintiff, Individually and On Behalf of All Others Similarly Situated*

/s/ Bradley W. Pratt

Chilton D. Varner (*Pro hac vice*)
cvarner@kslaw.com
Stephen B. Devereaux (*Pro hac vice*)
sdevereaux@kslaw.com
Bradley W. Pratt (*Pro hac vice*)
bpratt@kslaw.com
Madison H. Kitchens (*Pro hac vice*)
mkitchens@kslaw.com
KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309-3521
Telephone:   (404) 572-4600
Facsimile:    (404) 572-5100

Alexander Calfo (CA SBN 152891)
acalfo@kslaw.com
KING & SPALDING LLP
333 S. Grand Avenue, Suite 4200
Los Angeles, CA 90071
Telephone:  (213) 443-4355
Facsimile:  (213) 443-4310

*Attorneys for Defendants Kimberly-Clark Corporation*

[PROPOSED] STIPULATED CONFIDENTIALITY ORDER