UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 14-8390 DMG (PLAx) | Date | July 29, 2016 |
| Title | *Hrayr Shahinian, et al. v. Kimberly-Clark Corporation, et al.* | Page | 1 of 4 |

Present: The Honorable **DOLLY M. GEE, UNITED STATES DISTRICT JUDGE**

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| NONE PRESENT | NONE PRESENT |

**Proceedings: IN CHAMBERS - ORDER RE DEFENDANTS' APPLICATION TO SEAL DOCUMENTS IN SUPPORT OF DEFENDANTS' SUMMARY JUDGMENT MOTION AND/OR OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION [188]**

On July 8, 2016, Defendants filed their opposition brief to Plaintiff's motion for class certification as well as their motion for summary judgment. [Doc. # 191, 196.] Defendants also filed an application to seal parts of their brief opposing Plaintiff's motion for class certification, parts of their own summary judgment brief, and various exhibits and declarations submitted in support of both. [Doc. # 188.] For the following reasons, the Court **GRANTS in part** and **DENIES in part** Defendants' request.

I.
LEGAL STANDARD

Courts within the Ninth Circuit evaluate applications to seal documents related to pleadings which are "more than tangentially related to the merits" under the compelling reasons standard. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1103 (9th Cir. 2016). The Court has previously stated that a motion for class certification is one such pleading. An application to seal documents related to a motion for summary judgment is another. The Court thus incorporates its articulation of the compelling reasons standard governing applications to seal in its March 24, 2016 Order. [Doc. # 124.]
//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 14-8390 DMG (PLAx)** | Date | July 29, 2016 |
| Title | *Hrayr Shahinian, et al. v. Kimberly-Clark Corporation, et al.* | Page | 2 of 4 |

## II.
## DISCUSSION

Having reviewed and considered Defendants' application to seal, the Court orders the following:

1. Defendants' summary judgment brief[1] and the Declaration of Lori Hand in support of Defendants' Motion for Summary Judgment shall be unsealed in its entirety.

2. Exhibit A to the Declaration of Lori Hand in support of Defendants' Opposition to Plaintiff's Motion for Class Certification; Exhibits A-I to the Declaration of Ty Hare in Support of Defendants' Motion for Summary Judgment; Exhibits A-I to the Declaration of Ty Hare in Support of Defendants' Opposition to Plaintiff's Motion for Class Certification; and Exhibits 2-20 to the Declaration of Laurence Baker, Ph.D. in support of Defendants' Opposition to Plaintiff's Motion for Class Certification shall be sealed in their entirety.

3. Defendants' class certification opposition brief ("Def. Opp. Brief"); Exhibits A-C to the Declaration of Jamie Handler in support of Defendants' Opposition to Plaintiff's Motion for Class Certification ("Handler Decl. ISO MSJ"); the Declaration of Dominique Hanssens in support of Defendants' Opposition to Plaintiff's Motion for Class Certification ("Hanssens Decl. ISO Opp."); the Declaration of Lori Hand in support of Defendants' Opposition to Plaintiff's Motion for Class Certification ("Hand Decl. ISO Opp."); the Declaration of Ty Hare in support of Defendants' Opposition to Plaintiff's Motion for Class Certification ("Hare Decl. ISO Opp."); the Declaration of Ty Hare in Support of Defendants' Motion for Summary Judgment ("Hare Decl. ISO MSJ"); and the Declaration of Laurence Baker in support of Defendants' Opposition to Plaintiff's Motion for Class Certification ("Baker Decl. ISO Opp.") shall be redacted as follows:

---

[1] The Court notes that Defendants' declarations submitted in support of its application to seal make only passing mention of Defendants' summary judgment brief. They fail to sufficiently articulate why portions of the brief should be redacted. *See San Jose Mercury News, Inc. v. U.S. Dist. Court, N. Dist.*, 187 F.3d 1096, 1103 (9th Cir. 1999) (holding that the party seeking to avoid disclosure must make "a particularized showing . . . with respect to any individual document"). The Court nonetheless reviewed the sections specified in Defendants' proposed order and concluded that no compelling reason exists to redact the requested portions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 14-8390 DMG (PLAx) | Date | July 29, 2016 |

| Title | *Hrayr Shahinian, et al. v. Kimberly-Clark Corporation, et al.* | Page | 3 of 4 |

| Exhibit No. | Portion to be Redacted: |
|---|---|
| Def. Opp. Brief | Pages 6:12-13, 23:24-25, 24:2-3. |
| Ex. A to Handler Decl. ISO MSJ | Redacted in entirety, except for slides 1, 2, 18, 19, 22, 67, 79, 80, and 104.[2] These nine slides shall be unsealed. |
| Ex. B to Handler Decl. ISO MSJ | Redacted in entirety, except for slides 1, 10, and 43. These three slides shall be unsealed. |
| Ex. C to Handler Decl. ISO MSJ | Redacted in entirety except for slides 1-5, 15, 22, 25, 30, 73, 76, 82, 86, 88, 90, 94, 95, and 96. These eighteen slides shall be unsealed. |
| Hanssens Decl. ISO Opp. | ¶¶ 38-40, ¶¶ 112-114, footnotes 128-130. |
| Hand Decl. ISO Opp. | Pages 6:12, 6:14, 6:16, 6:18, 7:5, and 7:8. |
| Hare Decl. ISO Opp.[3] | Pages 4:22-23, 9:18-10:3, 11:9-10, 12:13-16, 12:18-20, 12:23-25, 12:27, 13:1-3, 13:9-12, and 13:15-16. |
| Hare Decl. MSJ[4] | Pages 4:22-23, 9:18-10:3, 11:9-10, 12:13-16, 12:18-20, 12:23-25, 12:27, 13:1-3, 13:9-12, and 13:15-16. |
| Baker Decl. ISO Opp.[5] | ¶¶ 14, 40, 42-43, 45-46, 48-68, 107[6], 111, 114, and footnotes 22-23, 25, 27, 30, 33, 34, 36, 41-42, 49-52, 54, 56-58, 61, 89, 107-08, 114, and 118. |

---

[2] *See Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, 2016 U.S. Dist. LEXIS 72217, at *58 (N.D. Cal. May 23, 2016) ("although sometimes it may be appropriate to seal a document in its entirety, whenever possible a party must redact") (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1183 (9th Cir. 2006)).

[3] Portions of pages 11:9-10, 12:13-16, 12:18-20, 12:23-25, 12:27, 13:1-3, 13:9-12, and 13:15-16 shall be redacted only to the extent that they reveal customer information and other identifying information.

[4] Portions of pages 11:9-10, 12:13-16, 12:18-20, 12:23-25, 12:27, 13:1-3, 13:9-12, and 13:15-16 shall be redacted only to the extent that they reveal customer information and other identifying information.

[5] The redactions in these portions of the Baker declaration shall reflect the redactions submitted by Defendants in Doc. # 188.

[6] Only references to customer names shall be redacted within Paragraph 107.

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 14-8390 DMG (PLAx)** | Date | July 29, 2016 |
| Title | *Hrayr Shahinian, et al. v. Kimberly-Clark Corporation, et al.* | Page | 4 of 4 |

    Due to the Court's proposed changes in redaction, the documents proposed to be filed under seal will not be considered by the Court in connection with any pending motion unless the parties file revised redacted and unredacted versions of the documents and exhibits[7] addressed herein and in Defendants' July 8, 2016 request to seal [Doc. # 188] consistent with this Order by August 8, 2016.[8]

**IT IS SO ORDERED.**

---

[7] The parties need not submit courtesy hard copies to Chambers.

[8] In this instant request to seal, Defendants often combined multiple exhibits into a single PDF attachment to the primary ECF document. At times, one exhibit may not have been fully contained within one such attachment, instead spilling over into another attachment. For ease of the Court's review of future applications to seal, the parties shall file each exhibit separately and ensure each exhibit has its own ECF attachment number or hyperlink. The parties have done this in the past. *See, e.g.*, Doc. # 183.