EAGAN AVENATTI, LLP
Michael J. Avenatti, State Bar No. 206929
mavenatti@eaganavenatti.com
Ahmed Ibrahim, State Bar No. 238739
aibrahim@eaganavenatti.com
520 Newport Center Drive, Suite 1400
Newport Beach, CA 92660
Telephone: 949.706.7000
Facsimile: 949.706.7050

Attorneys for Plaintiff, Individually and On Behalf of All Others Similarly Situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HRAYR SHAHINIAN, M.D., F.A.C.S., et al., <br><br> Plaintiff, <br><br> vs. <br><br> KIMBERLY-CLARK CORPORATION, a Delaware Corporation, and HALYARD HEALTH, INC., a Delaware Corporation, <br><br> Defendants. | CASE NO.: 14-CV-08390 DMG (PLA) <br><br> **PLAINTIFF BAHAMAS SURGERY CENTER, LLC'S MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE, ARGUMENT, AND EXPERT TESTIMONY ASSERTING A LACK OF INDIVIDUAL GOWN FAILURES OR ABSENCE OF PHYSICAL INJURIES** |

## MEMORANDUM OF POINTS AND AUTHORITIES

**Relief Sought:**

Plaintiff Bahamas Surgery Center ("Plaintiff") requests that the Court rule that any argument, evidence, and expert opinion[1] offered by Defendants Kimberly-Clark Corporation or Halyard Health Inc. ("Defendants") supporting a claim that the MICROCOOL* Breathable High Performance Surgical Gowns did not actually fail end users and did not cause any *physical* injury is inadmissible at trial. It is anticipated that Defendants will seek to introduce evidence and/or argue that no one contracted an illness or was physically injured as a result of an individual gown failure, or that the rate of gown failures was either none or extremely low. This argument is in fact false. However, because such evidence and argument is first and foremost irrelevant, threatens to confuse or mislead the jury, and would result in the waste of the time and resources of both the Court and the jury addressing this claim, it should be excluded.

**Background:**

Plaintiff on behalf of itself and those similarly situated, filed this class action against Defendants for marketing and selling medical gowns represented to provide the highest level of liquid barrier protection (AAMI Level 4) from the transfer of bodily fluids, bacteria, and infection between a patient and healthcare professional. Contrary to their representations, however, the evidence shows that Defendants have known since at least as early as 2012 that these gowns, known as the MICROCOOL* Breathable High Performance Surgical Gowns (the "MicroCool Gowns" or the "Subject Gowns"), were not compliant and were failing the AAMI Level 4 standard industry tests – facts Defendants were required to disclose but did not. Among other things, the tests revealed that the gowns allowed liquid and bacterial and viral pathogens to penetrate the gowns, creating an unacceptable safety risk for healthcare professionals who would be using the

---

[1] This includes portions of opinions Plaintiff anticipates Defendants wish to present at trial from expert witnesses William Rutala, Duane Steffey, Laurence Baker, and Glenn Ault).

gowns. Moreover, Defendants knew at all relevant times that the plant that assembled the gowns in Honduras was experiencing significant and consistent problems with the sealing equipment used to seal the sleeve seams of the gowns, thus creating product that was unfit for sale and use. This led Defendants to conclude internally that the gowns did not consistently meet industry standards and were misrepresented. And yet, Defendants continued to fraudulently sell and misrepresent these gowns as providing the highest level of liquid barrier protection (AAMI Level 4) and failed to disclose to purchasers that the gowns did not, in fact, consistently pass industry standard tests and were not safe.

Plaintiff assert three primary causes of action: (1) on behalf of itself and the Class, claims for violations of the Unfair Competition Law ("UCL"); (2) on behalf of itself and the Class, common law fraud based on fraudulent nondisclosure/concealment; and (3) only as to Plaintiff individually, i.e., not the Class, common law fraud based on affirmative misrepresentations. Plaintiff alleges and will prove at trial that the named Plaintiff in this action, and the Class, were fraudulently induced to purchase the MicroCool Gowns either by Defendants' affirmative misrepresentations (as to Plaintiff individually) regarding their compliance with the highest level of barrier protection (AAMI Level 4) and/or Defendants' failure to disclose (as to Plaintiff and the Class) that the gowns were not AAMI Level 4 compliant, were failing industry tests, and were unsafe. Defendants represented that the gowns met the standards for the highest level of barrier protection (AAMI Level 4) and likewise consistently failed to disclose the truth regarding the gowns. Plaintiff and the Class have been damaged because they would not have purchased the MicroCool Gowns but for the misrepresentations and/or omissions.

**Grounds Upon Which Relief Is Sought:**

Evidence of any physical injury (or claimed lack thereof) resulting from individual gown failure suffered in connection with the use of the gowns should be excluded as irrelevant. See Fed. R. Evid. 401 (Defining relevance). This is not a personal injury case. Rather, at issue in this case is the *economic* injury suffered by Plaintiff and the class by, in effect, overpaying for the MicroCool Gowns—the true nature of which was

concealed by Defendants. An individual's physical injury (or claimed lack thereof) is irrelevant to Plaintiff's theory of damages and the injury for which Plaintiff seeks recovery.

Alternately, the evidence should be excluded because the probative value of the evidence (to the extent that there is any) is outweighed by the danger of confusing or misleading the jury as well as undue consumption of time. See Fed. R. Evid. 403 (Even relevant evidence should be excluded if unduly prejudicial).

**Reasons Why Relief Should Be Granted:**

### A. The Evidence Should Be Excluded As Irrelevant

Relevant evidence is evidence that "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Thus, in order for evidence to be relevant, it must have some bearing on the elements of the offense/wrongful conduct at issue. United States v. Dean, 980 F.2d 1286, 1288 (9th Cir. 1992). If the evidence is offered only to prove matters not at issue in an action, it is not relevant within the meaning of the law. See Id. ("While Deputy Needham's reasons for going to the mobile home might have been relevant to establishing probable cause for the search, there was no need to establish probable cause in this case. Thus, the deputy's reasons for going there were not relevant to the search.").

At trial, Plaintiff will prove that all class members suffered an economic injury as a result of Defendants' conduct. Specifically, Plaintiff will prove that the disclosure of the truth regarding the MicroCool Gowns would have negatively impacted their fair market value. This difference between the price paid by the class members and the true market value establishes the causation and damage/restitution elements for Plaintiff's fraud claims under the common law, as well as the economic injury for Plaintiff's UCL claim. See Kwikset v. Sup. Ct, 51 Cal.4th 310, 329-331 (2011) ("That increment, the extra money paid, is economic injury and affords the consumer standing to sue."); Alliance Mortgage, 10 Cal.4th at 1240 (damage element for fraud established when party suffers

"out of pocket" loss; i.e. when the amount they paid was greater than the value of what they received had the true information been known). As the Ninth Circuit stated in Pulaski, "where plaintiffs are 'deceived by misrepresentations into making a purchase, the economic harm is [that] the consumer has purchased a product that he or she *paid more for* than he or she otherwise might have been willing to pay if the product had been labeled accurately.'" Pulaski, 802 F.3d at 989 (quoting Kwikset, 51 Cal.4th at 329). Similarly, with respect to fraudulent omissions, "restitution is based on what a purchaser would have paid at the time of purchase had the purchaser received all the information." Id.

Indeed, as to damages, California law is clear that when a party is fraudulently induced to enter into a transaction, the defrauded party has the option of rescinding the transaction or seeking their "out of pocket" loss as damages under Civil Code section 3343. Alliance Mortgage Co. v. Rothwell, 10 Cal. 4th 1226, 1240 (1995). If a party elects to recover out-of-pocket loss, there is no requirement that the property be returned to the wrongdoer or that the wrongdoer be returned to the status quo ante. Id.; see also Buist v. C. Dudley De Velbiss Corp., 182 Cal. App. 2d 325, 333 (1960). The "out-of-pocket" loss is measured as the difference between what the party paid, and the value of what they received at the time of the sale if the fraudulent information had been disclosed. See CACI 1923; OCM Principal Opportunities Fund v. CIBC World Markets Corp., 157 Cal. App. 4th 835, 870, 876 (2007) (citing Stout v. Turney, 22 Cal. 3d 718, 725 (1978)). The "value" is the "reasonable market value" which "is normally determined by the price at which it could be resold in an open market or by private sale if its quality or other characteristics which affect its value were known." Bagdasarian v. Gragnon 31 Cal.2d 744, 753 (1948).

Plaintiff has offered two theories as to the specific amount of Plaintiff's, and the individual class members', damages:

*First*, Plaintiff contends that it, along with the Class, is entitled to a full refund of the MicroCool Gowns that it purchased. Plaintiff's full refund theory of damages is

-4-

based on the fact that *at the time of purchase*, the market value of the gowns if the truth regarding the gowns had been disclosed would have been zero. See <u>OCM Principal Opportunities Fund v. CIBC World Markets Corp.</u>, 157 Cal.App.4th 835, 875-76 (2007) (allowing damages for full amount paid, because if the true information had been disclosed, the market value would have been worthless); <u>Buist v. C. Dudley De Velbiss Corp.</u>, 182 Cal.App.2d 325, 329, 334-35 (1960) (affirming award of damages in fraudulent non-disclosure case for full amount paid because market value of the property would have been nominal if the seller had disclosed the problems with the property at the time of sale). Importantly, this "calculation *need not account for benefits received after purchase* because the focus is on *the value of the service at the time of purchase.*" <u>Pulaski</u>, 802 F.3d at 989 (emphasis added). To support this basis for damages, Plaintiff relies on, among other things, (1) its personal protective equipment and AAMI and ASTM testing expert Jeffrey Stull's opinion that the MicroCool Gowns "could not be sold or used for [AAMI Level 1, 2, or 3] purposes" and "had no utility for any other purpose[,]" (2) its marketing and survey expert Dr. David Stewart's finding that the but-for-market price of mislabeled MicroCool gowns equals zero, and (3) its FDA enforcement and regulatory expert Dennis Moore's finding that mislabeled gowns cannot be sold or used. [See Avenatti Decl., Ex. 6 Dr. Michael A. Williams Expert Report ("Williams"), ¶6; Ex. 7 Expert Report of Jeffrey O. Stull ("Stull") at Ex. 1, ¶65; Ex. 8 Expert Report of Dr. David Stewart ("Stewart"), ¶39; Ex. 9 Expert Report of David M. Moore ("Moore"), ¶25.] In short, because there is no value to the gowns as received, the class is entitled to a full refund/restitution of the purchase price of the gowns purchased.

*Second*, Plaintiff contends that, in the alternative, it, along with the Class, is entitled to a partial refund of the price paid for the MicroCool Gowns. Under this theory of damages, Plaintiff claims that it is entitled to the difference between what it actually paid for the gowns and the reduced market value of the gowns if the truth had been disclosed. This calculation assumes buyers of the MicroCool Gowns received some

residual value from the purchase of the gowns.[2] [Williams, ¶9.] Plaintiff's damages expert will calculate that value by determining the price premium paid by class members for MicroCool AAMI Level 4 gowns as opposed to an accurately labeled, non-AAMI rated gown. [Williams, ¶¶9-11; Avenatti Decl., Ex. 4 Dr. Michael A. Williams Rebuttal Expert Report ("Williams Rebuttal Report"), ¶2.] See In re ConAgra Foods, 90 F.Supp.3d 919, 1032 (C.D. Cal. 2015) (finding that "plaintiffs have proposed a viable damages model that can isolate a price premium attributable to consumers' understanding that '100% Natural' means that Wesson Oils do not contain GMOs..."); see also Dkt No. 270 (Class Certification Order) at 29-30. The price premium paid establishes the difference in value between the gowns as represented and as received and the class is entitled to damages/restitution in the amount of that premium.

Neither theory of damages has anything to do with whether a user of the gowns got sick or was physically injured as a result of the gowns. Put simply, any claimed physical injury resulting from individual gown failure, or the absence thereof, has no bearing on whether Plaintiff was damaged or the amount of Plaintiff's damages. Nor does it have any bearing on liability which looks to whether Defendants concealed or misrepresented the qualities of the gowns.

In reality, Defendants' proposal to make arguments at trial concerning the purported absence of any reported personal injuries associated with use of the gowns (a proposition that Plaintiff disputes) is yet another attempt argue—this time to the jury—that Plaintiff lacks standing because it has not established that any of the gowns it purchased actually failed or caused personal injuries. This Court has already rejected this same argument at least *four* times and should do so again here. [See Dkt No. 30 (Order Re Motion for Expedited Discovery) at 1-2; Dkt No. 40 (Order on Motion to Dismiss) at

---

[2] As noted above, this runs counter to the Ninth Circuit's pronouncement in Pulaski as noted above that the damage "calculation *need not account for benefits received after purchase* because the focus is on *the value of the service at the time of purchase.*" Pulaski, 802 F.3d at 989 (emphasis added).

**PLAINTIFF'S MOTION NO. 1 TO EXCLUDE EVIDENCE ASSERTING A LACK OF INDIVIDUAL GOWN FAILURES OR ABSENCE OF PHYSICAL INJURIES**

3-5; Dkt No. 270 (Class Certification Order) at 32 n.14; Dkt No. 271 (Summary Judgment Order) at 4-6.] This Court has made clear that "California allows a cause of action for fraud when a manufacturer of a product conceals material product information from potential users *regardless of whether the product has yet malfunctioned.*" [Dkt No. 40 at 5 (quoting Nodine v. Shiley, Inc., 240 F.3d 1149, 1152-53 (9th Cir. 2001) (emphasis added).] Further, "the Ninth Circuit has held that plaintiffs who have "paid more for [a product] than they otherwise would have paid, or bought it when they otherwise would not have done so, because [the defendant] made deceptive claims and failed to disclose the [product's] limitations . . . have suffered an injury in fact." [Dkt No. 40 at 5 (quoting Mazza v. Am. Honda Motor Co., 666 F.3d 581, 595 (9th Cir. 2012).] Defendant should not be permitted to mislead the jury into deciding this case as a personal injury case when it is very clear that this is an economic injury case.

As such, any evidence, argument, or expert testimony regarding whether any particular user sustained a physical injury as a result of the gowns' failures does not have any bearing on the elements of the offense/wrongful conduct at issue. Dean, 980 F.2d at 1288. The evidence is irrelevant and should be excluded. See Fed. R. Evid. 401.

### B.   To The Extent That The Evidence Has Some Minimal Relevance, Its Probative Value Is Outweighed By The Danger Of Confusing Or Misleading The Jury And The Undue Consumption Of Trial Time

Even assuming some minimal probative value, evidence regarding physical injury will only confuse or mislead the jury. Further, it will result in the undue consumption of time on an issue that has little to no bearing on the outcome of the case.

"Under Rule 403 of the Federal Rules of Evidence, a court may exclude evidence 'if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury.'" U.S. Sec. & Exch. Comm'n v. Jensen, 835 F.3d 1100, 1116 (9th Cir. 2016); Fed. R. Evid. 403. Evidence is properly excluded when the danger that it would confuse or mislead the jury outweighs any probative value. See, e.g., Id.; United States v. McQuarry, 816 F.3d 1054, 1058 (8th Cir. 2016); Broad St.

Energy Co. v. Endeavor Ohio, LLC, 806 F.3d 402, 409 (6th Cir. 2015); Fed. Hous. Fin. Agency v. Nomura Holding Am., Inc., 68 F. Supp. 3d 499, 507 (S.D.N.Y. 2014).

For example, in In re C.R. Bard, the Fourth Circuit affirmed the exclusion of evidence regarding the regulatory compliance of a product because "subjecting the jury to many hours, and possibly days, of complex testimony about regulatory compliance could lead jurors to erroneously conclude that regulatory compliance proved product safety" as well as "inflate the perceived importance of compliance and distract the jury from the central question" of whether the product design was unreasonable. In re C.R. Bard, Inc., MDL. No. 2187, Pelvic Repair Sys. Prod. Liab. Litig., 810 F.3d 913, 922 (4th Cir. 2016). The same concerns apply here to require the exclusion of evidence regarding any purported physical injuries or gown malfunctions or failures (or claimed lack thereof). Admitting this evidence would confuse and mislead the jury into believing that physical injuries and actual gown failures are relevant to Plaintiff's injury or Defendants' liability, which, as discussed above, it is not. Thus, the jury might base its verdict erroneously on a conclusion as to whether it believes people were in fact caused physical, as opposed to economic, injury by Defendants' conduct.

Moreover, Defendants' argument that no one was physically injured is in fact false. Individuals have contracted diseases as a result of gown failure and Plaintiff will, if necessary, offer evidence establishing this fact. Herein lies the problem. If Defendant is permitted to offer evidence pertaining to the argument that no gowns failed or that no physical injuries have occurred as a result of gown failure, Plaintiff will be forced to offer rebuttal evidence. The parties will then engage in time consuming, but ultimately meaningless, presentation of evidence and argument regarding the nature and extent of these injuries and proof thereof.

Indeed, even if the evidence has some minimal probative value regarding the veracity of Plaintiff's claims regarding the fraudulent nature of Defendants' conduct, admission of this sort of evidence would quickly devolve into a trial within a trial over who was in fact physically injured and how without meaningfully advancing any issue

necessary for the resolution of the claims asserted by Plaintiff. The Court has allocated limited time to try this case. Precious court time, therefore, cannot be wasted on an irrelevant sideshow and mini-trial as to which individuals actually got infected by the gowns and how. That is not the legal framework the Court has established for this case. This is an economic injury case concerning whether purchasers paid more than they otherwise would have had Defendants disclosed testing failures and failures to consistently meet a fluid protection standard—not whether the gowns caused people to contract infections.

Failure to exclude this evidence would significantly complicate and delay the resolution of the trial in a manner that outweighs substantially any minimal probative value. See Fed. R. Evid. 403. As such, it should be excluded. See White v. United States, 148 F.3d 787, 792 (7th Cir. 1998) (Evidence was properly excluded based on the danger of wasting time and the "clear potential to develop into a trial within a trial."); Diede v. Burlington N. R. Co., 772 F.2d 593, 596 (9th Cir. 1985) ("the district court properly excluded the evidence under Fed.R.Evid. 403 because its probative value was outweighed by the danger that it would confuse the issues, mislead the jury, and waste the court's time.").

For all of these reasons, Plaintiff respectfully request that the Court grant the relief requested and order that the evidence, argument, and expert opinion in question will not be admitted at trial.

Dated: February 7, 2017          EAGAN AVENATTI, LLP


                                 By:     /s/ Michael J. Avenatti
                                       Michael J. Avenatti
                                       Attorneys for Plaintiff, Individually and
                                       On Behalf of All Others Similarly Situated

PLAINTIFF'S MOTION NO. 1 TO EXCLUDE EVIDENCE ASSERTING A LACK OF INDIVIDUAL GOWN FAILURES OR ABSENCE OF PHYSICAL INJURIES