EAGAN AVENATTI, LLP
Michael J. Avenatti, State Bar No. 206929
mavenatti@eaganavenatti.com
Ahmed Ibrahim, State Bar No. 238739
aibrahim@eaganavenatti.com
520 Newport Center Drive, Suite 1400
Newport Beach, CA 92660
Telephone: 949.706.7000
Facsimile: 949.706.7050

Attorneys for Plaintiff, Individually and On Behalf of All Others Similarly Situated

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

HRAYR SHAHINIAN, M.D., F.A.C.S., et al.,

Plaintiff,

vs.

KIMBERLY-CLARK CORPORATION, a Delaware Corporation, and HALYARD HEALTH, INC., a Delaware Corporation,

Defendants.

CASE NO.: 14-CV-08390 DMG (PLA)

**PLAINTIFF BAHAMAS SURGERY CENTER, LLC'S MOTION IN LIMINE NO. 4 TO EXCLUDE ARGUMENT, EXPERT TESTIMONY AND EVIDENCE RELATING TO THE FORMER PLAINTIFFS IN THIS LAWSUIT**

# MEMORANDUM OF POINTS AND AUTHORITIES

**Relief Sought:**

Plaintiff Bahamas Surgery Center, LLC ("Plaintiff") requests that the Court preclude any evidence, argument, or expert testimony offered by Defendants Kimberly-Clark Corporation or Halyard Health Inc. ("Defendants") relating to the former plaintiffs Hrayr Shahinian, Prime Healthcare Centinela, LLC, Prime Healthcare Services - Harlingen, LLC, Knapp Medical Center, LLC, Prime Healthcare Services - Garden Grove, LLC, and Prime Healthcare Services - Landmark, LLC (collectively "Former Plaintiffs."). This request includes any attempt to use the testimony of Lisa Ottem, the Rule 30(b)(6) corporate representative witness of the Prime Healthcare entities. Plaintiff makes this motion on the ground that the Former Plaintiffs' claims have been dismissed with prejudice from this litigation. Thus, they have no viable claims in this lawsuit, are no longer plaintiffs or even class members in this case, are not entitled to damages, and do not otherwise have any stake in this litigation.

Defendants have previously referred to and discussed Former Plaintiffs extensively in their Opposition to Plaintiff's Motion for Class Certification. [See ECF no. 288 at 12-15, 18, 26-27.] Defendants have previously attempted to use evidence regarding the experiences of Former Plaintiffs in a failed attempt to show that class members did not rely on Defendants' misrepresentations and concealment of the truth regarding the MicroCool Gowns' compliance with AAMI Level 4 standards and industry tests. The court already rejected these arguments by virtue of certifying the class [Dkt No. 269], and Defendants cannot relitigate class certification at trial. Therefore such evidence is irrelevant and threatens to confuse or mislead the jury, and should simply be excluded in order to avoid waste of the time and resources of both the Court and the jury.

**Background:**

Plaintiff on behalf of itself and those similarly situated, filed this class action against Defendants for marketing and selling medical gowns represented to provide the

highest level of liquid barrier protection (AAMI Level 4) from the transfer of bodily fluids, bacteria, and infection between a patient and healthcare professional. Contrary to their representations, however, the evidence shows that Defendants have known since at least as early as 2012 that these gowns, known as the MICROCOOL* Breathable High Performance Surgical Gowns (the "MicroCool Gowns" or the "Subject Gowns"), were not compliant and were failing the AAMI Level 4 standard industry tests – facts Defendants were required to disclose but did not. Among other things, the tests revealed that the gowns allowed liquid and bacterial and viral pathogens to penetrate the gowns, creating an unacceptable safety risk for healthcare professionals who would be using the gowns. Moreover, Defendants knew at all relevant times that the plant that assembled the gowns in Honduras was experiencing significant and consistent problems with the sealing equipment used to seal the sleeve seams of the gowns, thus creating product that was unfit for sale and use. This led Defendants to conclude internally that the gowns did not consistently meet industry standards and were misrepresented. And yet, Defendants continued to fraudulently sell and misrepresent these gowns as providing the highest level of liquid barrier protection (AAMI Level 4) and failed to disclose to purchasers that the gowns did not, in fact, consistently pass industry standard tests and were not safe.

Plaintiff assert three primary causes of action: (1) on behalf of itself and the Class, claims for violations of the Unfair Competition Law ("UCL"); (2) on behalf of itself and the Class, common law fraud based on fraudulent nondisclosure/concealment; and (3) only as to Plaintiff individually, i.e., not the Class, common law fraud based on affirmative misrepresentations. Plaintiff alleges and will prove at trial that the named Plaintiff in this action, and the Class, were fraudulently induced to purchase the MicroCool Gowns either by Defendants' affirmative misrepresentations (as to Plaintiff individually) regarding their compliance with the highest level of barrier protection (AAMI Level 4) and/or Defendants' failure to disclose (as to Plaintiff and the Class) that the gowns were not AAMI Level 4 compliant, were failing industry tests, and were unsafe. Defendants represented that the gowns met the standards for the highest level of

barrier protection (AAMI Level 4) and likewise consistently failed to disclose the truth regarding the gowns. Plaintiff and the Class have been damaged because they would not have purchased the MicroCool Gowns but for the misrepresentations and/or omissions.

**Grounds Upon Which Relief Is Sought:**

Relevant evidence is evidence that "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Thus, in order for evidence to be relevant, it must have some bearing on the elements of the offense/wrongful conduct at issue. United States v. Dean, 980 F.2d 1286, 1288 (9th Cir. 1992). If the evidence is offered only to prove matters not at issue in an action, it is not relevant within the meaning of the law. See id. ("While Deputy Needham's reasons for going to the mobile home might have been relevant to establishing probable cause for the search, there was no need to establish probable cause in this case. Thus, the deputy's reasons for going there were not relevant to the search.").

Even if there is minimal probative value, evidence may be excluded if the probative value is outweighed by prejudice to the opposing party or if the evidence will only confuse or mislead the jury. "Under Rule 403 of the Federal Rules of Evidence, a court may exclude evidence 'if its probative value is substantially outweighed by a danger of ... unfair prejudice, confusing the issues, [or] misleading the jury.'" U.S. Sec. & Exch. Comm'n v. Jensen, 835 F.3d 1100, 1116 (9th Cir. 2016); Fed. R. Evid. 403. As such, evidence is properly excluded when the danger that it would confuse or mislead the jury outweighs any probative value. See, e.g., id.; United States v. McQuarry, 816 F.3d 1054, 1058 (8th Cir. 2016); Broad St. Energy Co. v. Endeavor Ohio, LLC, 806 F.3d 402, 409 (6th Cir. 2015); Fed. Hous. Fin. Agency v. Nomura Holding Am., Inc., 68 F. Supp. 3d 499, 507 (S.D.N.Y. 2014).

Courts will also exclude evidence that will result in disputes creating mini-trials. See White v. United States, 148 F.3d 787, 792 (7th Cir. 1998) (Evidence was properly

-3-

PLAINTIFF'S MOTION IN LIMINE NO. 4 TO EXCLUDE ARGUMENT, EXPERT TESTIMONY AND EVIDENCE RELATING TO THE EXPERIENCE OF FORMER PLAINTIFFS

excluded based on the danger of wasting time and the "clear potential to develop into a trial within a trial."); Diede v. Burlington N. R. Co., 772 F.2d 593, 596 (9th Cir. 1985) ("[T]he district court properly excluded the evidence under Fed.R.Evid. 403 because its probative value was outweighed by the danger that it would confuse the issues, mislead the jury, and waste the court's time.").

**Reasons Why Relief Should Be Granted:**

**A.   The Individual Experiences of, and Evidence Relating to, Putative Class Representatives Whose Claims Have Been Dismissed With Prejudice Are Irrelevant to Questions of Reliance or Damages.**

As noted above, Plaintiff anticipates Defendants will seek to tell or suggest to the jury that the experiences of Former Plaintiffs demonstrate that they did not rely on the AAMI Level 4 status of MicroCool Gowns even though the Court has already determined that Plaintiff has established classwide reliance for both a common law fraudulent concealment and Unfair Competiion Law ("UCL") class, where it correctly recognized that "in a fraudulent concealment claim such as this, involving the omission of uniform, material facts, a plaintiff need not show uniform reliance." [Dkt. No. 269 (Class Certification Order) at 23-24.]

Because the UCL is intended to deter unfair business practices expeditiously and the scope of remedies under it is limited, "relief under the UCL is available without individualized proof of deception, reliance and injury.'" Stearns v. Ticketmaster Corp., 655 F.3d 1013, 1020 (9th Cir. 2011) (quoting and citing In re Tobacco II Cases, 46 Cal. 4th 298 (2009)).  Because Plaintiff can show that it relied upon Defendants' concealment of the truth about whether the MicroCool Gowns were in fact AAMI Level 4 complaint, to state a claim under the UCL based on fraud, it need only "show that members of the public are likely to be deceived" by Defendant's conduct. In re Tobacco II Cases, 46 Cal. 4th at 312; see also In re Steroid Hormone Prod. Cases, 181 Cal. App. 4th 145, 154 (2010) (once named plaintiff meets standing requirements "no further individualized proof of injury or causation is required to impose restitution liability [under the UCL]

against the defendant in favor of absent class members"). Therefore, trial will be focused on Plaintiff's reliance on Defendants' omissions for the UCL claim.

The common law fraudulent concealment claim is no different. In a fraudulent concealment claim such as this, involving the omission of uniform, material facts, a plaintiff need not show uniform reliance as it would in an affirmative misrepresentation claim. See Tietsworth v. Sears, Roebuck and Co., 720 F. Supp. 2d 1123, 1147 (N.D. Cal. 2010) ("[R]eliance . . . may be presumed in the case of a material fraudulent omission.") (quoting Plascencia v. Lending 1st Mortgage, 259 F.R.D. 437, 447 (N.D. Cal. 2009)); see also Daniel v. Ford Motor Co., No. CIV. 2:11-02890 WBS, 2013 WL 2474934, at *4 (E.D. Cal. June 7, 2013) ("A plaintiff may invoke a presumption or inference of reliance if the alleged omission was material.").

Because Plaintiff will be able to prevail on the common law and UCL fraudulent omissions class claims through testimony of its own experience with Defendants' fraudulent concealment, any arguments or evidence Defendants make about the experiences of Former Plaintiffs will be irrelevant. Defendants will not be able to make some sort of argument that Plaintiff was injured, but the rest of the class was not. Instead, all Defendants will accomplish is waste the time of the Court and the jury. Defendants will only create confusion among jurors, who will likely wonder why Defendants are discussing the experiences of nonparties at length. Worse yet, jurors will wonder why the Former Parties are no longer involved in the litigation and potentially draw improper adverse inferences about the strength of Plaintiff's case.

Similarly, any argument that evidence relating to the Former Plaintiffs is relevant to the calculation of damages is also irrelevant. Former Plaintiffs have no viable claims in this lawsuit and, thus, they are not entitled to recover any damages or make any claim to the proceeds of this lawsuit.[1]

---

[1] To the extent Plaintiff's expert's estimate of damages incurred by the Class includes purchases made by Former Plaintiffs, those purchases will not be reflected in the calculation presented to the jury at trial.

-5-

PLAINTIFF'S MOTION IN LIMINE NO. 4 TO EXCLUDE ARGUMENT, EXPERT TESTIMONY AND EVIDENCE RELATING TO THE EXPERIENCE OF FORMER PLAINTIFFS

**B. Anecdotal Evidence About Former Plaintiffs is Particularly Irrelevant.**

While, as discussed above, evidence regarding class members would be irrelevant at trial, this is even more true for Former Plaintiffs.

*First*, the claims of all of the former named plaintiffs in this case were either voluntarily dismissed with the Court's approval (Dkt Nos. 105, 177), or were dismissed on the grounds of lack of personal jurisdiction. [Dkt No. 161] Because the dismissals were *with* prejudice, none of these plaintiffs have any stake in the present litigation and, indeed, do not even qualify as absent putative class members. See Camesi v. Univ. of Pittsburgh Med. Ctr., 729 F.3d 239, 247 (3d Cir. 2013) ("Appellants' voluntary dismissal of their claims with prejudice—has not only extinguished Appellants' individual claims, but also any residual representational interest that they may have once had."). As a result, Former Plaintiffs' particular experience with the MicroCool Gowns is simply irrelevant to this case. Defendants cannot possibly use the experience of non-class members to argue that class members did not rely on Defendants' omissions or suffer damages when they purchased the MicroCool Gowns. For this reason alone, any evidence or argument relating to Former Plaintiffs is entirely irrelevant.

*Second*, to the extent KC plans to use facts concerning the circumstances surrounding the purchase of the MicroCool Gowns by non-class members (or even absent class members) to argue that there are individual issues of reliance or no damages, they may not do so. "[T]he class-wide presumption [of reliance] cannot be rebutted by showing that individual absent class members did not rely upon the fraudulent omissions. The presumption could be rebutted on a class-wide basis *only* if there is evidence that can be properly generalized to *the class as a whole*." Plascencia v. Lending 1st Mortgage, No. C 07-4485 CW, 2011 WL 5914278, at *2 (N.D. Cal. Nov. 28, 2011) (emphasis added); see also Cohen v. Trump, 303 F.R.D. 376, 386 (S.D. Cal. 2014) (citing same in rejecting argument that plaintiff's causation defense would require individualized inquiries into reliance); In re Nat'l W. Life Ins. Deferred Annuities Litig., No. 3:05-CV-1018-GPC-WVG, 2013 WL 593414, at *5-6 (S.D. Cal. Feb. 14, 2013) (randomly taken depositions of

15 class members did not rebut inference of reliance because the defendants' evidence "cannot be properly generalized to the whole class."); Massachusetts Mut. Life Ins. Co. v. Superior Court, 97 Cal. App. 4th 1282, 1292 (2002) ("The fact a defendant may be able to defeat the showing of causation as to a few individual class members does not transform the common question into a multitude of individual ones; plaintiffs satisfy their burden of showing causation as to each by showing materiality as to all.") Accordingly, any argument that the experiences of a handful of former class members is at all relevant at trial fails.

*Finally*, allowing Defendants to put on evidence relating to Former Plaintiffs would be unfair because Plaintiff will not have the Former Plaintiffs in Court to testify at trial. Former Plaintiffs have chosen to drop out of the lawsuit and have no further involvement in the case. Plaintiff, therefore, should not be put in the defenseless position of having to respond to evidence without the persons capable of actually responding to the evidence present in the courtroom to testify in Plaintiff's case. Indeed, it is not even clear how Defendants propose to lay a proper foundation for any materials they wish to introduce relating to Former Plaintiffs if they will not be present to testify at trial.

For all of these reasons, Plaintiff respectfully request that the Court grant the relief requested and order that the evidence in question is not admissible at trial.

Dated: February 7, 2017

EAGAN AVENATTI, LLP

By: /s/ Michael J. Avenatti

Michael J. Avenatti

Attorneys for Plaintiff, Individually and On Behalf of All Others Similarly Situated