1 | EAGAN AVENATTI, LLP
Michael J. Avenatti, State Bar No. 206929
2 | mavenatti@eaganavenatti.com
Ahmed Ibrahim, State Bar No. 238739
3 | aibrahim@eaganavenatti.com
520 Newport Center Drive, Suite 1400
4 | Newport Beach, CA 92660
Telephone:   949.706.7000
5 | Facsimile:   949.706.7050

6 | Attorneys for Plaintiff, Individually and On
Behalf of All Others Similarly Situated
7

8 | ALEXANDER CALFO (State Bar No. 152891)
acalfo@kslaw.com
9 | JULIA ROMANO (State Bar No. 260857)
jromano@kslaw.com
KING & SPALDING LLP
10 | 633 W. 5th Street, Suite 1700
Los Angeles, CA 90071
11 | Telephone:  (213) 443-4355
Facsimile:  (213) 443-4310
12

13 | Attorneys for Defendants KIMBERLY-CLARK
CORPORATION, a Delaware Corporation;
14 | and HALYARD HEALTH, INC., a Delaware
Corporation

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| HRAYR  SHAHINIAN,  M.D.,  F.A.C.S., et al., | CASE NO.:  14-CV-08390 DMG (PLA) |
|---|---|
| Plaintiff, | **JOINT PROPOSED JURY INSTRUCTIONS** |
| vs. | |
| KIMBERLY-CLARK  CORPORATION, a Delaware Corporation, and HALYARD HEALTH, INC., a Delaware Corporation, | |
| Defendants. | |

## INDEX OF JOINT PROPOSED JURY INSTRUCTIONS

| Number | Title | Source | Page |
|--------|-------|--------|------|
| 1 | "Class Action" Defined (Plaintiff Class) | CACI 115 | 1 |
| 2 | Publicity During Trial | Ninth Circuit Manual Of Model Jury Instructions 1.16 | 2 |
| 3 | Stipulations Of Fact | Ninth Circuit Manual Of Model Jury Instructions 2.2 | 3 |
| 4 | Deposition In Lieu Of Live Testimony (Modified) | Ninth Circuit Manual Of Model Jury Instructions 2.4 | 4 |
| 5 | Foreign Language Testimony | Ninth Circuit Manual Of Model Jury Instructions 2.8 | 5 |
| 6 | Use Of Interrogatories Of A Party | Ninth Circuit Manual Of Model Jury Instructions 2.11 | 6 |
| 7 | Use Of Requests For Admission | Ninth Circuit Manual Of Model Jury Instructions 2.12 | 7 |
| 8 | Charts And Summaries In Evidence | Ninth Circuit Manual Of Model Jury Instructions 2.15 | 8 |
| 9 | Evidence In Electronic Format | Ninth Circuit Manual Of Model Jury Instructions 2.16 | 9 |
| 10 | Duty To Deliberate | Ninth Circuit Manual Of Model Jury Instructions 3.1 | 11 |
| 11 | Communication With Court | Ninth Circuit Manual Of Model Jury Instructions 3.3 | 12 |
| 12 | Return Of Verdict | Ninth Circuit Manual Of Model Jury Instructions 3.5 | 13 |

| 13 | Corporations And Partnerships—Fair Treatment | Ninth Circuit Manual Of Model Jury Instructions 4.1 | 14 |
|----|----------------------------------------------|------------------------------------------------------|----|
| 14 | Liability Of Corporations—Scope Of Authority Not In Issue | Ninth Circuit Manual Of Model Jury Instructions 4.2 | 15 |
| 15 | Agent And Principal—Definition | Ninth Circuit Manual Of Model Jury Instructions 4.4 | 16 |
| 16 | Agent—Scope Of Authority Defined | Ninth Circuit Manual Of Model Jury Instructions 4.5 | 17 |
| 17 | Act Of Agent Is Act Of Principal—Scope Of Authority Not In Issue | Ninth Circuit Manual Of Model Jury Instructions 4.6 | 18 |
| 18 | Reliance | CACI 1907 | 19 |
| 19 | Reasonable Reliance | CACI 1908 | 20 |
| 20 | Arguments Of Counsel Not Evidence Of Damages | CACI 3925 | 21 |
| 21 | Punitive Damages—Entity Defendant—Trial Not Bifurcated | CACI 3945 | 22 |

**JOINT PROPOSED JURY INSTRUCTIONS**

**Joint Instruction No. 1: Judicial Council Of California Civil Jury Instructions (CACI) 115: "CLASS ACTION" DEFINED (PLAINTIFF CLASS)**

A class action is a lawsuit that has been brought by one or more plaintiffs on behalf of a larger group of people who have similar legal claims. All of these people together are called a "class." Plaintiff Bahamas Surgery Center, LLC brings this action as the class representative.

In a class action, the claims of many individuals can be resolved at the same time instead of requiring each member to sue separately. Because of the large number of claims that are at issue in this case, not everyone in the class will testify. You may assume that the evidence at this trial applies to all class members. All members of the class will be bound by the result of this trial.

In this case, the class consists of the following:

- All entities and natural persons in California who purchased the MicroCool gowns as end-purchasers from February 12, 2012 up to and including January 11, 2015.

- Excluded from the class are (a) any governmental entity; (b) any person or entity in which any judge, justice, or judicial officer presiding over this matter and members of their immediate family and judicial staff, have any controlling interest; and (c) any partner or employee of Class Counsel.

## Joint Instruction No. 2: Ninth Circuit Manual Of Model Jury Instructions
## 1.16: PUBLICITY DURING TRIAL

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

**<u>Joint Instruction No. 3: Ninth Circuit Manual Of Model Jury Instructions 2.2:</u>**

**STIPULATIONS OF FACT**

The parties have agreed to certain facts that will be read to you. You should therefore treat these facts as having been proved.

**<u>Joint Instruction No. 4: Ninth Circuit Manual Of Model Jury Instructions 2.4:</u>**

**DEPOSITION IN LIEU OF LIVE TESTIMONY (MODIFIED)**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.  You may also hear deposition testimony from Plaintiff or individuals affiliated with Defendants.

You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

<u>Explanation For Modifications Instruction No. 2.4:</u>

Modified for simplicity to exclude both: "The deposition of [witness] was taken on [date]" and "Do not place any significance on the behavior or tone of voice of any person reading the questions or answers."

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>Joint Instruction No. 5: Ninth Circuit Manual Of Model Jury Instructions 2.8:</u>

### FOREIGN LANGUAGE TESTIMONY

You are about to hear testimony of a witness who will be testifying in the Spanish language.  Witnesses who do not speak English or are more proficient in another language testify through an official court interpreter.  Although some of you may know the Spanish language, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony. You must disregard any different meaning.

You must not make any assumptions about a witness or a party based solely on the use of an interpreter to assist that witness or party.

**Joint Instruction No. 6: Ninth Circuit Manual Of Model Jury Instructions 2.11:**

**USE OF INTERROGATORIES OF A PARTY**

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

## **Joint Instruction No. 7: Ninth Circuit Manual Of Model Jury Instructions 2.12: USE OF REQUESTS FOR ADMISSION**

Evidence was presented to you in the form of admissions to the truth of certain facts. These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures. You must treat these facts as having been proved.

### Joint Instruction No. 8: Ninth Circuit Manual Of Model Jury Instructions 2.15:

### CHARTS AND SUMMARIES IN EVIDENCE

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

### Joint Instruction No. 9: Ninth Circuit Manual Of Model Jury Instructions 2.16:
### EVIDENCE IN ELECTRONIC FORMAT

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room.  A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits.  You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the clerk or bailiff.  If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the clerk or bailiff, signed by your foreperson or by one or more members of the jury.  Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with [the clerk] [the bailiff] present for the sole purpose of assuring that the only matter that is discussed is the technical problem.  When the court technician or any non juror is in the jury room, the jury shall not deliberate.  No juror may say anything to the court technician or any non juror other than to describe the technical problem or to seek information about operation of the equipment.  Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case.  You may not use the computer for any other purpose.  At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material.  Do not attempt to alter the computer to obtain access to such materials.  If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such

materials.  Do not remove the computer or any electronic data from the jury room, and do not copy any such data.

**JOINT PROPOSED JURY INSTRUCTIONS**

**<u>Joint Instruction No. 10: Ninth Circuit Manual Of Model Jury Instructions 3.1:</u>**

**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## Joint Instruction No. 11: Ninth Circuit Manual Of Model Jury Instructions 3.3:
## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk or bailiff, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

1

2

3   **<u>Joint Instruction No. 12: Ninth Circuit Manual Of Model Jury Instructions 3.5:</u>**

**RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk or bailiff that you are ready to return to the courtroom.

**<u>Joint Instruction No. 13: Ninth Circuit Manual Of Model Jury Instructions</u>**

**<u>4.1: CORPORATIONS AND PARTNERSHIPS—FAIR TREATMENT</u>**

  All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

**JOINT PROPOSED JURY INSTRUCTIONS**

**Joint Instruction No. 14: Ninth Circuit Manual Of Model Jury Instructions 4.2:**

**LIABILITY OF CORPORATIONS—SCOPE OF AUTHORITY NOT IN ISSUE**

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

**Joint Instruction No. 15: Ninth Circuit Manual Of Model Jury Instructions 4.4:**

**AGENT AND PRINCIPAL—DEFINITION**

An agent is a person who performs services for another person under an express or implied agreement and who is subject to the other's control or right to control the manner and means of performing the services. The other person is called a principal. One may be an agent without receiving compensation for services. The agency agreement may be oral or written.

## Joint Instruction No. 16: Ninth Circuit Manual Of Model Jury Instructions 4.5:

### AGENT—SCOPE OF AUTHORITY DEFINED

An agent is acting within the scope of authority if the agent is engaged in the performance of duties which were expressly or impliedly assigned to the agent by the principal.

**<u>Joint Instruction No. 17: Ninth Circuit Manual Of Model Jury Instructions 4.6:</u>**

**ACT OF AGENT IS ACT OF PRINCIPAL—SCOPE OF AUTHORITY NOT IN
ISSUE**

Any act or omission of an agent within the scope of authority is the act or omission
of the principal.

**Joint Instruction No. 18: Judicial Council Of California Civil Jury Instructions**

**(CACI) 1907: RELIANCE**

Plaintiff relied on Defendants' concealment if:

1.     The concealment substantially influenced it to purchase MICROCOOL*
gowns; and

2.     It would probably not have purchased MICROCOOL* gowns without the
concealment.

It is not necessary for a concealment to be the only reason for Plaintiff's conduct.

**Joint Instruction No. 19: Judicial Council Of California Civil Jury Instructions (CACI) 1908: REASONABLE RELIANCE**

In determining whether Plaintiff's reliance on the concealment was reasonable, it must first prove that the matter was material. A matter is material if a reasonable person would find it important in determining his or her choice of action.

If you decide that the matter is material, you must then decide whether it was reasonable for Plaintiff to rely on the concealment. In making this decision, take into consideration Plaintiff's intelligence, knowledge, education, and experience.

However, it is not reasonable for anyone to rely on a concealment that is preposterous. It also is not reasonable for anyone to rely on a concealment if facts that are within its observation show that it is obviously false.

**Joint Instruction No. 20: Judicial Council Of California Civil Jury Instructions (CACI) 3925: ARGUMENTS OF COUNSEL NOT EVIDENCE OF DAMAGES**

     The arguments of the attorneys are not evidence of damages. Your award must be based on your reasoned judgment applied to the testimony of the witnesses and the other evidence that has been admitted during trial.

### Joint Instruction No. 20: Judicial Council Of California Civil Jury Instructions (CACI) 3945: PUNITIVE DAMAGES—ENTITY DEFENDANT—TRIAL NOT BIFURCATED

If you decide that Defendants' conduct caused Plaintiff harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.  You may award punitive damages against Defendants only if Plaintiff proves that Defendants engaged in that conduct with malice, oppression, or fraud. To do this, Plaintiff must prove one of the following by clear and convincing evidence:

1.      That the conduct constituting malice, oppression, or fraud was committed by one or more officers, directors, or managing agents of Defendants, who acted on behalf of Defendants; or

2.      That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of Defendants; or

3.      That one or more officers, directors, or managing agents of Defendants knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.

"Malice" means that Defendants acted with intent to cause injury or that Defendants' conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.

"Oppression" means that Defendants' conduct was despicable and subjected Plaintiff to cruel and unjust hardship in knowing disregard of its rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that Defendants intentionally misrepresented or

concealed a material fact and did so intending to harm Plaintiff.

An employee is a "managing agent" if he or she exercises substantial independent authority and judgment in his or her corporate decision making such that his or her decisions ultimately determine corporate policy.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following factors in determining the amount:

(a)     How reprehensible was Defendants' conduct? In deciding how reprehensible Defendants' conduct was, you may consider, among other factors:

1.     Whether the conduct caused physical harm;

2.     Whether Defendants disregarded the health or safety of others;

3.     Whether Plaintiff was financially weak or vulnerable and Defendants knew Plaintiff was financially weak or vulnerable and took advantage of it;

4.     Whether Defendants' conduct involved a pattern or practice; and

5.     Whether Defendants acted with trickery or deceit.

(b)     Is there a reasonable relationship between the amount of punitive damages and Plaintiff's harm that Defendants knew was likely to occur because of its conduct?

(c)     In view of Defendants' financial condition, what amount is necessary to punish and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because Defendant has substantial financial resources. Any award you impose may not exceed Defendants' ability to pay.

Punitive damages may not be used to punish Defendants for the impact of alleged misconduct on persons other than Plaintiff.

**JOINT PROPOSED JURY INSTRUCTIONS**

1

2   Dated:  February 7, 2017                EAGAN AVENATTI, LLP

3                                           By:        /s/ Michael J. Avenatti
                                                    Michael J. Avenatti
4                                                   Attorneys for Plaintiff, Individually and
                                                    On Behalf of All Others Similarly Situated
5

6                                           KING & SPALDING LLP

7
                                            By:    /s/ Alexander Calfo
8                                                  Alexander Calfo
                                                   Julia Romano
9                                                  633 W. Fifth Street, Suite 1700
                                                   Los Angeles, CA 90071
10                                                 Telephone:  (213) 443-4355
                                                   Facsimile :  (213) 443-4310
11

12                                                 Chilton D. Varner
                                                   (admitted *pro hac vice*)
13                                                 Stephen B. Devereaux
                                                   (admitted *pro hac vice*)
14                                                 Bradley W. Pratt
                                                   (admitted *pro hac vice*)
15                                                 Madison H. Kitchens
                                                   (admitted *pro hac vice*)
16                                                 1180 Peachtree Street, N.E.
                                                   Atlanta, GA 30309-3521
17                                                 Telephone:  (404) 572-4600
                                                   Facsimile:  (404) 572-5100
18

19
                                                   Attorneys   for   Defendants   KIMBERLY-
20                                                 CLARK   CORPORATION,   a   Delaware
                                                   Corporation;   and   HALYARD   HEALTH,
21                                                 INC., a Delaware Corporation

22

23

24

25

26

27

28