EAGAN AVENATTI, LLP
Michael J. Avenatti, State Bar No. 206929
mavenatti@eaganavenatti.com
Ahmed Ibrahim, State Bar No. 238739
aibrahim@eaganavenatti.com
520 Newport Center Drive, Suite 1400
Newport Beach, CA 92660
Telephone:   949.706.7000
Facsimile:    949.706.7050

Attorneys for Plaintiff, Individually and On
Behalf of All Others Similarly Situated

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HRAYR SHAHINIAN, M.D., F.A.C.S., et al.,<br><br>                    Plaintiff,<br><br>          vs.<br><br>KIMBERLY-CLARK CORPORATION, a Delaware Corporation, and HALYARD HEALTH, INC., a Delaware Corporation,<br><br>                    Defendants. | CASE NO.:  14-CV-08390 DMG (PLA)<br><br>**PLAINTIFF BAHAMAS SURGERY CENTER, LLC'S PROPOSED SPECIAL VERDICT FORM WITH DEFENDANT KIMBERLY-CLARK CORPORATION AND HALYARD HEALTH, INC.'S RESPONSES AND OBJECTIONS** |

**<u>Special Verdict Form For Fraudulent Concealment / Non-Disclosure Against</u>**

**<u>Defendant Kimberly-Clark Corporation</u>**

We answer the questions submitted to us as follows:

1.    Did Plaintiff prove by a preponderance of the evidence that one or more of the following occurred? [Circle YES or NO for each condition]

        a.  That at times during the period beginning on February 12, 2012 through January 11, 2015, the MicroCool High Performance Gowns failed industry standard tests relating to liquid barrier protection.  [YES / NO]

        b.  That Kimberly-Clark Corporation had reason to believe that the gowns did not provide liquid barrier protection to critical zones of the gowns, which included the sleeves from the cuff to above the elbow.  [YES / NO]

        c.  That individuals at Kimberly-Clark Corporation had received complaints from other customers regarding strikethrough of the gowns during surgical procedures.  [YES / NO]

        d.  That the MicroCool High Performance Gowns did not consistently meet industry standards relating to liquid barrier protection (i.e. AAMI Level 4) and did not provide the highest level of liquid barrier protection available. [YES / NO]

        e.  That use of the MicroCool High Performance Gowns during liquid intense surgical procedures posed a safety risk to the doctors and nurses involved in the procedures. [YES / NO]

If you answered YES to any one of the five conditions, then answer question 2.  If you answered NO to all, stop here, answer no further questions, and have the presiding juror sign and date this form.

2.      For each item for which you answered YES in Question 1, did Plaintiff prove by a preponderance of the evidence that Kimberly-Clark Corporation knew about it during the Class Period (February 12, 2012 up to and including January 11, 2015)? [Circle YES or NO for each condition in which you answered YES in Question 1.  Circle N/A for each conditions in which you answered NO in Question 1.  Also, if you answer NO to any of the conditions in this Question 3, please indicate in the blank the time period when Kimberly-Clark knew about the item.]

      a.   That at times during the period beginning on February 12, 2012 through January 11, 2015, the MicroCool High Performance Gowns failed industry standard tests relating to liquid barrier protection.

           [YES / NO / N/A]   _____

      b.   That Kimberly-Clark Corporation had reason to believe that the gowns did not provide liquid barrier protection to critical zones of the gowns, which included the sleeves from the cuff to above the elbow.

           [YES / NO / N/A]   _____

c.  That individuals at Kimberly-Clark Corporation had received complaints
    from other customers regarding strikethrough of the gowns during surgical
    procedures.

    [YES / NO / N/A]   _____

d.  That the MicroCool High Performance Gowns did not consistently meet
    industry standards relating to liquid barrier protection (i.e. AAMI Level 4)
    and did not provide the highest level of liquid barrier protection available.

    [YES / NO / N/A]   _____

e.  That use of the MicroCool High Performance Gowns during liquid intense
    surgical procedures posed a safety risk to the doctors and nurses involved in
    the procedures.

    [YES / NO / N/A]   _____

If you answered YES to any one of the five conditions, then answer question 3.
Otherwise, stop here, answer no further questions, and have the presiding juror sign and
date this form.

Please proceed to Question 3.

3.    For each condition in which you answered YES in Question 2, had the omitted
information been disclosed, would Plaintiff reasonably have behaved differently? [Circle
YES or NO for each condition in which you answered YES in Question 2.  Circle N/A for
each conditions in which you answered NO in Question 2.]

a. That at times during the period beginning on February 12, 2012 through January 11, 2015, the MicroCool High Performance Gowns failed industry standard tests relating to liquid barrier protection.  [YES / NO / N/A]

b. That Kimberly-Clark Corporation had reason to believe that the gowns did not provide liquid barrier protection to critical zones of the gowns, which included the sleeves from the cuff to above the elbow.  [YES / NO / N/A]

c. That individuals at Kimberly-Clark Corporation received complaints from customers regarding strikethrough of the gowns during surgical procedures. [YES / NO / N/A]

d. That the MicroCool High Performance Gowns did not meet industry standards relating to liquid barrier protection (i.e. AAMI Level 4) and did not provide the highest level of liquid barrier protection available. [YES / NO / N/A]

e. That use of the MicroCool High Performance Gowns during liquid intense surgical procedures posed a safety risk to the doctors and nurses involved in the procedures. [YES / NO / N/A]

If you answered YES to any one of the five conditions, then answer Question 4. Otherwise, stop here, answer no further questions, and have the presiding juror sign and date this form.

4.     Did Plaintiffs prove by a preponderance of the evidence one or more of the following: [Circle YES or NO for each sub-question]:

PLAINTIFF BAHAMAS SURGERY CENTER, LLC'S PROPOSED SPECIAL VERDICT FORM WITH DEFENDANTS' RESPONSES AND OBJECTIONS

     a.  Kimberly-Clark Corporation intentionally failed to disclose important facts that were known only to Defendants and that Plaintiff and the Class could not have reasonably discovered?  [YES or NO]

     b.  Kimberly-Clark Corporation actively concealed important facts from Plaintiff and the Class or prevented Plaintiff and the Class from discovering those facts?  [YES or NO]

     c.  Kimberly-Clark Corporation disclosed some facts to Plaintiff and the Class but intentionally failed to disclose other important facts, making the disclosure deceptive?  [YES or NO]

If you answered YES to any one of the three sub-questions in Question 4, then answer Question 5.  Otherwise, stop here, answer no further questions, and have the presiding juror sign and date this form.

5.     Did Plaintiff prove by a preponderance of the evidence that Plaintiff could not reasonably have discovered the undisclosed or concealed facts.

     Yes __  No __

If you answered YES to Question 5, then answer Question 6.  Otherwise, stop here, answer no further questions, and have the presiding juror sign and date this form.

6.     Did Plaintiff prove by a preponderance of the evidence that Kimberly-Clark Corporation intended to deceive Plaintiff by failing to disclose or conceal the facts?

     Yes __  No __

If you answered YES to Question 6, then answer Question 7.   Otherwise, stop here, answer no further questions, and have the presiding juror sign and date this form.

7.      Did Plaintiffs prove by a preponderance of the evidence that Plaintiff and the Class were harmed.

      Yes __  No __

If your answer to question 7 is yes, then answer question 8. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

8.      Did Plaintiffs prove by a preponderance of the evidence that Kimberly-Clark Corporation's failure to disclose or concealment of the facts was a substantial factor in causing the harm suffered by Plaintiff and the Class?

      Yes __  No __

If your answer to Question 8 is yes, then answer Question 9. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

9.      What are the total damages suffered by Plaintiff and the Class?

      $_____

10.     Did Kimberly-Clark Corporation engage in conduct with malice, oppression, or fraud?

      Yes __  No __

If your answer to question 10 is yes, then answer question 11. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

PLAINTIFF BAHAMAS SURGERY CENTER, LLC'S PROPOSED SPECIAL VERDICT FORM WITH
DEFENDANTS' RESPONSES AND OBJECTIONS

11.     What amount of punitive damages, if any, do you award Plaintiff and the Class?

$_____

**Special Verdict Form For Affirmative Misrepresentation Against Defendant**

**Kimberly-Clark Corporation**

We answer the questions submitted to us as follows:

1.      Did Plaintiff prove by a preponderance of the evidence that Kimberly-Clark Corporation represented to the Plaintiff that a MicroCool High Performance Gowns was AAMI Level 4?

Yes __ No __

If you answered YES to Question 1, then answer Question 2.  Otherwise, stop here, answer no further questions, and have the presiding juror sign and date this form.

2.      Did Plaintiff prove by a preponderance of the evidence that this was a representation that an important fact was true?

Yes __ No __

If you answered YES to Question 2, then answer Question 3.  Otherwise, stop here, answer no further questions, and have the presiding juror sign and date this form.

3.      Did Plaintiff prove by a preponderance of the evidence that this representation was not true?

Yes __ No __

If you answered YES to Question 4, then answer Question 4.  Otherwise, stop here, answer no further questions, and have the presiding juror sign and date this form.

4.      Did Plaintiff prove by a preponderance of the evidence that Kimberly-Clark Corporation intended that Plaintiff rely on this representation?

       Yes __  No __

If you answered YES to Question 4, then answer Question 5.  Otherwise, stop here, answer no further questions, and have the presiding juror sign and date this form.

5.      Did Plaintiff prove by a preponderance of the evidence that Plaintiff reasonably relied on this representation?

       Yes __  No __

If you answered YES to Question 5, then answer Question 6.  Otherwise, stop here, answer no further questions, and have the presiding juror sign and date this form.

6.      Did Plaintiff prove by a preponderance of the evidence that Plaintiff was harmed.

       Yes __  No __

If your answer to question 6 is YES, then answer question 7. If you answered NO, stop here, answer no further questions, and have the presiding juror sign and date this form.

7.      Did Plaintiff prove by a preponderance of the evidence that Plaintiff's reliance on Kimberly-Clark's representation was a substantial factor in causing it harm?

       Yes __  No __

If your answer to Question 7 is yes, then answer Question 8. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

8.      What are the total damages suffered by Plaintiff?

        $_____

Please proceed to question 9.

9.      Did Kimberly-Clark Corporation engage in conduct with malice, oppression, or fraud?

        Yes __  No __

If your answer to question 9 is yes, then answer question 10. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

10.     What amount of punitive damages, if any, do you award Plaintiff and the Class?

        $_____

## **Special Verdict Form For Fraudulent Concealment / Non-Disclosure Against Halyard Health, Inc.**

We answer the questions submitted to us as follows:

1.      Did Plaintiff prove by a preponderance of the evidence that one or more of the following occurred? [Circle YES or NO for each condition]

      a.   That at times during the period beginning on February 12, 2012 through January 11, 2015, the MicroCool High Performance Gowns failed industry standard tests relating to liquid barrier protection.  [YES / NO]

      b.   That Halyard Health, Inc. had reason to believe that the gowns did not provide liquid barrier protection to critical zones of the gowns, which included the sleeves from the cuff to above the elbow.  [YES / NO]

      c.   That individuals at Halyard Health, Inc. had received complaints from other customers regarding strikethrough of the gowns during surgical procedures. [YES / NO]

      d.   That the MicroCool High Performance Gowns did not consistently meet industry standards relating to liquid barrier protection (i.e. AAMI Level 4) and did not provide the highest level of liquid barrier protection available. [YES / NO]

      e.   That use of the MicroCool High Performance Gowns during liquid intense surgical procedures posed a safety risk to the doctors and nurses involved in the procedures. [YES / NO]

If you answered YES to any one of the five conditions, then answer question 2.  If you answered NO to all, stop here, answer no further questions, and have the presiding juror sign and date this form.

2.      For each item for which you answered YES in Question 1, did Plaintiff prove by a preponderance of the evidence that Halyard Health, Inc. knew about it during the Class Period (February 12, 2012 up to and including January 11, 2015)? [Circle YES or NO for each condition in which you answered YES in Question 1.  Circle N/A for each conditions in which you answered NO in Question 1.  Also, if you answer NO to any of the conditions in this Question 3, please indicate in the blank the time period when Halyard Health, Inc.  knew about the item.]

      a.   That at times during the period beginning on February 12, 2012 through January 11, 2015, the MicroCool High Performance Gowns failed industry standard tests relating to liquid barrier protection.

         [YES / NO / N/A]   _____

      b.   That Halyard Health, Inc. had reason to believe that the gowns did not provide liquid barrier protection to critical zones of the gowns, which included the sleeves from the cuff to above the elbow.

         [YES / NO / N/A]   _____

      c.   That individuals at Halyard Health, Inc. had received complaints from other customers regarding strikethrough of the gowns during surgical procedures.

         [YES / NO / N/A]   _____

1

2       d.  That the MicroCool High Performance Gowns did not consistently meet

3           industry standards relating to liquid barrier protection (i.e. AAMI Level 4)

4           and did not provide the highest level of liquid barrier protection available.

5

6           [YES / NO / N/A]   _____

7

8       e.  That use of the MicroCool High Performance Gowns during liquid intense

9           surgical procedures posed a safety risk to the doctors and nurses involved in

10          the procedures.

11

12          [YES / NO / N/A]   _____

13

14  If you answered YES to any one of the five conditions, then answer question 3.

15  Otherwise, stop here, answer no further questions, and have the presiding juror sign and

16  date this form.

17

18  3.      For each condition in which you answered YES in Question 2, had the omitted

19  information been disclosed, would Plaintiff reasonably have behaved differently? [Circle

20  YES or NO for each condition in which you answered YES in Question 2.  Circle N/A

21  for each conditions in which you answered NO in Question 2.]

22

23      a.  That at times during the period beginning on February 12, 2012 through

24          January 11, 2015, the MicroCool High Performance Gowns failed industry

25          standard tests relating to liquid barrier protection.  [YES / NO / N/A]

26

27

28

**PLAINTIFF BAHAMAS SURGERY CENTER, LLC'S PROPOSED SPECIAL VERDICT FORM WITH
DEFENDANTS' RESPONSES AND OBJECTIONS**

b.  That Halyard Health, Inc. had reason to believe that the gowns did not provide liquid barrier protection to critical zones of the gowns, which included the sleeves from the cuff to above the elbow.  [YES / NO / N/A]

c.  That individuals at Halyard Health, Inc. received complaints from customers regarding strikethrough of the gowns during surgical procedures.    [YES / NO / N/A]

d.  That the MicroCool High Performance Gowns did not meet industry standards relating to liquid barrier protection (i.e. AAMI Level 4) and did not provide the highest level of liquid barrier protection available. [YES / NO / N/A]

e.  That use of the MicroCool High Performance Gowns during liquid intense surgical procedures posed a safety risk to the doctors and nurses involved in the procedures. [YES / NO / N/A]

If you answered YES to any one of the five conditions, then answer Question 4. Otherwise, stop here, answer no further questions, and have the presiding juror sign and date this form.

4.      Did Plaintiffs prove by a preponderance of the evidence one or more of the following: [Circle YES or NO for each sub-question]:

a.  Halyard Health, Inc. intentionally failed to disclose important facts that were known only to Defendants and that Plaintiff and the Class could not have reasonably discovered?  [YES or NO]

-13-

   b.  Halyard Health, Inc. actively concealed important facts from Plaintiff and the Class or prevented Plaintiff and the Class from discovering those facts? [YES or NO]

   c.  Halyard Health, Inc. disclosed some facts to Plaintiff and the Class but intentionally failed to disclose other important facts, making the disclosure deceptive?  [YES or NO]

If you answered YES to any one of the three sub-questions in Question 4, then answer Question 5.  Otherwise, stop here, answer no further questions, and have the presiding juror sign and date this form.

5.     Did Plaintiff prove by a preponderance of the evidence that Plaintiff could not reasonably have discovered the undisclosed or concealed or nondisclosed facts?

     Yes __  No __

If you answered YES to Question 5, then answer Question 6.  Otherwise, stop here, answer no further questions, and have the presiding juror sign and date this form.

6.     Did Plaintiff prove by a preponderance of the evidence that Halyard Health, Inc. Corporation intended to deceive Plaintiff by failing to disclose or conceal the facts?

     Yes __  No __

If you answered YES to Question 6, then answer Question 7.  Otherwise, stop here, answer no further questions, and have the presiding juror sign and date this form.

7.      Did Plaintiffs prove by a preponderance of the evidence that Plaintiff and the Class were harmed.

        Yes __  No __

If your answer to question 7 is yes, then answer question 8. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

8.      Did Plaintiffs prove by a preponderance of the evidence that Halyard Health, Inc.'s failure to disclose or concealment of the facts was a substantial factor in causing the harm suffered by Plaintiff and the Class?

        Yes __  No __

If your answer to Question 8 is yes, then answer Question 9. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

9.      What are the total damages suffered by Plaintiff and the Class?

        $_____

10.     Did Halyard Health, Inc. engage in conduct with malice, oppression, or fraud?

        Yes __  No __

If your answer to question 10 is yes, then answer question 11. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

11.     What amount of punitive damages, if any, do you award Plaintiff and the Class?

        $_____

## **Special Verdict Form For Affirmative Misrepresentation Against Halyard Health, Inc.**

We answer the questions submitted to us as follows:

1.      Did Plaintiff prove by a preponderance of the evidence that Halyard Health, Inc. represented to the Plaintiff that a MicroCool High Performance Gowns was AAMI Level 4?

        Yes __  No __

If you answered YES to Question 1, then answer Question 2.  Otherwise, stop here, answer no further questions, and have the presiding juror sign and date this form.

2.      Did Plaintiff prove by a preponderance of the evidence that this was a representation that an important fact was true?

        Yes __  No __

If you answered YES to Question 2, then answer Question 3.  Otherwise, stop here, answer no further questions, and have the presiding juror sign and date this form.

3.      Did Plaintiff prove by a preponderance of the evidence that this representation was not true?

        Yes __  No __

If you answered YES to Question 3, then answer Question 4.  Otherwise, stop here, answer no further questions, and have the presiding juror sign and date this form.

4.      Did Plaintiff prove by a preponderance of the evidence that Halyard Health, Inc.
intended that Plaintiff rely on this representation?

        Yes __  No __

If you answered YES to Question 4, then answer Question 5.  Otherwise, stop here,
answer no further questions, and have the presiding juror sign and date this form.

5.      Did Plaintiff prove by a preponderance of the evidence that Plaintiff reasonably
relied on this representation?

        Yes __  No __

If you answered YES to Question 5, then answer Question 6.  Otherwise, stop here,
answer no further questions, and have the presiding juror sign and date this form.

6.      Did Plaintiff prove by a preponderance of the evidence that Plaintiff was harmed.

        Yes __  No __

If your answer to question 6 is YES, then answer question 7. If you answered NO, stop
here, answer no further questions, and have the presiding juror sign and date this form.

7.      Did Plaintiff prove by a preponderance of the evidence that Plaintiff's reliance on
Halyard Health, Inc.'s representation was a substantial factor in causing it harm?

        Yes __  No __

If your answer to Question 7 is yes, then answer Question 8. If you answered no, stop
here, answer no further questions, and have the presiding juror sign and date this form.

**PLAINTIFF BAHAMAS SURGERY CENTER, LLC'S PROPOSED SPECIAL VERDICT FORM WITH
DEFENDANTS' RESPONSES AND OBJECTIONS**

8.      What are the total damages suffered by Plaintiff?

        $_____

Please proceed to question 9.

9.      Did Kimberly-Clark Corporation engage in conduct with malice, oppression, or fraud?

        Yes __  No __

If your answer to question 9 is yes, then answer question 10. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

10.     What amount of punitive damages, if any, do you award Plaintiff and the Class?

        $_____

Defendants' Responses and Objections to Plaintiff's Proposed Special Verdict Form:

        Defendants object that Plaintiff's 18-page special verdict form is unduly lengthy and detailed, overly confusing, argumentative, misstates the law, and increases the risk that the jury will reach a verdict in which factual findings conflict with legal conclusions. *See, e.g.*, *NMB Air Operations Corp. v. McEvoy*, 194 F.3d 1317 (Table), 1999 WL 728527, at *5 (9th Cir. Sept. 16, 1999) (affirming district court's refusal to submit the special verdict form to the jury where "special verdict form was too lengthy and detailed"); *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1037 (9th Cir. 2003) ("The typical case of factual findings conflicting with legal conclusions arises in the context of a special verdict or a general verdict with interrogatories."); *DeSilva Gates Const., L.P. v.*

1   *M. Bumgarner, Inc.*, No. A122576, 2010 WL 2993946, at *16 (Cal. Ct. App. Aug. 2,

2   2010) (trial court did not err by refusing to submit special verdict form that was

3   "argumentative, somewhat confusing, and at best redundant"); *Kolodziey v. Kmart Corp.*,

4   No. B131659, 2001 WL 1264547, at *13 (Cal. Ct. App. Oct. 23, 2001) (It is the

5   proponent's burden " to propose a special verdict form which would not confuse the

6   jury.").

7       Defendants also object that Plaintiff's proposed special verdict form constitutes an

8   impermissible end-run around this Court's denial of Plaintiff's attempt to certify an

9   "issues class" under Rule 23(c)(4).  (*See* Order re Plaintiff's Mot. for Class Cert., Dkt.

10  270, at 32-33 (denying certification of issue class on "whether Defendants made

11  fraudulent misrepresentations or concealed material facts regarding the MicroCool

12  Gowns"); *see also* Fed. R. Civ. P. 23(c)(4) ("When appropriate, an action may be brought

13  or maintained as a class action with respect to particular issues.").)

14      Defendants further object to submitting any verdict form to the jury involving a

15  claim for affirmative misrepresentation.  As explained further in Defendants'

16  Memorandum of Contentions of Fact and Law, filed contemporaneously herewith, this

17  Court should not permit Plaintiff Bahamas Surgery Center, LLC to pursue an individual

18  non-certified claim for affirmative fraudulent misrepresentation on behalf of itself while

19  simultaneously pursuing a class claim for fraudulent concealment/nondisclosure on behalf

20  of the class for three reasons.  First, if this Court were to allow Bahamas to pursue a non-

21  certified claim, it would elevate Bahamas to a better position than the rest of the class.

22  Second, if Bahamas proceeds with its non-certified claim, it will no longer be an adequate

23  representative due to irreconcilable conflicts with the class.  Third, class adjudication will

24  no longer be superior to other methods of adjudication if this Court permits Bahamas to

25  try the affirmative misrepresentation claim alongside the certified concealment claim

26  given the substantial risk that it will confuse the jury and/or lead it to improperly

27  generalize the evidence Bahamas presents in support of its individual claim to the class as

28  whole.

1   Dated:  February 7, 2017                    EAGAN AVENATTI, LLP

2

3                                     By:        /s/ Michael J. Avenatti

4                                           Michael J. Avenatti
                                            Attorneys for Plaintiff, Individually and
5                                           On Behalf of All Others Similarly Situated

6
    DATED:  February 7, 2017                     KING & SPALDING LLP
7

8                                     By: /s/ Chilton D. Varner
                                          Alexander Calfo
9                                         Julia Romano
                                          633 W. 5th Street, Suite 1700
10                                        Los Angeles, CA 90071
                                          Telephone:  (213) 443-4355
11                                        Facsimile :  (213) 443-4310

12
                                          Chilton D. Varner
13                                        (admitted *pro hac vice*)
                                          Stephen B. Devereaux
14                                        (admitted *pro hac vice*)
                                          Madison H. Kitchens
15                                        (admitted *pro hac vice*)
                                          1180 Peachtree Street, N.E.
16                                        Atlanta, GA 30309-3521
                                          Telephone:  (404) 572-4600
17                                        Facsimile:   (404) 572-5100

18
                                          Attorneys for Defendants
19                                        KIMBERLY-CLARK
                                          CORPORATION, a Delaware
20                                        Corporation; and HALYARD
                                          HEALTH, INC., a Delaware
21                                        Corporation

22

23

24

25

26

27

28

**PLAINTIFF BAHAMAS SURGERY CENTER, LLC'S PROPOSED SPECIAL VERDICT FORM WITH DEFENDANTS' RESPONSES AND OBJECTIONS**