EAGAN AVENATTI, LLP
Michael J. Avenatti, State Bar No. 206929
mavenatti@eaganavenatti.com
Ahmed Ibrahim, State Bar No. 238739
aibrahim@eaganavenatti.com
520 Newport Center Drive, Suite 1400
Newport Beach, CA 92660
Telephone: 949.706.7000
Facsimile:  949.706.7050

Attorneys for Plaintiff, Individually and On Behalf of All Others Similarly Situated

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HRAYR SHAHINIAN, M.D., F.A.C.S., et al.,<br><br>            Plaintiff,<br>   vs.<br><br>KIMBERLY-CLARK CORPORATION, a Delaware Corporation, and HALYARD HEALTH, INC., a Delaware Corporation,<br><br>            Defendants. | CASE NO.: 14-CV-08390 DMG (PLA)<br><br>**JOINT STATEMENT REGARDING PLAINTIFF BAHAMAS SURGERY CENTER, LLC'S PROPOSED JURY INSTRUCTIONS WITH DEFENDANTS KIMBERLY-CLARK CORPORATION'S AND HALYARD HEALTH, INC.'S RESPONSES AND OBJECTIONS** |

# INDEX OF PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

| Number | Title | Source | Page |
|---|---|---|---|
| 1 | Claims And Defenses | Ninth Circuit Manual of Model Jury Instructions 1.5 | 1 |
| 2 | Intentional Misrepresentation | CACI 1900 | 3 |
| 3 | Concealment | CACI 1901 (Modified) | 5 |
| 4 | Misrepresentations Made To Persons Other Than The Plaintiff | CACI 1906 (Modified) | 7 |
| 5 | Damage "Out Of Pocket" Rule | CACI 1923(Modified) | 9 |
| 6 | Damages From Multiple Defendants | CACI 3933 | 13 |

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS WITH DEFENDANTS' RESPONSES AND OBJECTIONS**

**Plaintiff's Instruction No. 1: Ninth Circuit Manual of Model Jury Instructions 1.5: CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiff Bahamas Surgery Center, LLC (hereafter, "Plaintiff") seeks damages from Defendants Kimberly-Clark Corporation and Halyard Health, Inc. (collectively referred to hereafter as "Defendants") for selling medical gowns (the "MicroCool High Performance Gowns") Defendants represented to provide the highest level of liquid protection (i.e., AAMI Level 4) from the transfer of bodily fluids, bacteria, and infection between a patient and a healthcare professional, and that the MicroCool High Performance Gowns passed the ASTM-1671 test for liquid protection. Plaintiff asserts that contrary to their representations, Defendants knew from at least February 12, 2012 through January 11, 2015 that the MicroCool High Performance Gowns did not consistently satisfy the AAMI Level 4 standard for liquid protection and did not consistently pass the ASTM-1671 test for liquid protection.

In addition, Plaintiff asserts that between February 12, 2012 and January 11, 2015, Defendants knew, but fraudulently failed to disclose to Plaintiff, information that would have influenced their decision to purchase the MicroCool High Performance Gowns.

This is a class action lawsuit. Accordingly, Plaintiff seeks damages on behalf of itself and a class of entities and natural persons in California who purchased the MicroCool High Performance Gowns as end-purchasers from February 12, 2012 up to and including January 11, 2015 (the "Class").

Defendants are Kimberly-Clark Corporation and Halyard Health, Inc. (collectively referred to as "Defendants"). Defendant Kimberly-Clark Corporation sold and manufactured MicroCool High Performance Gowns until October 31, 2014. Since then, the gowns have been manufactured and sold by Defendant Halyard Health, Inc., which was spun off from Kimberly-Clark Corporation on October 31, 2014. The Defendants contend that the MicroCool High Performance Gowns have always been compliant with

the AAMI Level 4 standard for liquid protection, have always passed the ASTM-1671 test for liquid protection, and have always been safe and effective in protecting healthcare workers from blood-borne pathogens. Defendants, therefore, deny Plaintiff's allegations, deny any liability to the Plaintiff or the Class, and deny that the Plaintiff or the Class are entitled to any of the relief they seek.

**Plaintiff's Reasons for Requesting This Instruction:** Plaintiff believes this instruction is appropriately tailored to the facts of this action as is contemplated by the Ninth Circuit Manual of Model Jury Instructions.

**Defendants' Responses and Objections:**

Defendants object that this pattern instruction is intended to provide a "brief summary of the positions of the parties." Plaintiff's proposed instruction, by contrast, is convoluted, unduly confusing, argumentative, and inaccurately describes Defendants' positions.

**Plaintiff's Instruction No. 2: Judicial Council Of California Civil Jury Instructions (CACI) 1900: INTENTIONAL MISREPRESENTATION**

Plaintiffs claim that, during the February 12, 2012 up to and including January 11, 2015, Defendants falsely represented that the MicroCool gowns were AAMI Level 4. Only Plaintiff Bahamas Surgery Center is asserting this claim. Plaintiff is not bringing this claim on behalf of the Class. To establish this claim, Plaintiff must prove all of the following:

   1    That between February 12, 2012 up to and including January 11, 2015, Defendants made a representation to Plaintiff that an important fact was true;

   2.   That the representation was false;

   3.   That Defendants knew that the representation was false when they made it, or that they made the representation recklessly and without regard for its truth;

   4.   That the Defendants intended that Plaintiff rely on the representation;

   5.   That Plaintiff reasonably relied on the Defendants' representation;

   6    That Plaintiff was harmed; and

   7.   That the Plaintiff's reliance on the Defendants' representation was a substantial factor in causing them harm.

**Plaintiff's Reasons for Requesting This Instruction:**

"A party is entitled to an instruction concerning his or her theory of the case if it is supported by law and has some foundation in the evidence." Jenkins v. Union Pac. R. Co., 22 F.3d 206, 210 (9th Cir. 1994). Plaintiff Bahamas Surgery Center, LLC has an individual claim for affirmative misrepresentation which the Court determined would proceed to trial when it denied Defendants' Motion for Summary Judgment on the claim. [Dkt. No. 271] Accordingly, there is no reason not to offer this instruction which is the standard CACI instruction. While Defendants note below that they intend to argue elsewhere that trial of these issues is not appropriate, Defendants have cited no authority in support of this argument below and have not provided Plaintiff with any meaningful

opportunity to respond. Accordingly, Plaintiff reserves the right to respond to Defendants' objection at a later date as appropriate.

**Defendants' Responses and Objections:**

Defendants object to this instruction in its entirety. As explained further in Defendants' Memorandum of Contentions of Fact and Law, filed contemporaneously herewith, this Court should not permit Plaintiff Bahamas Surgery Center, LLC to pursue an individual non-certified claim for affirmative fraudulent misrepresentation on behalf of itself while simultaneously pursuing a class claim for fraudulent concealment/nondisclosure on behalf of the class for three reasons. First, if this Court were to allow Bahamas to pursue a non-certified claim, it would elevate Bahamas to a better position than the rest of the class. Second, if Bahamas proceeds with its non-certified claim, it will no longer be an adequate representative due to irreconcilable conflicts with the class. Third, class adjudication will no longer be superior to other methods of adjudication if this Court permits Bahamas to try the affirmative misrepresentation claim alongside the certified concealment claim given the substantial risk that it will confuse the jury and/or lead it to improperly generalize the evidence Bahamas presents in support of its individual claim to the class as whole.

Defendants further object that the reference to the class period in the first element is confusing and unnecessary.

**Plaintiff's Instruction No. 3: Judicial Council Of California Civil Jury Instructions (CACI) 1901: CONCEALMENT (Modified)**

Plaintiff Bahamas Surgery Center claims that it was harmed because Defendants Kimberly-Clark and Halyard Health concealed certain information. To establish this claim, Plaintiff must prove all of the following:

    1.    That Defendants disclosed some facts to Plaintiff but intentionally failed to disclose other facts, making the disclosure deceptive;

    [or]

That Defendants intentionally failed to disclose certain facts that were known only to them and that Plaintiff could not have reasonably discovered;

    [or]

That Defendants prevented Plaintiff from discovering certain facts;

    2.    That Plaintiff did not know of the concealed facts;

    3.    That Defendants intended to deceive Plaintiff by concealing the facts;

    4.    That had the omitted information been disclosed, Plaintiff reasonably would have behaved differently;

    5.    That Plaintiff was harmed; and

    6.    That Defendants' concealment was a substantial factor in causing Plaintiff's harm.

**Plaintiff's Explanation For The Modifications To CACI 1901:**

Element No. 1 was modified to add the word "reasonably" before discovered. See also Warner Construction Corp. v. City of Los Angeles (1970) 2 Cal.3d 285, 294 ("In transactions which do not involve fiduciary or confidential relations, a cause of action for non-disclosure of material facts may arise in at least three instances: (1) the defendant makes representations but does not disclose facts which materially qualify the facts disclosed, or which render his disclosure likely to mislead; (2) the facts are known or accessible only to defendant, and defendant knows they are not known to or **reasonably**

**discoverable** by the plaintiff; (3) the defendant actively conceals discovery from the plaintiff.") (emphasis added).  This also makes this instruction consistent with the standard CACI VF-1901 verdict, which uses the language "reasonably have discovered" when posing the question corresponding to this element.

**Defendants' Responses and Objections:**

Defendants object that the Court's Scheduling and Case Management Order re Jury Trial provides that "the parties should submit the most recent version" of the *Manual of Model Jury Instructions for the Ninth Circuit*.  Plaintiff's proposed instruction departs from the current version of this instruction.  See http://www3.ce9.uscourts.gov/jury-instructions/sites/default/files/WPD/Civil_Instructions_2017_1.pdf.

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS WITH DEFENDANTS' RESPONSES AND OBJECTIONS**

**Plaintiff's Instruction No. 4: Judicial Council Of California Civil Jury Instructions (CACI) 1906: MISREPRESENTATIONS MADE TO PERSONS OTHER THAN THE PLAINTIFF (MODIFIED)**

Each Defendant is responsible for a representation or nondisclosure that was not made directly to Plaintiff if it made the representation or nondisclosure to a group of persons including Plaintiff or to another person, intending or reasonably expecting that the representation or nondisclosure would be repeated to Plaintiff.

**Plaintiff's Explanation For The Modifications To CACI 1906:**

Defendants claim they cannot be held liable for fraudulent non-disclosures / misrepresentations where the class member purchased the gowns at issue from a third-party. However, California law is clear that "[t]he maker of a fraudulent misrepresentation is subject to liability for pecuniary loss to another who acts in justifiable reliance upon it if the misrepresentation, although not made directly to the other, *is made to a third person and the maker intends or has reason to expect that its terms will be repeated* or its substance communicated to the other…." Marler v. E.M. Johansing, LLC, 199 Cal.App.4th 1450, 1464 (2011). Further, this standard applies both to affirmative misrepresentations and fraudulent nondisclosures or concealments. For example in Geernaert v. Mitchell, 31 Cal.App.4th 601 (1995), the Court of Appeal held that the actor may be held accountable when it has knowledge of the sale or resale "to a particular person or class of persons" and the "likelihood that the particular misrepresentation (*or concealment*) would be passed on to them." Id. at 608. (emphasis added). Similarly, in Barnhouse v. City of Pinole (1982) 133 Cal.App.3d 171, the court held that a developer could be held liable for failing to disclose problems with subsurface soil conditions, even though the plaintiff purchased the property from a third party. Id. at 193 ("We find no difficulty in extending the law of deceit to the situation presented here. Although a developer does not know that there will be subpurchasers, it is foreseeable that there will be and that they will be the ones to suffer damage. The developer has every

reason to expect that if there are subpurchasers, a *nondisclosure* about subsurface soil conditions will be passed on to them.") (emphasis added). Consequently, Defendants are *commonly* liable for their non-disclosures, regardless of whether the MicroCool Gowns were initially purchased from a distributor.

**Defendants' Responses and Objections:**

Defendants object that the "Directions for Use" for CACI 1906 expressly states that "[a]n instruction on *concealment* made to a person other than the plaintiff *is not necessary*; this point is covered by the third option of element 1 in CACI No. 1901, Concealment." *See* Judicial Council of California Civil Jury Instructions, § 1906, p. 1095, http://www.courts.ca.gov/partners/documents/CACI_2017_Edition.pdf (emphasis added).

Defendants further object because this instruction relates to affirmative fraud. As explained further in Defendants' Memorandum of Contentions of Fact and Law, filed contemporaneously herewith, this Court should not permit Plaintiff Bahamas Surgery Center, LLC to pursue an individual non-certified claim for affirmative fraudulent misrepresentation on behalf of itself while simultaneously pursuing a class claim for fraudulent concealment/nondisclosure on behalf of the class for three reasons. First, if this Court were to allow Bahamas to pursue a non-certified claim, it would elevate Bahamas to a better position than the rest of the class. Second, if Bahamas proceeds with its non-certified claim, it will no longer be an adequate representative due to irreconcilable conflicts with the class. Third, class adjudication will no longer be superior to other methods of adjudication if this Court permits Bahamas to try the affirmative misrepresentation claim alongside the certified concealment claim given the substantial risk that it will confuse the jury and/or lead it to improperly generalize the evidence Bahamas presents in support of its individual claim to the class as whole.

**Plaintiff's Instruction No. 5: Judicial Council Of California Civil Jury Instructions (CACI) 1923: DAMAGE "OUT OF POCKET" RULE (MODIFIED)**

If you decide that Plaintiff and the Class have proven any of their claims against either Defendant, you also must decide how much money will reasonably compensate Plaintiff and the Class for the harm. This compensation is called "damages."

The amount of damages must include an award for all harm that the Defendant was a substantial factor in causing, even if the particular harm could not have been anticipated.

Plaintiff and the Class must prove the amount of their damages. However, Plaintiff and the Class do not have to prove the exact amount of damages that will provide reasonable compensation for the harm. You must not speculate or guess in awarding damages.

When a party is fraudulently induced to enter into a transaction, the defrauded party may seek their "out of pocket" loss as damages. If a party elects to seek their out-of-pocket loss, there is no requirement that the property be returned to the wrongdoer or that the wrongdoer be returned to the status they were in prior to the transaction.

The "out-of-pocket" loss is measured as the difference between what the party paid, and the value of what the party received at the time of the sale if the fraudulent information had been disclosed. The "value" is the "reasonable market value" which "is normally determined by the price at which it could be resold in an open market or by private sale if its quality or other characteristics which affect its value were known."

If the items purchased would not have had any market value had the important information been disclosed, then the amount of the out-of-pocket loss can be the equivalent of the full amount paid.

Plaintiff may also recover amounts that they reasonably spent or will have to spend in reliance on the Defendant's failure to disclose or false representation if those amounts would not otherwise have been spent or otherwise would not have to be spent in the future.

**Plaintiff's Explanation For The Modifications To CACI 1923:**

When a party is fraudulently induced to enter into a transaction, the defrauded party has the option of rescinding the transaction or seeking their "out of pocket" loss as damages. If a party elects to recover out-of-pocket loss, there is no requirement that the property be returned to the wrongdoer or that the wrongdoer be returned to the status they were in prior to the transaction. Alliance Mortgage Co. v. Rothwell (1995) 10 Cal. 4th 1226, 1240; Buist v. C. Dudley De Velbiss Corp. (1960) 182 Cal. App. 2d 325, 333.

The "out-of-pocket" loss is measured as the difference between what the party paid, and the value of what they received at the time of the sale if the fraudulent information had been disclosed. See CACI 1923; OCM Principal Opportunities Fund v. CIBC World Markets Corp. (2007) 157 Cal. App. 4th 835, 870, 876 (citing Stout v. Turney (1978) 22 Cal. 3d 718, 725).

The "value" is the "reasonable market value" which "is normally determined by the price at which it could be resold in an open market or by private sale if its quality or other characteristics which affect its value were known." Bagdasarian v. Gragnon (1948) 31 Cal.2d 744, 753

If the items purchased would not have had any market value had the important information been disclosed, then the amount of the out-of-pocket loss can be the equivalent of the full amount paid. See OCM, 157 Cal. App. 4th at 875-76 (allowing damages for full amount paid, because if the true information had been disclosed, the market value would have been worthless); Buist, 182 Cal. App. 2d at 334-35.

While a victim of fraudulent inducement may seek out-of-pocket losses, they may also seek any "additional damages arising from the transaction." Cal. Civ. Code § 3343; Cory v. Villa Properties (1986) 180 Cal. App. 3d 592, 600; CACI 1923. "The right to recover additional damages does not refer to the measure of damages, but, rather, to such matters as expenses or consequential injury resulting from the fraud." Bagdasarian, 31 Cal. 2d at 762-63. "[T]his interpretation is in accord with the general rule that a defrauded plaintiff may recover for all the detriment proximately caused, which must

necessarily include necessary expenses and indirect injuries caused by the fraud." Cory, 180 Cal. App. 3d at 599; Cal. Civ. Code § 1709 ("One who willfully deceives another with intent to induce him to alter his position to his injury or risk, is liable for any damages he thereby suffers.") The "additional damages" provisions has been found to "cover a situation where for example a buyer was obliged to move from the property that he had been fraudulently induced to purchase on account of the dangerous character of the premises" and "[i]n such a case he could not only recover the difference between the amount that he had paid for the property and its actual value but also recover the expense of moving." Cory, 180 Cal. App. 3d at 599.

Moreover, the Court has not yet made a final ruling on the appropriate damage model to be applied at the trial. Indeed, among other authority, the Ninth Circuit's decision in Pulaski & Middleman, LLC v. Google, Inc., 802 F.3d 979 (9th Cir. 2015), supports the application of a full refund model in this case. There, the Court concluded that that a calculation for damages/restitution "need not account for benefits received after purchase because the focus is on the value of the service at the time of purchase." Id. at 988-89 (emphasis added); see also Abbit v. ING USA Annuity, No. 13CV2310-GPC-WVG, 2015 WL 7272220, at *7 (S.D. Cal. Nov. 16, 2015) ("Recently, the Ninth Circuit held that damages calculations in UCL and FAL actions need not account for benefits received after purchase of the service because the focus is on the value of the service at the time of purchase."). In Plaintiff's view, the Court's determination at the class certification stage that the full refund model is not appropriate on the basis that the gowns have value because they were used by Plaintiff and class members after they were purchased is inconsistent with this authority.

**Defendants' Responses and Objections:**

Defendants object that the Court's Scheduling and Case Management Order re Jury Trial provides that "[w]here California law applies, counsel should use the ***current edition*** of the *California Jury Instructions – Civil* ('CACI')." (*See* Dkt. 50 at 8 (emphasis

added).) The language of Plaintiff's proposed instruction departs substantially from the current edition of CACI § 1923.

Defendants further object that Plaintiff's proposed instruction includes language in support of a "full refund" damages model that this Court has already rejected. (*See* Order re: Plaintiff's Mot. for Class Cert., Dkt. 270, at 26 ("The Court finds that Bahamas Surgery Center has not demonstrated that its full refund damages model, which would award class members full restitution, satisfies the predominance requirement."); *see also In re Pom Wonderful LLC*, 2014 WL 1225184, at *3 (C.D. Cal. Mar. 25, 2014) ("Because the Full Refund model makes no attempt to account for benefits conferred upon Plaintiffs, it cannot accurately measure classwide damages."); *Jones v. ConAgra Foods, Inc.*, No. C 12-01633 CRB, 2014 WL 2702726, at *19 (N.D. Cal. June 13, 2014) ("Return of the full retail or wholesale prices is not a proper measure of restitution, as it fails to take into account the value class members received by purchasing the products.").) Moreover, Plaintiffs' proposed instruction appears to relate to a case involving real property and therefore has no relevance to this case. Nor is there any basis to provide an instruction "for additional damages," as no such damages are even sought in this case, much less proven.

### Plaintiff's Instruction No. 6: Judicial Council Of California Civil Jury Instructions (CACI) 3933: DAMAGES FROM MULTIPLE DEFENDANTS

In this case, Plaintiff and the Class seek damages from more than one defendant. You must determine the liability of each defendant to Plaintiff and the Class separately.

If you determine that more than one defendant is liable to Plaintiff and the Class for damages, you will be asked to find Plaintiff and the Class's total damages.

In deciding on the amount of damages, consider only Plaintiff and the Class's claimed losses. Do not attempt to divide the damages between the defendants. The allocation of responsibility for payment of damages among multiple defendants is to be done by the court after you reach your verdict.

### Plaintiff's Reason For Requesting This Instruction:

Because Plaintiff's claims are grounded in state law, the CACI instruction on this issue is properly offered regardless of any applicable Ninth Circuit Model Instruction. Further, the evidence at trial will not substantiate Defendants' claim that Defendants have caused entirely separate injuries. Accordingly, this instruction is appropriately offered.

### Defendants' Responses and Objections:

Defendants object to this instruction in its entirety. The "Directions for Use" portion of CACI Section 3933 expressly precludes the use of this instruction under the facts alleged in this case. *See* Judicial Council of California Civil Jury Instructions, § 3933, p. 793 ("***Do not give this instruction in a case in which separate tortfeasors have caused separate injuries***." (emphasis added) (citing authority)), *available at* http://www.courts.ca.gov/partners/documents/CACI_2017_Edition.pdf. As Plaintiff has acknowledged, Defendant Kimberly-Clark Corporation sold and manufactured MICROCOOL* Gowns until October 31, 2014. Since then, the gowns have been manufactured and sold by Defendant Halyard Health, Inc., which was spun off from

Kimberly-Clark Corporation on October 31, 2014. Because Defendants are separate alleged tortfeasors, this instruction is invalid under the circumstances of this case.

Defendants further respond that the Court's Scheduling and Case Management Order re Jury Trial states that the Court uses as a standard preliminary instruction Section 1.5 ("Two or More Parties – Different Legal Rights") of the *Manual of Model Jury Instructions for the Ninth Circuit*. (*See* Dkt. 50 at 8.) Defendants believe that this instruction—Section 1.8 in the current edition—provides proper guidance to the jury that it must "decide the case as to each defendant separately." *See* http://www3.ce9.uscourts.gov/jury-instructions/sites/default/files/WPD/Civil_Instructions_2017_1.pdf.

Dated: February 7, 2017          EAGAN AVENATTI, LLP

By:   /s/ Michael J. Avenatti
Michael J. Avenatti
Ahmed Ibrahim
Attorneys for Plaintiff, Individually and
On Behalf of All Others Similarly Situated

Dated: February 7, 2017 _____ KING & SPALDING LLP

By:   /s/ Chilton D. Varner
Alexander Calfo
Julia Romano
633 W. Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile : (213) 443-4310

Chilton D. Varner
(admitted *pro hac vice*)
Stephen B. Devereaux
(admitted *pro hac vice*)
Bradley W. Pratt
(admitted *pro hac vice*)
Madison H. Kitchens
(admitted *pro hac vice*)

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS WITH DEFENDANTS' RESPONSES AND OBJECTIONS**

| | |
|---|---|
| 1 | 1180 Peachtree Street, N.E. |
| 2 | Atlanta, GA 30309-3521 |
|   | Telephone: (404) 572-4600 |
| 3 | Facsimile: (404) 572-5100 |
| 4 | Attorneys for Defendants KIMBERLY-CLARK CORPORATION, a Delaware Corporation; and HALYARD HEALTH, INC., a Delaware Corporation |