ALEXANDER CALFO (State Bar No. 152891)
*acalfo@kslaw.com*
JULIA ROMANO (State Bar No. 260857)
*jromano@kslaw.com*
**KING & SPALDING LLP**
633 W. 5th Street, Suite 1700
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

Attorneys for Defendants KIMBERLY-CLARK CORPORATION, a Delaware Corporation; and HALYARD HEALTH, INC., a Delaware Corporation

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HRAYR SHAHINIAN, M.D., F.A.C.S. et al.;<br><br>Plaintiffs,<br><br>v.<br><br>KIMBERLY-CLARK CORPORATION, a Delaware Corporation; and HALYARD HEALTH, INC., a Delaware Corporation,<br><br>Defendants. | Case No. 2:14-cv-08390-DMG-PLA<br><br>**DEFENDANTS KIMBERLY-CLARK CORPORATION AND HALYARD HEALTH, INC.'S PROPOSED VERDICT FORM WITH PLAINTIFF BAHAMAS SURGERY CENTER'S RESPONSE AND OBJECTIONS** |

**DEFENDANTS' PROPOSED VERDICT FORM WITH PLAINTIFF BAHAMAS SURGERY CENTER'S RESPONSE AND OBJECTIONS**

## GENERAL VERDICT FORM FOR FRAUDULENT CONCEALMENT CLAIM AGAINST DEFENDANT KIMBERLY-CLARK CORPORATION

Question No. 1: On Plaintiff's fraudulent concealment claim against Defendant Kimberly-Clark Corporation, we find in favor of:

(choose one)

\_\_\_\_\_ Plaintiff and against Defendant Kimberly-Clark Corporation

\_\_\_\_\_ Defendant Kimberly-Clark Corporation and against Plaintiff

*Instructions: If you found in favor of Defendant in Question No. 1 above, then stop here, answer no further questions, and have the presiding juror sign and date this form. If you found in favor of Plaintiff in response to Question No. 1 above, then proceed to Question No. 2.*

Question No. 2: Compensatory Damages to Plaintiff Bahamas Surgery Center, LLC

If you found in favor of Plaintiff in Question No. 1 above, specify the amount of compensatory damages, if any, you award Plaintiff Bahamas Surgery Center, LLC against Defendant Kimberly-Clark Corporation.

Compensatory Damages to Plaintiff
Bahamas Surgery Center, LLC                $ _____

*Instructions: If you answered Question No. 2 with a "zero," then then stop here, answer no further questions, and have the presiding juror sign and date this form. If you answered Question No. 2 with a dollar amount, then proceed to Question No. 3.*

/ / /

/ / /

**DEFENDANTS' PROPOSED VERDICT FORM WITH PLAINTIFF BAHAMAS SURGERY CENTER'S RESPONSE AND OBJECTIONS**

Question No. 3:    Compensatory Damages to Class

If you awarded compensatory damages to Plaintiff in Question No. 2 above, specify the amount of compensatory damages, if any, you award the Class against Kimberly-Clark Corporation.

Compensatory Damages to Class  $ _____

*Instructions: If you answered both Question No. 2 <u>and</u> Question No. 3 with a "zero," then then stop here, answer no further questions, and have the presiding juror sign and date this form.  If you answered either Question No. 2 and/or Question No. 3 with a dollar amount, then proceed to Question No. 4.*

Question No. 4.    Punitive Damages

If you awarded compensatory damages in favor of Plaintiff against Defendant Kimberly-Clark Corporation in Question No. 2 above, specify the amount of punitive damages, if any, you award Plaintiff against Defendant Kimberly-Clark Corporation.

Punitive Damages  $ _____

*Instructions: Have the presiding juror sign and date this form. Once you have completed both verdict forms, notify the clerk that you are ready to present your verdict in the courtroom.*

Signed: _____
      Presiding Juror

Dated: _____

2

**DEFENDANTS' PROPOSED VERDICT FORM WITH PLAINTIFF BAHAMAS SURGERY CENTER'S RESPONSE AND OBJECTIONS**

# GENERAL VERDICT FORM FOR FRAUDULENT CONCEALMENT CLAIM AGAINST DEFENDANT HALYARD HEALTH, INC.

1. <u>Question No. 1</u>: On Plaintiff's fraudulent concealment claim against Defendant Halyard Health, Inc., we find in favor of:

(choose one)

_____ Plaintiff and against Defendant Halyard Health, Inc.

_____ Defendant Halyard Health, Inc. and against Plaintiff

*Instructions: If you found in favor of Defendant in Question No. 1 above, then stop here, answer no further questions, and have the presiding juror sign and date this form. If you found in favor of Plaintiff in response to Question No. 1 above, then proceed to Question No. 2.*

<u>Question No. 2</u>:   Compensatory Damages to Plaintiff Bahamas Surgery Center, LLC

If you found in favor of Plaintiff in Question No. 1 above, specify the amount of compensatory damages, if any, you award Plaintiff Bahamas Surgery Center, LLC against Defendant Halyard Health, Inc.

Compensatory Damages to Plaintiff
Bahamas Surgery Center, LLC                $ _____

*Instructions: If you answered Question No. 2 with a "zero," then then stop here, answer no further questions, and have the presiding juror sign and date this form. If you answered Question No. 2 with a dollar amount, then proceed to Question No. 3.*

/ / /

/ / /

3

**DEFENDANTS' PROPOSED VERDICT FORM WITH PLAINTIFF BAHAMAS SURGERY CENTER'S RESPONSE AND OBJECTIONS**

<u>Question No. 3:</u>    Compensatory Damages to Class

If you awarded compensatory damages to Plaintiff in Question No. 2 above, specify the amount of compensatory damages, if any, you award the Class against Halyard Health, Inc.

Compensatory Damages to Class $ _____

*Instructions: If you answered both Question No. 2 <u>and</u> Question No. 3 with a "zero," then then stop here, answer no further questions, and have the presiding juror sign and date this form.  If you answered either Question No. 2 and/or Question No. 3 with a dollar amount, then proceed to Question No. 4.*

<u>Question No. 4.</u>    Punitive Damages

If you awarded compensatory damages in favor of Plaintiff against Defendant Halyard Health, Inc. in Question No. 2 above, specify the amount of punitive damages, if any, you award Plaintiff against Defendant Halyard Health, Inc.

Punitive Damages  $ _____

*Instructions: Have the presiding juror sign and date this form. Once you have completed both verdict forms, notify the clerk that you are ready to present your verdict in the courtroom.*

Signed: _____

    Presiding Juror

Dated: _____

4

**DEFENDANTS' PROPOSED VERDICT FORM WITH PLAINTIFF BAHAMAS SURGERY CENTER'S RESPONSE AND OBJECTIONS**

## **PLAINTIFF'S RESPONSE AND OBJECTIONS TO DEFENDANTS' PROPOSED VERDICT FORM:**

Plaintiff objects to Defendants' Proposed Verdict Form and contends that the Court should adopt Plaintiff's Proposed Verdict Form instead.

*First*, Plaintiff contends that a more detailed verdict form is appropriate based on the facts of this case, to prevent juror confusion, and the corresponding necessity to prevent Defendants from later arguing that the verdict is inconsistent or suggests juror confusion. See Fed. R. Civ. P. 49(a) (Authorizing the Court to use "a special verdict in the form of a special written finding on each issue of fact."); see also Pac. W. Cable Co. v. City of Sacramento, Cal., 672 F. Supp. 1322, 1326 (E.D. Cal. 1987) ("[S]pecial verdicts minimize the need for, and scope of, a new trial in the event of an error of law or a misapplication of law to the facts"). "The trial court has complete discretion whether a general or special verdict is to be returned…" Mateyko v. Felix, 924 F.2d 824, 827 (9th Cir. 1990). The Court's "discretion extends to determining the form of the special verdict, provided the questions asked are adequate to obtain a jury determination of the factual issues essential to judgment." Id. Indeed, "in large and complex cases such as this, involving many novel legal issues, the better practice would have been to require special verdicts or the submission of interrogatories to the jury pursuant to Fed.R.Civ.P. 49." Berkey Photo, Inc. v. Eastman Kodak Co., 603 F.2d 263, 279 (2d Cir. 1979). This practice ensures that "the right to a jury trial of all factual issues is preserved" and reduces "the probability of a laborious and expensive retrial." Id.

As such, Plaintiff's Proposed Verdict Form is not an end run around the Court's decision not to certify a nationwide class. Rather, it is an effort to ensure that the complexity of this action and the various factual determinations the jury must make are appropriately reflected in the jury's verdict. See Zhang v. Am.

**DEFENDANTS' PROPOSED VERDICT FORM WITH PLAINTIFF BAHAMAS SURGERY CENTER'S RESPONSE AND OBJECTIONS**

Gem Seafoods, Inc., 339 F.3d 1020, 1031 (9th Cir. 2003) (Noting that "special verdicts 'compel the jury to focus exclusively on its fact-finding role.'"). Indeed, because no nationwide class has been certified, the only class members at issue are those that are a member of the certified classes and Defendants' purported concern on this issue is not well-founded.

*Second*, Defendants' Proposed Verdict Form fails to comply with even the basic standards set forth in the CACI Model Jury Form. For example, as to concealment, CACI VF-1901 is substantially more detailed than Defendants' Proposed Verdict Form requiring that the jury answer multiple questions on the factual predicate for concealment alone:

> 1. Did [*name of defendant*] intentionally fail to disclose [a] fact[s] that [*name of plaintiff*] did not know and could not reasonably have discovered?
>      Yes     No
> If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.
> 2. Did [*name of defendant*] intend to deceive [*name of plaintiff*] by concealing the fact?
>      Yes     No
> If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.
> 3. Had the omitted information been disclosed, would [*name of plaintiff*] reasonably have behaved differently?
>      Yes     No
> If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.
> 4. Was [*name of defendant*]'s concealment a substantial factor in causing harm to [*name of plaintiff*]?
>      Yes     No
> If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

…

Plaintiff's Proposed Verdict Form takes CACFI VF-1901 as its starting point adding additional detail in order to appropriately reflect the claims and facts at issue in this complex action.  See Berkey Photo, 603 F.2d at 279.  Plaintiff contends that the additional questions proposed as part of its Proposed Verdict Form are appropriate and should be given.  However, to the extent that the Court decides not to utilize Plaintiff's Proposed Verdict Form, at a minimum, CACI VF-1901 should be given and not Defendants' Proposed Verdict Form.

Dated: February 7, 2017               EAGAN AVENATTI, LLP


                                  By:      /s/ Michael J. Avenatti
                                       Michael J. Avenatti
                                       Attorneys for Plaintiff, Individually and
                                       On Behalf of All Others Similarly Situated

7

**DEFENDANTS' PROPOSED VERDICT FORM WITH PLAINTIFF BAHAMAS SURGERY CENTER'S RESPONSE AND OBJECTIONS**

| | | |
|---|---|---|
| 1 | DATED:  February 7, 2017 | KING & SPALDING LLP |
| 2 | | |
| 3 | | By: /s/ Chilton D. Varner |
| | | Alexander Calfo |
| 4 | | Julia Romano |
| | | 633 W. 5th Street, Suite 1700 |
| 5 | | Los Angeles, CA 90071 |
| | | Telephone:  (213) 443-4355 |
| 6 | | Facsimile :  (213) 443-4310 |
| 7 | | |
| | | Chilton D. Varner |
| 8 | | (admitted *pro hac vice*) |
| | | Stephen B. Devereaux |
| 9 | | (admitted *pro hac vice*) |
| | | Madison H. Kitchens |
| 10 | | (admitted *pro hac vice*) |
| | | 1180 Peachtree Street, N.E. |
| 11 | | Atlanta, GA 30309-3521 |
| 12 | | Telephone:  (404) 572-4600 |
| | | Facsimile:   (404) 572-5100 |

Attorneys for Defendants KIMBERLY-CLARK CORPORATION, a Delaware Corporation; and HALYARD HEALTH, INC., a Delaware Corporation

8

**DEFENDANTS' PROPOSED VERDICT FORM WITH PLAINTIFF BAHAMAS SURGERY CENTER'S RESPONSE AND OBJECTIONS**