| | |
|---|---|
| 1 | ALEXANDER CALFO (State Bar No. 152891) |
| 2 | *acalfo@kslaw.com*<br>JULIA ROMANO (State Bar No. 260857) |
| 3 | *jromano@kslaw.com*<br>KING & SPALDING LLP |
| 4 | 633 West 5th Street, Suite 1700 |
| 5 | Los Angeles, CA 90071<br>Telephone: (213) 443-4355 |
| 6 | Facsimile: (213) 443-4310 |

Attorneys for Defendants KIMBERLY-CLARK CORPORATION, a Delaware Corporation and HALYARD HEALTH, INC., a Delaware Corporation

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HRAYR SHAHINIAN, M.D., F.A.C.S., et al.;<br><br>Plaintiff,<br><br>v.<br><br>KIMBERLY-CLARK CORPORATION, a Delaware Corporation; and HALYARD HEALTH, INC., a Delaware Corporation,<br><br>Defendants. | Case No. 2:14-cv-08390-DMG-PLA<br><br>**DEFENDANTS' APPLICATION FOR LEAVE TO FILE UNDER SEAL CERTAIN EXHIBITS, OR PORTIONS THEREOF, TO DEFENDANTS' MOTION TO EXCLUDE THE OPINION TESTIMONY OF DR. MICHAEL WILLIAMS PURSUANT TO FED. R. EVID. 702 AND THE *DAUBERT* STANDARD** |

TO THE COURT AND TO ALL PARTIES OF RECORD HEREIN:

Defendants KIMBERLY-CLARK CORPORATION and HALYARD HEALTH, INC. ("Defendants") hereby apply for an Order sealing certain exhibits, or portions thereof, submitted in support of Defendants' Motion to Exclude the Opinion Testimony of Dr. Michael Williams Pursuant to Fed. R. Evid. 702 and the *Daubert* Standard (hereinafter "Defendants' Motion"). Specifically, Defendants apply for an Order sealing:

1. Certain portions of Exhibit A to Defendants' Motion (the Expert Report of Dr. Michael Williams), specifically, a portion of Paragraph 11 and the Appendix of Tables (pg. 10-30 of the report) in its entirety;
2. Certain portions of Exhibit B to Defendants' Motion (the Rebuttal Expert Report of Dr. Michael Williams), specifically, the Appendix of Tables (pg. 23-45 of the report) in its entirety;
3. Certain portions of Exhibit C to Defendants' Motion (the Expert Report of Lawrence Baker, Ph.D.), specifically portions of Paragraph 38, portions of footnotes 46 and 63, and Exhibits 1.A to 3.B (pg. 61-74 of the report) in their entirety;
4. Certain portions of Exhibit D to Defendants' Motion (the Rebuttal Expert Report of Lawrence Baker, Ph.D.), specifically portions of Paragraphs 18 and 43-48, and Exhibits 1-4 (pg. 61-75 of the report) in their entirety;
5. Exhibit J to Defendants' Motion (the KP Select Corporate Agreement) in its entirety.

This Application is made pursuant to Local Rule 79-5 of this Court. As explained below and in the accompanying Declaration of Ty Hare, compelling reasons exist to seal the above-listed exhibits.

/ / /

/ / /

## I. The Compelling Reasons Standard

Courts in this Circuit have consistently found that the compelling reasons standard is satisfied if disclosure of confidential, proprietary business information would harm the litigant's competitive standing and interests. *See, e.g., Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).[1] Importantly, the compelling reasons standard does not require a finding that the party *will* suffer harm; rather, it requires only that disclosure "might" harm the party's competitive standing. *Id.; see also, e.g., United Tactical Sys., LLC v. Real Action Paintball, Inc.,* No. 14-CV-04050-MEJ, 2015 WL 295584, at *3 (N.D. Cal. Jan. 21, 2015) ("Nor does the compelling reasons standard require an absolute finding of infringement on trade secrets; rather, it requires only that disclosure 'could result' in the improper use of the material for infringement.")

Thus, Defendants can meet the compelling reasons standard by demonstrating that disclosure of the above-listed documents would harm or otherwise be detrimental to Defendants' competitive standing and interests.

---

[1] *See also, Gen. Elec. Co. v. Wilkins*, No. 1:10-cv-00674, 2012 WL 1970118, at *2 (E.D. Cal. May 31, 2012) (finding compelling reasons exist for sealing information that reveals "confidential, non-public information about GE's and Mitsubishi's corporate operations"); *Krieger v. Atheros Communications, Inc.,* No. 11-CV-00640-LHK, 2011 WL 2550831, at *1 (N.D. Cal. June 25, 2011) (finding the "financial information and analysis" contained in a presentation created by the defendant's investment advisor "appear[ed] to be highly sensitive and confidential" and therefore compelling reasons justified sealing the presentation); *Network Appliance, Inc. v. Sun Microsystems Inc.,* No. C-07-06053 EDL, 2010 WL 841274, at *5 (N.D. Cal. Mar. 10, 2010) (finding compelling reasons exist for sealing "internal information regarding [defendant's] business strategies and opportunities that were not widely distributed" because disclosure could cause defendant competitive harm); *Finjan, Inc. v. Proofpoint, Inc.*, No. 13-cv-05808-HSG, 2016 U.S. Dist. LEXIS 15825, at *5-*6 (N.D. Cal. Feb. 9, 2016) (finding "compelling reasons" to seal, *inter alia*, "financial revenue data," "strategic business considerations and confidential business information regarding sales, the company's confidential financial information, information regarding licensing, and potential acquisition of businesses and technologies"); *Herron v. Best Buy Stores, LP*, No. 2:12-CV-02103-GEB, 2015 WL 5330271, at *3 (E.D. Cal. Sept. 10, 2015) (finding compelling reasons exist to grant the parties' request to seal because "each of the documents the parties seek to file under seal comprises business information the public disclosure of which could be detrimental to Best Buy's competitive interests.").

## II. Compelling Reasons Exist to Seal the Above-Listed Exhibits, or Identified Portions Thereof, to Defendants' Motion

The above-listed exhibits (or the identified portions thereof) contain competitively sensitive sales information—including closely guarded pricing information, financial incentives, and other material terms and conditions that govern the purchase of surgical gowns and other products under various agreements—that is highly confidential and proprietary. Defendants submit the accompanying declaration of Ty Hare ("Hare Decl.") establishing compelling reasons why these exhibits (or the identified portions thereof) should be protected from public disclosure.

As Mr. Hare explains in his declaration, the sales data, pricing information, financial incentives, and other contractual terms reflected in the above-listed exhibits are competitively-sensitive and considered to be highly confidential and proprietary. (*See,* Hare Decl. at ¶¶ 13-17.) This information is closely guarded from public disclosure, and even within Halyard, it is made available only to those employees who have a need to know. (*Id.* at ¶ 18.) If the information contained in the above-listed exhibits (gown pricing, sales data, financial incentives, and other contract terms) were made available to Defendants' competitors, those competitors could use this information to negotiate more favorable deals with Defendants' customers and thereby undercut Defendants' ability to compete effectively with respect to surgical gowns and other products. (*Id.*) This would cause Defendants to suffer significant competitive harm. (*Id.*)

Courts in this Circuit have found compelling reasons exist to protect confidential, proprietary and competitively-sensitive information such as that found in the above-listed exhibits. *See*, *e.g., Queen's Medical Center v. Kaiser Foundation Health Plan, Inc.*, No. 12-00565-ACK-KSC, 2014 WL 1234506, at *2-*3 (D. Haw. Mar. 24, 2014) (finding compelling reasons existed to seal defendant health care company's customer lists and contracts revealing prices,

payments, and services covered because they "qualify for trade secret protection pursuant to *Kamakana*" and "contain confidential and sensitive business information that may be used for improper purposes" all of which may be used by defendant's "competitors to gain competitive advantages."); *B2B CFO Partners, LLC v. Kenneth Kaufman*, No. CV-09-2158-PHX-JAT, 2011 WL 6297930 (D. Ariz. Dec. 16, 2011) (finding compelling reasons to seal defendants' customer invoices because disclosure could harm their "competitive standing because it would give competitors the ability to directly undercut Defendants' pricing and thereby win clients away from Defendants" and to seal defendants' customer lists because they "constitute trade secrets if competitors could not readily ascertain customer names from the public or other proper sources and if reasonable efforts are made to maintain the secrecy of the lists."); *Bartech Int'l, Inc. v. Mobile Simple Solutions, Inc.*, No. 2:15-cv-02422-MMD-NJK, 2016 WL 2593920 (D. Nev. May 5, 2016) (finding compelling reasons to seal a customer accounts list, containing detailed information regarding the plaintiff company's relation with each of its clientele, because "it evidences the terms of numerous agreements, reveals revenue figures, and lists technical information regarding each contract.")

In its July 29, 2016 Orders, the Court ruled there were compelling reasons to seal similar (and in some cases identical) confidential and proprietary sales data, pricing information, and contract terms.  (*See* Court's July 29, 2016 Orders (Dkt. Nos. 204 and 205).)  The Court should make the same finding here.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

### III. Conclusion

For all the reasons set forth above and in the accompanying declaration of Ty Hare, Defendants respectfully request that the Court grant this Application to Seal.

DATED:  February 7, 2017

KING & SPALDING LLP

By: /s/ Julia E. Romano
Alexander Calfo
Julia Romano
633 W. 5th Street, Suite 1700
Los Angeles, CA 90071
Telephone:  (213) 443-4355
Facsimile :  (213) 443-4310

Chilton D. Varner
(admitted *pro hac vice*)
Stephen B. Devereaux
(admitted *pro hac vice*)
Madison H. Kitchens
(admitted *pro hac vice*)
1180 Peachtree Street, N.E.
Atlanta, GA 30309-3521
Telephone:  (404) 572-4600
Facsimile:   (404) 572-5100

Attorneys for Defendants
KIMBERLY-CLARK CORPORATION, a Delaware Corporation; and HALYARD HEALTH, INC., a Delaware Corporation