1 | ALEXANDER CALFO (State Bar No. 152891)
*acalfo@kslaw.com*
2 | JULIA ROMANO (State Bar No. 260857)
*jromano@kslaw.com*
3 | **KING & SPALDING LLP**
633 West Fifth Street, Suite 1700
4 | Los Angeles, CA 90071
Telephone:  (213) 443-4355
5 | Facsimile:   (213) 443-4310

6 | Attorneys for Defendants KIMBERLY-CLARK
CORPORATION, a Delaware Corporation; and
7 | HALYARD HEALTH, INC., a Delaware
Corporation

8 |

9 | **UNITED STATES DISTRICT COURT**

10 | **CENTRAL DISTRICT OF CALIFORNIA**

11 |

12 | HRAYR SHAHINIAN, M.D., F.A.C.S. et al.;    Case No. 2:14-cv-08390-DMG-PLA

13 | Plaintiffs,    **DEFENDANTS' MOTION *IN LIMINE* NUMBER 3**

14 | v.    **(EVIDENCE OF IRRELEVANT MARKETING MATERIALS)**

15 | KIMBERLY-CLARK

16 | CORPORATION, a Delaware Corporation; and HALYARD

17 | HEALTH, INC., a Delaware Corporation,    HEARING DATE: Feb. 28, 2017
HEARING TIME:  2:00 p.m.
18 | Defendants.    LOCATION:        Ctrm. 8C

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

---

**DEFENDANTS' MOTION *IN LIMINE* NO. 3 TO EXCLUDE EVIDENCE OF
IRRELEVANT MARKETING MATERIALS**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on February 28, 2017 at 2:00 p.m., or as soon thereafter as this matter may be heard, pursuant to Fed. R. Evid. 401, 402, and 403, Defendants Kimberly-Clark Corporation and Halyard Health, Inc., will, and hereby do, move this Court for an order excluding evidence of, or reference to, marketing materials to which Plaintiff Bahamas Surgery Center, LLC was not exposed and to which the class was not uniformly exposed, including evidence of or references to Ebola.

As set forth in Defendants' Motion, such evidence should be excluded because it is both irrelevant and because its prejudicial effect substantially outweighs its probative value.

This motion is based on the authority of Fed. R. Evid. 401, 402, and 403, the broad discretionary authority invested in this Court, and other controlling authorities, as well as this Notice, the Memorandum of Points and Authorities filed contemporaneously herewith, and on the Court's files and records in this case.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on February 6, 2016.

DATED:  February 7, 2017             KING & SPALDING LLP

By: /s/ Stephen B. Devereaux
     Alexander Calfo
     Julia Romano
     633 West Fifth Street, Suite 1700
     Los Angeles, CA 90071
     Telephone:  (213) 443-4355
     Facsimile :  (213) 443-4310

     Chilton D. Varner
     (admitted *pro hac vice*)
     Stephen B. Devereaux
     (admitted *pro hac vice*)
     Madison H. Kitchens
     (admitted *pro hac vice*)
     1180 Peachtree Street, N.E.
     Atlanta, GA 30309-3521

---

DEFENDANTS' MOTION *IN LIMINE* NO. 3 TO EXCLUDE EVIDENCE OF
IRRELEVANT MARKETING MATERIALS

1

Telephone:  (404) 572-4600
Facsimile:   (404) 572-5100

2

3

Attorneys for Defendants KIMBERLY-CLARK CORPORATION, a Delaware Corporation; and HALYARD HEALTH, INC., a Delaware Corporation

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' MOTION *IN LIMINE* NO. 3 TO EXCLUDE EVIDENCE OF IRRELEVANT MARKETING MATERIALS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

I.   INTRODUCTION AND BACKGROUND ........................................................ 1

II.  ARGUMENT ................................................................................................. 4

   A. Marketing Materials To Which Bahamas Was Not Exposed, Including
      References to Ebola, Are Irrelevant and Should Be Excluded. ...................... 5

   B. Evidence of Marketing Materials To Which Bahamas Was Not
      Exposed, Including Any References to Ebola, Should Be Excluded
      Under Fed. R. Evid. 403 ................................................................................. 8

III. CONCLUSION ............................................................................................... 10

**DEFENDANTS' MOTION *IN LIMINE* NO. 3 TO EXCLUDE EVIDENCE OF
IRRELEVANT MARKETING MATERIALS**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Berger v. Home Depot USA, Inc.*,
  741 F.3d 1061 (9th Cir. 2014) ................................................................. 9

*Brazil v. Dole Packaged Foods, LLC*,
  No. 14-17480, 2016 U.S. App. LEXIS 17733 (9th Cir. Sept. 30,
  2016) ......................................................................................................... 5

*Campion v. Old Republic Home Protection Co.*,
  272 F.R.D. 517 (S.D. Cal. 2011) ............................................................. 9

*Cohen v. DirecTV, Inc.*,
  178 Cal. App. 4th 966 (2009) ................................................................... 9

*Dugan v. Nance*,
  No. CV 11-8145-CAS, 2013 U.S. Dist. LEXIS 118175 (C.D. Cal.
  Aug. 20, 2013) .......................................................................................... 8

*Durell v. Sharp Healthcare*,
  183 Cal. App. 4th 1350 (2010) ................................................................. 5

*Herrington v. Johnson & Johnson Consumer Cos.*,
  No. C 09-1597 CW, 2010 WL 3448531 (N.D. Cal. Sept. 1, 2010) .................... 5

*In re iPhone Application Litig.*,
  6 F. Supp. 3d 1004, 1012 (N.D. Cal. 2013) ............................................. 5

*Kwikset Corp. v. Super. Ct.*,
  51 Cal. 4th 310, 246 P.3d 877 (2011) ..................................................... 5

*In re LinkedIn User Privacy Litig.*,
  932 F. Supp. 2d 1089 (N.D. Cal. 2013) ................................................... 5

*Millenkamp v. Davisco Foods Int'l, Inc.*,
  562 F.3d 971 (9th Cir. 2009) ................................................................... 4

*In re Oracle Corp. Secs. Litig.*,
  627 F.3d 376 (9th Cir. 2010) ................................................................... 4

DEFENDANTS' MOTION *IN LIMINE* NO. 3 TO EXCLUDE EVIDENCE OF
IRRELEVANT MARKETING MATERIALS

*Pfizer Inc. v. Super. Ct.*,
   182 Cal. App. 4th 622 (2010)...................................................................9

*Sprint/United Mgmt. Co. v. Mendelsohn*,
   552 U.S. 379 (2008) .............................................................................8

*State Farm Mut. Auto. Ins. Co. v. Campbell*,
   538 U.S. 408 (2003) .............................................................................8

*United States v. Cruz-Garcia*,
   344 F.3d 951 (9th Cir. 2003).................................................................4

*United States v. Espinoza-Baza*,
   647 F.3d 1182 (9th Cir. 2011)............................................................4, 9

**Other Authorities**

Fed. R. Evid. 401 .....................................................................................4, 8

Fed. R. Evid. 402 .....................................................................................4, 8

Fed. R. Evid. 403 .............................................................................4, 8, 9, 10

**DEFENDANTS' MOTION *IN LIMINE* NO. 3 TO EXCLUDE EVIDENCE OF IRRELEVANT MARKETING MATERIALS**

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Kimberly-Clark Corporation ("Kimberly-Clark") and Halyard Health, Inc. ("Halyard") (collectively, "Defendants"), move the Court for an order precluding Plaintiff from introducing evidence of marketing materials to which Plaintiff Bahamas Surgery Center, LLC ("Bahamas") was not exposed and to which the class was not uniformly exposed, including such materials relating to the Ebola virus, as such evidence is irrelevant to the claims remaining in this action. Defendants set forth the grounds for this Motion as follows:

### I.     INTRODUCTION AND BACKGROUND

This action involves MICROCOOL* Breathable High Performance Surgical Gowns ("MICROCOOL* gowns"), which were manufactured and sold by Kimberly-Clark until October 31, 2014 and thereafter by Halyard.  Bahamas alleges that from February 12, 2012 through January 11, 2015, Defendants failed to disclose certain information to the class allegedly showing that their MICROCOOL* Breathable High Performance Surgical Gowns did not meet the standard for barrier protection claimed on the gowns' label, and that, as a result, Bahamas and the class overpaid for the gowns.

As the court found in ruling on Plaintiff's motion for class certification, MICROCOOL* gowns are marketed to customers through a variety of distinct channels, with potential customers receiving a variety of information from many disparate sources.  For example, during her deposition, Bahamas's Fed. R. Civ. P. 30(b)(6) designee confirmed that Bahamas was not exposed to any marketing of MICROCOOL* gowns by Defendants.  Rather, a representative of Bahamas's custom procedure tray ("CPT") manufacturer marketed the gowns to Bahamas. Ex. 11 to Devereaux Decl., Dkt. 191-3, at 91:19-92:11.  This CPT representative "[came] to [Bahamas] and express[ed] interest in the [MICROCOOL*] gown, wanted us to try it, told us it was a good gown, asked us if we would trial it and

consider adding it to our [CPTs]." *Id.* at 91:25-92:4.  The representative "brought the gowns in" and, after conducting a trial of the gowns in the "real world" environment of actual surgeries, Bahamas decided to include the MICROCOOL* gowns in its CPTs.  *Id.* at 93:25-94:3.  According to Bahamas's Fed. R. Civ. P. 30(b)(6) designee, the representative of the CPT manufacturer told employees of Bahamas that the MICROCOOL* gown was an "AAMI Level 4" gown and the gowns Bahamas trialed were labeled as "AAMI Level 4."  *Id.* at 195:20-197:13, 206:11-18, 208:7-11.  Other than the statements made by the representative of the CPT manufacturer and the label that Bahamas claims was on the packaging of the gowns it trialed, there is no evidence that Bahamas was exposed to any other representation about the AAMI rating of MICROCOOL* gowns, including any such representations included in Defendants' marketing materials.  Nor is there any evidence that Bahamas relied on any such representation in deciding to include MICROCOOL* gowns in the CPTs it purchased.

Given the lack of uniform marketing to purchasers of MICROCOOL* gowns, the court declined to certify a class as to Bahamas's affirmative-misrepresentation-based claims and certified a class only with respect to Bahamas's omission-based claims.  Thus, this case is ***not*** about whether Defendants made false or misleading representations in their marketing materials; instead, this case is ***only*** about whether Defendants had a duty to disclose certain information about the gowns' barrier protection and whether their failure to do so caused the class members to incur damages.

In spite of the fact that the court certified a class only with respect to Bahamas's omission-based claims, Defendants anticipate that Bahamas will attempt to introduce evidence of, or otherwise reference, representations about MICROCOOL* gowns contained in Defendants' marketing materials.  This evidence includes, but is not limited to, documents that Bahamas says reflect the

marketing of MICROCOOL* gowns for use in treating suspected Ebola patients. Indeed, Bahamas has submitted as various exhibits in support of its motion for class certification and its opposition to Defendants' motion for summary judgment—and included on its exhibit list—various types of marketing materials, including:

- Internal sales force newsletters (*e.g.* Pl.'s Exs. 11 & 90)[1];

- Internal sales force trainings/presentations (*e.g.* Pl.'s Exs. 36, 37, 58, 62, 63)

- Internal notes of marketing/advertising ideas for MICROCOOL* (*e.g.* Pl.'s Exs. 76 & 77);

- Internal communications regarding Ebola (*e.g.* Pl.'s Ex. 107)

- MICROCOOL* product brochures (*e.g.* Pl.'s Exs. 60, 105, 110, 113);

- Publications and communications regarding personal protective equipment for use with Ebola patients (*e.g.* Pl.'s Exs. 46, 49, 50, 51, 97, 98, 99, 101, 111, 112, 114);

- Press releases regarding MICROCOOL* gowns (*e.g.* Pl.'s Exs. 75 & 109);

- Lists of different types of personal protective equipment offered by Defendants (*e.g.* Pl.'s Ex. 113); and

- Letters sent to certain customers (but not Bahamas) regarding MICROCOOL* gowns (*e.g.* Pl.'s Exs. 71, 96, 102).

Well-established law prohibits Bahamas from offering such evidence or argument at trial. First, there is no relevant connection between the issues to be tried in the case and any evidence or argument relating to such marketing materials. Second, presentation of such evidence or argument would serve only confuse the issues, to inflame and/or mislead the jury, would be unduly prejudicial, and would waste the Court's, the jury's, and the parties' time.

---

[1] All exhibit numbers refer to exhibits to Plaintiff's motion for class certification and exhibits to Plaintiff's opposition to Defendants' motion for summary judgment, which bear the same numbers. *See* Dkt. 243–243-20.

3

1    Defendants therefore move for an order excluding from trial evidence and

2    argument relating to marketing materials to which Bahamas was not exposed,

3    including evidence of or references to Ebola.

## II.    ARGUMENT

5    Only relevant evidence is admissible at trial.  Fed. R. Evid. 402.  Federal

6    Rule of Evidence 401 defines "relevant evidence" as evidence that "(1) [] has any

7    tendency to make a fact more probable or less probable than it would be without

8    the evidence; and (2) the fact is of consequence in determining the action."  Fed. R.

9    Evid. 401.  *Millenkamp v. Davisco Foods Int'l, Inc.*, 562 F.3d 971, 980 (9th Cir.

10   2009) (defining relevant evidence).  The party seeking to admit evidence bears "the

11   burden of proof to show its admissibility."  *In re Oracle Corp. Secs. Litig.*, 627

12   F.3d 376, 385 (9th Cir. 2010).

13   Even if relevant, "evidence may be excluded if its probative value is

14   substantially outweighed by the danger of unfair prejudice, confusion of the issues,

15   or misleading the jury, or by considerations of undue delay, waste of time, or

16   needless presentation of cumulative evidence."  Fed. R. Evid. 403; *United States v.*

17   *Espinoza-Baza*, 647 F.3d 1182, 1189 (9th Cir. 2011).  "Where the evidence is of

18   very slight (if any) probative value, . . . even a modest likelihood of unfair

19   prejudice or a small risk of misleading the jury will justify excluding that

20   evidence."  *Espinoza-Baza*, 647 F.3d at 1189 (internal citations omitted, ellipses in

21   original).  Unfair prejudice involves an "undue tendency to suggest a decision on

22   an improper basis, commonly, though not necessarily, an emotional one."  Fed. R.

23   Evid. 403, Notes of Advisory Committee on 1972 Proposed Rules; *see also, e.g.*,

24   *United States v. Cruz-Garcia*, 344 F.3d 951, 956 (9th Cir. 2003) (unfair prejudice

25   is "based on something other than [the evidence's] persuasive weight").

4

**A. Marketing Materials To Which Bahamas Was Not Exposed, Including References to Ebola, Are Irrelevant and Should Be Excluded.**

In ruling on Bahamas's motion for class certification, this Court declined to certify a class as to Bahamas's affirmative-misrepresentation-based claims because there was no evidence that members of the class were uniformly exposed to the same representations about the gowns before or at the point of sale.  Order on Class Cert., Dkt. 270, at 16.  Given this lack of uniform exposure, the Court certified a class **only** as to Bahamas's omission-based claims.  In light of the Court's ruling, any marketing materials containing alleged misrepresentations are irrelevant to the claims properly remaining to be tried, which are premised only on the failure to disclose allegedly material information, not on affirmative misrepresentations.[2]

---

[2]  To the extent Bahamas is allowed to proceed to trial on its individual affirmative-misrepresentation-based claims, which Defendants contend is not proper, evidence of marketing materials to which Bahamas was not exposed is not relevant to those claims.  To prevail on an affirmative misrepresentation claim, Bahamas must prove that it relied on an alleged misrepresentation, and plainly Bahamas cannot have relied on representations it never saw.  *See Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310, 326-27, 246 P.3d 877, 888 (2011) (to prevail on a misrepresentation-based UCL claim, plaintiff must show actual reliance on the alleged misrepresentations);  *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1363 (2010) (plaintiff lacks statutory standing to bring a UCL claim based on affirmative misrepresentations unless the plaintiff was exposed to and relied on the alleged misrepresentations); *see also Brazil v. Dole Packaged Foods, LLC*, No. 14-17480, 2016 U.S. App. LEXIS 17733, at *4 (9th Cir. Sept. 30, 2016) (misrepresentation-based UCL claim failed as a matter of law where plaintiff "did not see the allegedly offending statements before he purchased the [product]");  *In re iPhone Application Litig.*, 6 F. Supp. 3d 1004, 1012 (N.D. Cal. 2013) ("[T]o demonstrate standing under the UCL, Plaintiffs must set forth specific facts showing that they actually relied on [the defendant's] misrepresentations and suffered economic injury as a result of that reliance.");  *In re LinkedIn User Privacy Litig.*, 932 F. Supp. 2d 1089, 1093 (N.D. Cal. 2013) (plaintiff must have read a misrepresentation to have standing to bring a claim based on that misrepresentation); *Herrington v. Johnson &*

5

---

1    Yet, Bahamas has filed as exhibits to its motion for class certification and its

2    opposition to Defendants' motion for summary judgment—and included on its trial

3    exhibit list—various marketing materials to which Bahamas was not exposed, to

4    which the class was not uniformly exposed, and that are not probative of whether

5    Defendants omitted any material information about the gowns' level of barrier

6    protection.  For example, Defendants anticipate that Bahamas will seek to

7    introduce at trial evidence of internal marketing presentations comparing

8    MICROCOOL* gowns to gowns manufactured by Medline, a competitor of

9    Kimberly-Clark and Halyard.  *See, e.g.*, Pl.'s Exs. 36, 37, 58, 62, 63.  But there is

10   no evidence that Defendants actually used these comparisons to market the gowns

11   to any class member (much less that Defendants did so uniformly to the class as a

12   whole), nor is there any evidence that any class member relied on any of these

13   comparisons in deciding to purchase MICROCOOL* gowns in lieu of gowns

14   manufactured by Medline.

15   Defendants also anticipate that Bahamas will seek to introduce evidence of

16   letters certain (but not all) customers received regarding MICROCOOL* gowns.

17   *See, e.g.*, Pl.'s Exs. 71, 96, 102.  But there is no evidence that such letters were sent

18   to every class member, nor any evidence that any class member relied on such

19   letters in deciding to purchase MICROCOOL* gowns.

20   Similarly, Defendants anticipate that Bahamas will seek to introduce

21   evidence purportedly showing that Defendants marketed MICROCOOL* gowns as

22   appropriate for use with treating patients infected with the Ebola virus.  But there is

23

---

24   *Johnson Consumer Cos.*, No. C 09-1597 CW, 2010 WL 3448531, at *7-8 (N.D.

25   Cal. Sept. 1, 2010) (plaintiffs lacked standing to sue under the UCL and CLRA
     because they failed to allege they saw any particular misrepresentations that

26   formed the basis for their claims).  As discussed above, there is no evidence that

27   Bahamas was exposed to *any* representations made by Defendants about the
     gowns' level of liquid barrier protection, other than the gowns' label.

28

---

**DEFENDANTS' MOTION *IN LIMINE* NO. 3 TO EXCLUDE EVIDENCE OF
IRRELEVANT MARKETING MATERIALS**

***no evidence*** that Bahamas or any class member treated ***any*** patients suspected of being infected with the Ebola virus, was exposed to or relied on any representations about the use of MICROCOOL* gowns for treating suspected Ebola patients, purchased MICROCOOL* gowns for that purpose, or used a MICROCOOL* gown while treating a patient suspected to be infected with Ebola. Indeed, the evidence shows that Bahamas is an ambulatory surgery center—it is not a facility that treats patients suspected of being infected with communicable diseases such as Ebola.  Ex. 11 to Devereaux Decl., Dkt. 191-3, at 17:11-18:4. Moreover, Bahamas's Fed. R. Civ. P. 30(b)(6) designee testified that Bahamas first decided to purchase MICROCOOL* gowns in 2012—long before the Ebola outbreak, and long before Defendants allegedly began marketing MICROCOOL* gowns as appropriate for use with suspected Ebola patients.  *Id.* at 92:19-22.  And there is no evidence that there has ever been a case of Ebola in California—the only state where Bahamas and all members of the class are located.[3]

Given that the court certified a class only with respect to omission-based claims, and that any alleged misrepresentations made to purchasers other than Bahamas are no longer even possibly at issue in this case, evidence of marketing materials to which Bahamas was not exposed cannot form the basis of any of the claims remaining to be tried in this action.  Such evidence is simply not probative of whether Defendants omitted material facts about the gowns' compliance with the "AAMI Level 4" standard.

---

[3]  The only known cases of Ebola transmission in the United States occurred in Texas—not California—when two health care workers contracted Ebola after treating a patient who was infected with the virus.  There is no evidence that these health care workers used MICROCOOL* gowns or that they contracted Ebola due to a failure of the personal protective equipment they were using, as opposed to some other reason.

7

1    Nor is such evidence relevant to punitive damages.  As the U.S. Supreme

2    Court has held, "[a] defendant's dissimilar acts, independent from the acts upon

3    which liability [is] premised, may not serve as the basis for punitive damages."

4    *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 422 (2003); *see also*

5    *Dugan v. Nance*, No. CV 11-8145-CAS (SHx), 2013 U.S. Dist. LEXIS 118175, at

6    *2-3 (C.D. Cal. Aug. 20, 2013) ("Dissimilar prior acts of the defendant are not a

7    proper basis for awarding punitive damages because the defendant 'should be

8    punished for the conduct that harmed the plaintiff, not for being an unsavory

9    individual.'").  If Defendants are found liable, it will be because of information

10   Defendants failed to disclose about the gowns' "AAMI Level 4" compliance, not

11   because of any affirmative misrepresentations made in marketing materials.

12   Under these circumstances, excluding from trial under Federal Rules of

13   Evidence 401 and 402 evidence of marketing materials to which Bahamas was not

14   exposed and to which the class was not uniformly exposed is warranted.  *See, e.g.*,

15   *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008) (holding that

16   trial courts may properly determine that evidence is not relevant, and therefore

17   inadmissible).

18   **B. Evidence of Marketing Materials To Which Bahamas Was Not Exposed,**
**Including Any References to Ebola, Should Be Excluded Under Fed. R.**

19   **Evid. 403.**

20   Even if evidence of marketing materials to which Bahamas was not exposed

21   is somehow relevant to this case—which it is not, for the reasons described

22   above—Federal Rule of Evidence 403 allows the Court to exclude such evidence

23   "if its probative value is substantially outweighed by a danger of . . . unfair

24   prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or

25   needlessly presenting cumulative evidence."  As the Ninth Circuit has recognized,

26   "'[w]here the evidence is of very slight (if any) probative value, . . . even a modest

27

28
                                          8

likelihood of unfair prejudice or a small risk of misleading the jury' will justify

excluding that evidence."  *United States v. Espinoza-Baza*, 647 F.3d 1182, 1189

(quoting *United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992)).

Evidence of marketing materials to which Bahamas was not exposed falls

squarely within Rule 403's scope.  Bahamas was not exposed to and did not rely

on any marketing materials produced by Defendants in deciding to purchase

MICROCOOL* gowns.  And the class was not uniformly exposed to any such

materials.  To allow the jury to consider such evidence would be to invite the jury

to find Defendants liable for alleged misrepresentations to which neither the

Plaintiff nor all class members were exposed.  California law does not allow this.

*See Cohen v. DirecTV, Inc.*, 178 Cal. App. 4th 966, 979 (2009) (stating that

California law does not authorize recovery by "a consumer who was never exposed

in any way to an allegedly wrongful business practice"); *see also Berger v. Home

Depot USA, Inc.*, 741 F.3d 1061, 1068 (9th Cir. 2014) ("[C]lass certification of

UCL claims is available only to those class members who were actually exposed to

the business practices at issue."); *Campion v. Old Republic Home Protection Co.*,

272 F.R.D. 517, 534 (S.D. Cal. 2011) ("[O]ne who was not exposed to the alleged

misrepresentation and therefore could not possibly have lost money or property as

a result of the unfair competition is not entitled to restitution."); *Pfizer Inc. v.

Super. Ct.*, 182 Cal. App. 4th 622, 632 (2010) ("*Tobacco II* allows a class

representative who actually relied on the defendants' misleading advertising

campaign to represent other class members who may have lost money by means of

the unfair practice [but] does not stand for the proposition that a consumer who

was never exposed to an alleged false or misleading advertising or promotional

campaign is entitled to restitution.").

1    Additionally, any evidence of or references to Ebola should be excluded
2  under Rule 403 because evidence of and references to Ebola would have an impact
3  on the jury that is far disproportionate to its non-existent probative value.  News
4  reports of suspected Ebola patients in the United States incited fear in a large
5  number of Americans (possibly including jurors in this case).  Introducing
6  evidence of Ebola at trial—particularly in light of its irrelevance to Defendants'
7  liability to Bahamas and the class members in this case—risks sparking those same
8  fears and irreparably prejudicing the jury against Defendants.  Such evidence
9  should, therefore, be excluded.

### III.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court
enter an order precluding Plaintiff from introducing evidence of, or making
reference to, any advertising or marketing materials to which Bahamas was not
exposed and any evidence of or references to Ebola.

10

1

DATED:  February 7, 2017

KING & SPALDING LLP

2

3

By: /s/ Stephen B. Devereaux
    Alexander Calfo
    Julia Romano
    633 West Fifth Street, Suite 1700
    Los Angeles, CA 90071
    Telephone:  (213) 443-4355
    Facsimile :  (213) 443-4310

4

5

6

7

    Chilton D. Varner
    (admitted *pro hac vice*)
    Stephen B. Devereaux
    (admitted *pro hac vice*)
    Madison H. Kitchens
    (admitted *pro hac vice*)
    1180 Peachtree Street, N.E.
    Atlanta, GA 30309-3521
    Telephone:  (404) 572-4600
    Facsimile:   (404) 572-5100

8

9

10

11

12

13

    Attorneys for Defendants
    KIMBERLY-CLARK
    CORPORATION, a Delaware
    Corporation; and HALYARD
    HEALTH, INC., a Delaware
    Corporation

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11

**DEFENDANTS' MOTION *IN LIMINE* NO. 3 TO EXCLUDE EVIDENCE OF IRRELEVANT MARKETING MATERIALS**