ALEXANDER CALFO (State Bar No. 152891)
*acalfo@kslaw.com*
JULIA ROMANO (State Bar No. 260857)
*jromano@kslaw.com*
**KING & SPALDING LLP**
633 W. Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

Attorneys for Defendants KIMBERLY-CLARK CORPORATION, a Delaware Corporation; and HALYARD HEALTH, INC., a Delaware Corporation

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HRAYR SHAHINIAN, M.D., F.A.C.S. et al.;<br><br>Plaintiffs,<br><br>v.<br><br>KIMBERLY-CLARK CORPORATION, a Delaware Corporation; and HALYARD HEALTH, INC., a Delaware Corporation,<br><br>Defendants. | Case No. 2:14-cv-08390-DMG-PLA<br><br>**DEFENDANTS' MOTION *IN LIMINE* NUMBER 4\_\_\_\_\_**<br><br>**(EVIDENCE RELATED TO PARALLEL INVESTIGATIONS OR OTHER LITIGATION)**<br><br>[*Proposed Order Attached*]<br><br>HEARING DATE: Feb. 28, 2017<br>HEARING TIME: 2:00 p.m.<br>LOCATION:    Ctrm. 8C |

---

**DEFENDANTS' MOTION *IN LIMINE* NO. 4 TO EXCLUDE EVIDENCE RELATED TO PARALLEL INVESTIGATIONS OR OTHER LITIGATION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on February 28, 2017 at 2:00 p.m., or as soon thereafter as this matter may be heard, pursuant to FED. R. EVID. 401, 402, and 403, Defendants Kimberly-Clark Corporation and Halyard Health, Inc., will, and hereby do, move this Court for an order excluding evidence of, or reference to, parallel investigations or other litigation involving Defendants or Defendants' products, including MICROCOOL* gowns.

As set forth in Defendants' Motion, all such evidence or argument should be excluded because it is both irrelevant and unduly prejudicial and, in the case of any supposed "fraud on the FDA" or regulatory obligations different from or in addition to those under the FDCA, is preempted by law.

This motion is based on the authority of FED. R. EVID. 401, 402, and 403, the broad discretionary authority invested in this Court, and other controlling authorities, as well as this Notice, the contemporaneous Motion, and on the Court's files and records in this case.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on February 6, 2017.

DATED:  February 7, 2017

                                              KING & SPALDING LLP

                                              By: /s/ Stephen B. Devereaux
                                                     Alexander Calfo
                                                     Julia Romano
                                                     633 W. Fifth Street, Suite 1700
                                                     Los Angeles, CA 90071
                                                     Telephone:  (213) 443-4355
                                                     Facsimile:  (213) 443-4310

                                                     Chilton D. Varner
                                                     (admitted *pro hac vice*)
                                                     Stephen B. Devereaux

---

**DEFENDANTS' MOTION *IN LIMINE* NO. 4 TO EXCLUDE EVIDENCE RELATED TO PARALLEL INVESTIGATIONS OR OTHER LITIGATION**

(admitted *pro hac vice*)
Madison H. Kitchens
(admitted *pro hac vice*)
1180 Peachtree Street, N.E.
Atlanta, GA 30309-3521
Telephone: (404) 572-4600
Facsimile: (404) 572-5100

Attorneys for Defendants KIMBERLY-CLARK CORPORATION, a Delaware Corporation; and HALYARD HEALTH, INC., a Delaware Corporation

# TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................1

II. ARGUMENT ......................................................................................................3

   A. Applicable Law. ..........................................................................................3

   B. Parallel Investigations and Other Litigation Are Irrelevant to This Case. ........................................................................................................4

   C. Any Probative Value of Parallel Investigations or Other Litigation Is Substantially Outweighed by the Risks of Prejudice, Confusion, and Waste of Time. ....................................................................5

   D. Bahamas Is Preempted from Arguing Defendants Are Liable for Alleged Non-Compliance with Obligations Beyond Their FDCA Requirements or for Purported "Fraud on the FDA." ...............................7

III. CONCLUSION ..................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Buckman Co. v. Plaintiff's Legal Comm.*,
   531 U.S. 341, 349 (2001) .................................................................................. 6

*DeBons v. Globus Med., Inc.*,
   No. 2:13-cv-08518-SVW-FFMx, 2014 WL 12495351 (C.D. Cal.
   Aug. 8, 2014) ................................................................................................... 9

*Engquist v. Or. Dept. of Agric.*,
   478 F.3d 985 (9th Cir. 2007) ........................................................................... 6

*In re Ethicon, Inc., Pelvic Repair Sys. Prod. Liab. Litig.*,
   No. 2:12-CV-4301, 2014 WL 505234 (S.D.W. Va. Feb. 5, 2014) ................... 7

*Gribben v. United Parcel Serv., Inc.*,
   528 F.3d 1166 (9th Cir. 2008) ......................................................................... 6

*In re Homestore.com, Inc.*,
   No. CV 01-11115 ............................................................................................ 5

*HTC Corp. v. Tech. Props. Ltd.*,
   No. 5:08-CV-00882-PSG, 2013 WL 4782598 (N.D. Cal. Sept. 6,
   2013) ................................................................................................................ 6

*Medtronic, Inc. v. Lohr*,
   518 U.S. 470 (1996) ........................................................................................ 8

*Millenkamp v. Davisco Foods Intern., Inc.*,
   562 F.3d 971 (9th Cir. 2009) ........................................................................... 3

*In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of
   Mexico on April 20, 2010*,
   No. MDL 2179, 2012 WL 413860 (E.D. La. Feb. 9, 2012) ............................ 5

*In re Oracle Corp. Secs. Litig.*,
   627 F.3d 376 (9th Cir. 2010) ........................................................................... 3

*Perez v. Nidek Co.*,
   711 F.3d 1109 (9th Cir. 2013) ......................................................................... 9

**DEFENDANTS' MOTION *IN LIMINE* NO. 4 TO EXCLUDE EVIDENCE RELATED TO PARALLEL INVESTIGATIONS OR OTHER LITIGATION**

*Samet v. Procter & Gamble Co.*,
    No. 5:12-CV-01891 PSG, 2013 WL 3124647 (N.D. Cal. June 18,
    2013) .................................................................................................................. 8

*Sprint/United Mgmt. Co. v. Mendelsohn*,
    552 U.S. 379 (2008) ............................................................................................ 5

*Stengel v. Medtronic Inc.*,
    704 F.3d 1224 (9th Cir. 2013) ............................................................................ 9

*Sugar Ass'n, Inc. v. McNeil-PPC, Inc.*,
    No. CV 04-10077 ............................................................................................ 5, 6

*U.S. v. Espinoza-Baza*,
    647 F.3d 1182 (9th Cir. 2011) ......................................................................... 3, 4

*United States v. Cruz-Garcia*,
    344 F.3d 951 (9th Cir. 2003) .............................................................................. 4

*United States v. Hicks*,
    103 F.3d 837 (9th Cir. 1996) .............................................................................. 4

*United States v. Vallejo*,
    237 F.3d 1008 (9th Cir. 2001) ............................................................................ 7

**Statutes**

21 U.S.C. § 337(a) ...................................................................................................... 9

21 U.S.C. § 360k(a) .................................................................................................... 8

**Other Authorities**

FED. R. EVID. 401 ............................................................................................... *passim*

FED. R. EVID. 402 ............................................................................................... *passim*

FED. R. EVID. 403 ............................................................................................... *passim*

FED. R. EVID. 403, Notes of Advisory Committee on 1972 Proposed
    Rules .................................................................................................................. 4

FED. R. EVID. 404 ........................................................................................................ 7

FED. R. EVID. 801 ........................................................................................................ 5

FED. R. EVID. 802 .................................................................................................................. 5

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Kimberly-Clark Corporation ("Kimberly-Clark) and Halyard Health, Inc. ("Halyard") (collectively, "Defendants"), move the Court for an order precluding Plaintiff Bahamas Surgery Center ("Bahamas") from introducing evidence of, or making reference to, any parallel investigations (whether governmental or otherwise, such as media investigations) or other litigation involving Defendants or Defendants' products, including MICROCOOL* gowns. Defendants set forth the grounds for this Motion as follows:

### I.     INTRODUCTION

Bahamas alleges that from February 12, 2012 through January 11, 2015, Defendants failed to disclose certain information to the class allegedly showing that their MICROCOOL* Breathable High Performance Surgical Gowns did not meet the standard for barrier protection claimed on the gowns' label, and that, as a result, Bahamas and the class overpaid for the gowns.

Defendants anticipate that Bahamas, in an effort to support its claims, will seek to introduce evidence of, or otherwise reference, parallel investigations (by governmental entities or the news media) and separate litigation, involving Defendants or their products, including MICROCOOL* gowns. This includes a July 2016 audit by the U.S. Food and Drug Administration ("FDA")[1] and a May 2016 story on the television news program *60 Minutes*. Indeed, Bahamas has raised these issues in filings before the Court and extensively questioned one Halyard witness regarding the 2016 FDA audit. (*See, e.g.*, Pl.'s Opp. to Defs.' MSJ (Dkt. 241), at 8 n.6 (referencing airing of internal Kimberly-Clark document on *60 Minutes* program); Rule 37-1 Joint Stip. (Dkt. 93), at 4-5 & n.4 (citing subpoenas from Department of Justice and mischaracterizing Defendants' requests

---

[1] FDA routinely audits manufacturers of medical devices in order to assure compliance with manufacturing and record-keeping requirements.

for basic, standing-related discovery from original named plaintiff as an "end-run" effort to obtain discovery for other litigation).)

Well-established law prohibits Bahamas from offering such evidence or argument at trial to suggest that Defendants engaged in wrongdoing or should be liable in this case. The substantial risk of prejudice and jury confusion threatened by these topics is self-evident. Any reference to investigations of Defendants (for any purpose even remotely related to MICROCOOL* gowns) by the United States government, or well-known news programs like *60 Minutes*, or the Food and Drug Administration, would doom any prospect of a fair trial. No jury can train its focus on the evidence, or impartially and fairly resolve the factual disputes that will be presented during this trial if their objectivity has already been contaminated by a sense that any of these entities has determined, or will determine, that something improper has occurred.[2] The prejudice and jury confusion would be far worse if Bahamas is permitted to make good on its threats to make these collateral investigations a centerpiece of its trial strategy.

The Court should exclude all such evidence or argument on multiple grounds. First, there is no relevant connection between the issues to be tried in the case—which are narrow and specific as set forth in the Second Amended Complaint –and evidence concerning parallel investigations or other litigation. At bottom, that another entity (whether governmental or media) is investigating Defendants or that other parties have filed lawsuits against Defendants does not have "any tendency to make a fact more or less probable than it would be without the evidence." FED. R. EVID. 401. Second, presentation of such evidence or argument would, as explained, be unduly prejudicial to Defendants, confusing to jurors, and a waste of the Court's time. Particularly because such parallel

---

[2] Such references would, in fact, heavily encourage jurors to explore the internet in violation of their instructions from the Court.

2

**DEFENDANTS' MOTION *IN LIMINE* NO. 4 TO EXCLUDE EVIDENCE RELATED TO PARALLEL INVESTIGATIONS OR OTHER LITIGATION**

investigations and litigation are ongoing and incomplete, any reference thereto has no probative value while serving only to give the jury an unfavorable impression of Defendants.  Finally, Bahamas is preempted from arguing that Defendants fell short of obligations "different from, or in addition to" their requirements under the Food, Drug, and Cosmetics Act ("FDCA"), or committed "fraud on the FDA"— either in response to the (wholly irrelevant) 2016 FDA audit or in any other context.

Defendants accordingly move for an order excluding from trial all evidence and argument relating to parallel investigations (governmental, media, or otherwise), or other litigation, involving the Defendants or their products, including MICROCOOL* gowns.

## II.   ARGUMENT

### A. Applicable Law.

Only relevant evidence is admissible at trial.  FED. R. EVID. 402.  Federal Rule of Evidence 401 defines "relevant evidence" as evidence that "(1) [] has any tendency to make a fact more probable or less probable than it would be without the evidence; and (2) the fact is of consequence in determining the action."  FED. R. EVID. 401.  *Millenkamp v. Davisco Foods Intern., Inc.*, 562 F.3d 971, 980 (9th Cir. 2009) (defining relevant evidence).  The party seeking to admit evidence bears "the burden of proof to show its admissibility."  *In re Oracle Corp. Secs. Litig.*, 627 F.3d 376, 385 (9th Cir. 2010).  Even if relevant, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  FED. R. EVID. 403; *U.S. v. Espinoza-Baza*, 647 F.3d 1182, 1189 (9th Cir. 2011).  "Where the evidence is of very slight (if any) probative value, … even a modest likelihood of unfair prejudice or a small risk of misleading the jury will justify excluding that

3

evidence." *Espinoza-Baza*, 647 F.3d at 1189 (internal citations omitted, ellipses in original).  Unfair prejudice involves an "undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one."  FED. R. EVID. 403, Notes of Advisory Committee on 1972 Proposed Rules; *see also, e.g.*, *United States v. Cruz-Garcia*, 344 F.3d 951, 956 (9th Cir. 2003) (unfair prejudice is "based on something other than [the evidence's] persuasive weight).

### B. Parallel Investigations and Other Litigation Are Irrelevant to This Case.

Evidence of, or reference to, parallel, incomplete investigations or separate litigation involving the Defendants or MICROCOOL* gowns do not make any fact in this matter "more probable or less probable" than they would be otherwise.  FED. R. EVID. 401.  The mere fact that MICROCOOL* gowns might have been the subject of an FDA audit (which postdates both the filing of this lawsuit and the close of the class period), an investigative news program, or separate litigation, makes it no more or less likely that Defendants fraudulently concealed material information during the class period (which Defendants, of course, vigorously dispute).  The same is true of the mere fact that news outlets, such as *60 Minutes*, have at times reported on ***allegations*** involving MICROCOOL* gowns.[3]  None of these facts are in the record, and none help to prove—one way or the other—the specific and narrow questions that must be resolved at trial: *e.g.*, whether Bahamas

---

[3] It should be noted that *60 Minutes* is routinely criticized even from within the ranks of the popular press for the sensationalism and selected editing of its stories, as well as for its "years of journalistic scandals and missteps."  *See, e.g.*, David Lieberman, *Can TV Investigative Reporting Evolve Beyond "60 Minutes"?*, DEADLINE (Apr. 10, 2012), http://deadline.com/2012/04/can-investigative-reporting-on-tv-evolve-beyond-60-minutes-254142/; Eric Boehlert, *Misinformer Of The Year: CBS News*, MEDIA MATTERS (Dec. 26, 2013), http://mediamatters.org/blog/2013/12/26/misinformer-of-the-year-cbs-news/197323.

could have relied on any purported omission about the alleged non-compliance with AAMI Level 4, and whether Bahamas was damaged as a result.[4]

Trial courts have discretion under the Federal Rules to determine that evidence is irrelevant, and therefore inadmissible. *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008). The Court should exercise that discretion and exclude evidence or argument about governmental investigations, media investigations, or separate litigation because they simply are not relevant to any issue in this case. *See, e.g.*, *Sugar Ass'n, Inc. v. McNeil-PPC, Inc.*, No. CV 04-10077 DSF(RZX), 2008 WL 4755611, at *1-2 (C.D. Cal. Jan. 7, 2008) (excluding evidence of other litigation or settlements because plaintiff failed to show it was relevant to one or more issues in case); *In re Homestore.com, Inc.*, No. CV 01-11115 RSWL CWX, 2011 WL 291176, at *1 (C.D. Cal. Jan. 25, 2011) ("[R]eference to or evidence of [] involvement in other litigation prior to this Action is also irrelevant and carries with it a high risk of prejudice."); *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010*, No. MDL 2179, 2012 WL 413860, at *3 (E.D. La. Feb. 9, 2012) (excluding evidence of civil, criminal, or regulatory actions as lacking relevance because "[n]one of the proffered evidence would make it more or less likely that BP is responsible" for the issues being tried).

**C. Any Probative Value of Parallel Investigations or Other Litigation Is Substantially Outweighed by the Risks of Prejudice, Confusion, and Waste of Time.**

Even if evidence relating to parallel investigations or other litigation could conceivably be considered relevant to a fact of consequence in this matter, that

---

[4] Moreover, particularly with regard to the *60 Minutes* story (or any similar broadcast or publication in the news), any use of the broadcast at trial or a transcript of the same would present insurmountable hearsay problems. FED. R. EVID. 801, 802.

5

evidence and any related argument should still be excluded as unduly prejudicial to Defendants under Rule 403.  Indeed, the only conceivable purpose of such irrelevant evidence would be to bias the jury against the Defendants by implying some correlation between the mere existence of some other investigation or litigation and culpability in this case.  The likelihood of unfair prejudice resulting from such implication greatly outweighs any probative value the evidence may have.  *See Engquist v. Or. Dept. of Agric.*, 478 F.3d 985, 1008-1010 (9th Cir. 2007) (affirming district court's exclusion of evidence relating to verdict in prior state-court case); *Sugar Ass'n, Inc.*, 2008 WL 4755611, at *2 (dangers of unfair prejudice or confusing the jury substantially outweighed any probative value of evidence of other litigation).

      Jurors also would be confused and misled if presented with evidence or reference to such issues as the FDA audit or *60 Minutes* broadcast.  The current case is already complicated and will involve a significant amount of evidence relating to complex issues.  If Bahamas were allowed to introduce evidence of other investigations or litigation, that evidence would only distract from the key issues of the case, leading to unnecessary confusion on the jury's part.  *See, e.g.*, *Gribben v. United Parcel Serv., Inc.*, 528 F.3d 1166, 1172 (9th Cir. 2008) (affirming exclusion of defendant's consent decree on grounds that its potential for prejudice and confusion outweighed any probative value); *HTC Corp. v. Tech. Props. Ltd.*, No. 5:08-CV-00882-PSG, 2013 WL 4782598, at *2–3 (N.D. Cal. Sept. 6, 2013) (stating that the court "cannot countenance the likely confusion that will result upon admission of evidence of a co-pending investigation at the ITC on this litigation"); *In re Ethicon, Inc., Pelvic Repair Sys. Prod. Liab. Litig.*, No. 2:12-CV-4301, 2014 WL 505234, at *6 (S.D.W. Va. Feb. 5, 2014) (granting motion to exclude because "[t]he jury must still find that the TVT caused Ms. Lewis's

injuries" and "[e]vidence of other lawsuits is likely to confuse and mislead the jury from that task, and it is highly prejudicial to Ethicon").

Relatedly, if Bahamas were allowed to introduce evidence or argument before the jury regarding parallel investigations or other litigation, Defendants would be forced—and entitled—to address the issues and present specific facts and circumstances relating to the case, which would subject the Court and the jury (potentially for days) to a cascade of complicated miniature trials-within-the-trial on entirely ancillary matters. Rule 403 is designed to combat precisely this species of evidence and argument. *See United States v. Vallejo*, 237 F.3d 1008, 1016 (9th Cir. 2001) (stating that the district court has discretion to exclude evidence if it "finds that the [evidence] would waste time, confuse or not materially assist the trier of fact, or be better served through cross-examination or a comprehensive jury instruction") (quoting *United States v. Hicks*, 103 F.3d 837, 847 (9th Cir. 1996)).[5]

### D. Bahamas Is Preempted from Arguing Defendants Are Liable for Alleged Non-Compliance with Obligations Beyond Their FDCA Requirements or for Purported "Fraud on the FDA."

Finally, Bahamas is preempted from arguing that Defendants fell short of obligations "different from, or in addition to" their FDCA requirements, or committed "fraud on the FDA"—either in response to the FDA audit or in any other context.

As an initial matter, any reference at trial to the FDA audit would be wholly irrelevant and substantially prejudicial. There can be no dispute that the audit was undertaken in July 2016, over a year and a half after the close of the class period

---

[5] In addition to being unfairly prejudicial and irrelevant, such evidence would also improperly constitute character evidence. *See* FED. R. EVID. 404(b)(1) ("Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character").

7

1 and nearly two years after the filing of this lawsuit.  No possible nexus could exist between any issue to be tried in this case (*including* punitive damages) and either the audit itself or any action Bahamas alleges that Defendants took in response.

Beyond this, Bahamas is barred by statute and controlling precedent from raising any such argument.  First, Bahamas is expressly preempted from arguing that its omission claim is premised on any common-law or state-law duty "different from, or in addition to" Defendants' requirements under the FDCA. 21 U.S.C. § 360k(a); *see also, e.g.*, *Samet v. Procter & Gamble Co.*, No. 5:12-CV-01891 PSG, 2013 WL 3124647, at *5–6 (N.D. Cal. June 18, 2013) (holding, as expressly preempted under analog to Section 360k(a), claim alleging that packaging was misleading, because FDCA governed and permitted the labeling in question and plaintiff was thus seeking to impose requirement different from, or additional to the federal statutes and regulations); *compare, e.g.*, *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 495 (1996) (holding that the presence of a state-law damages remedy for violations of **FDA** requirements does not impose an additional requirement upon medical device manufacturers but "merely provides another reason for manufacturers to comply with ... federal law").  Accordingly, express preemption bars Bahamas from arguing, on the basis of a purported state- or common-law duty, that Defendants failed to initiate a recall or field investigation, or failed to notify FDA of any alleged safety issue—in the course of the 2016 FDA audit or at any other time.

Furthermore, Bahamas is precluded under principles of conflict preemption from arguing or suggesting that Defendants committed "fraud on the FDA."  For example, counsel for Bahamas devoted substantial time during the deposition of one Halyard employee, Keisha Weaver, to accuse—without basis—both the witness and Defendants of attempting to deceive FDA by altering documents submitted as part of the 2016 FDA audit.

8

DEFENDANTS' MOTION *IN LIMINE*  NO. 4 TO EXCLUDE EVIDENCE RELATED TO PARALLEL INVESTIGATIONS OR OTHER LITIGATION

Any such argument or questioning at trial is squarely preempted under the United States Supreme Court's decision in *Buckman Co. v. Plaintiff's Legal Comm.* The FDCA "leaves no doubt that it is the Federal Government rather than private litigants who are authorized to file suit for noncompliance with the medical device provisions." *DeBons v. Globus Med., Inc.*, No. 2:13-cv-08518-SVW-FFMx, 2014 WL 12495351, at *2 (C.D. Cal. Aug. 8, 2014) (quoting *Buckman*, 531 U.S. 341, 349 n.4 (2001)), *aff'd*, No. 14-56455, 2016 WL 4363171 (9th Cir. Aug. 16, 2016); 21 U.S.C. § 337(a). In *Buckman*, "the plaintiffs asserted a state law fraud claim based on purported misrepresentations made to the FDA during the premarket approval process for the medical device at issue." *Stengel v. Medtronic Inc.*, 704 F.3d 1224, 1235 (9th Cir. 2013) (citing *Buckman*, 531 U.S. at 343). "The Supreme Court held that this claim was impliedly preempted because it sought to enforce an exclusively federal requirement and was not grounded in traditional state tort law." *Id.* (citing *Buckman*, 531 U.S. at 352-53). Allowing the claim to proceed, the *Buckman* court reasoned, would interfere "with the federal statutory scheme, which amply empowers the FDA to punish and deter fraud against the Administration." 531 U.S. at 348 (internal quotation marks omitted).

Because it is the sole province of the FDA—and not the jury—to determine whether Defendants committed a "fraud on the FDA," Bahamas should be barred from offering any evidence or argument, or questioning any witness, about any purported "fraud on the FDA" or resulting liability. *See Perez v. Nidek Co.*, 711 F.3d 1109, 1119 (9th Cir. 2013); *DeBons*, 2014 WL 12495351, at *2-3 (emphasis in original).

### III.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court enter an order precluding Bahamas from introducing evidence of, or making reference to, any parallel investigations (whether governmental or otherwise, such

1 | as media investigations) or other litigation involving Defendants or Defendants'
2 | products, including MICROCOOL* gowns.
3 |
4 | DATED:  February 7, 2017

KING & SPALDING LLP

By: /s/ Stephen B. Devereaux
Alexander Calfo
Julia Romano
633 W. Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:  (213) 443-4355
Facsimile:   (213) 443-4310

Chilton D. Varner
(admitted *pro hac vice*)
Stephen B. Devereaux
(admitted *pro hac vice*)
Madison H. Kitchens
(admitted *pro hac vice*)
1180 Peachtree Street, N.E.
Atlanta, GA 30309-3521
Telephone:  (404) 572-4600
Facsimile:   (404) 572-5100

Attorneys for Defendants
KIMBERLY-CLARK
CORPORATION, a Delaware
Corporation; and HALYARD
HEALTH, INC., a Delaware
Corporation