ALEXANDER CALFO (State Bar No. 152891)
*acalfo@kslaw.com*
JULIA ROMANO (State Bar No. 260857)
*jromano@kslaw.com*
**KING & SPALDING LLP**
633 W. 5th Street, Suite 1700
Los Angeles, CA 90071
Telephone:  (213) 443-4355
Facsimile:   (213) 443-4310

Attorneys for Defendants KIMBERLY-CLARK
CORPORATION, a Delaware Corporation; and
HALYARD HEALTH, INC., a Delaware
Corporation

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HRAYR SHAHINIAN, M.D., F.A.C.S. et al.;<br><br>Plaintiffs,<br><br>v.<br><br>KIMBERLY-CLARK CORPORATION, a Delaware Corporation; and HALYARD HEALTH, INC., a Delaware Corporation,<br><br>Defendants. | Case No. 2:14-cv-08390-DMG-PLA<br><br>**DEFENDANTS' MOTION *IN LIMINE* NUMBER 2**<br><br>**(EVIDENCE CONCERNING OTHER PRODUCTS MANUFACTURED BY DEFENDANTS THAT ARE NOT AT ISSUE)**<br><br>[*Proposed Order Attached*]<br><br>HEARING DATE: February 28, 2017<br>HEARING TIME:  2:00 p.m.<br>LOCATION:         Courtroom 8C |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on February 28, 2017 at 2:00 p.m., or as soon thereafter as this matter may be heard, pursuant to FED. R. EVID. 401, 402, 403, and 404(b), Defendants Kimberly-Clark Corporation and Halyard Health, Inc. will, and hereby do, move this Court for an order excluding evidence of, or reference to, alleged compliance issues with products manufactured by Defendants that are not at issue in this matter.

As set forth in Defendants' Motion, all such evidence should be excluded because it is both irrelevant and unduly prejudicial.

This motion is based on the authority of FED. R. EVID. 401, 402, 403, 404(b), the broad discretionary authority invested in this Court, and other controlling authorities, as well as this Notice, the contemporaneous Motion, and on the Court's files and records in this case.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on February 6, 2017.

DATED:  February 7, 2017

KING & SPALDING LLP

By: /s/ Chilton D. Varner
Alexander Calfo
Julia Romano
633 W. 5th Street, Suite 1700
Los Angeles, CA 90071
Telephone:  (213) 443-4355
Facsimile :  (213) 443-4310

Chilton D. Varner
(admitted *pro hac vice*)
Stephen B. Devereaux
(admitted *pro hac vice*)
Madison H. Kitchens
(admitted *pro hac vice*)
1180 Peachtree Street, N.E.
Atlanta, GA 30309-3521

i

Telephone:  (404) 572-4600
Facsimile:   (404) 572-5100

Attorneys for Defendants KIMBERLY-CLARK CORPORATION, a Delaware Corporation; and HALYARD HEALTH, INC., a Delaware Corporation

ii

1

## <u>TABLE OF CONTENTS</u>

I.  INTRODUCTION ........................................................................................ 1

II.  ARGUMENT ............................................................................................. 3

    A.  Evidence Concerning Other Products Not At Issue In This Litigation Is Irrelevant And Should Be Excluded. ...................... 3

    B.  Evidence Concerning Alleged Compliance Issues With Other Products Is Also Barred By Rule 404(b)'s Exclusion of "Other Acts." ................................................................................. 5

    C.  The Introduction Of Evidence Concerning Other Products Besides MICROCOOL* Would Be Highly Prejudicial, Waste Time, And Cause Significant Confusion. ........................... 7

III.  CONCLUSION ......................................................................................... 8

iii

1

# <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

## Cases

*All Alaskan Seafoods, Inc. v. Tyco Elecs. Corp.*,
    83 F. App'x 948 (9th Cir. 2003)............................................................................4

*Millenkamp v. Davisco Foods Intern., Inc.*,
    562 F.3d 971 (9th Cir. 2009)................................................................................3

*In re Oracle Corp. Secs. Litig.*,
    627 F.3d 376 (9th Cir. 2010)................................................................................3

*United States v. McCourt*,
    925 F.2d 1229 (9th Cir. 1991)..........................................................................5, 6

## Other Authorities

Fᴇᴅ. R. Eᴠɪᴅ. 401.......................................................................................*passim*

Fᴇᴅ. R. Eᴠɪᴅ 402.......................................................................................*passim*

Fᴇᴅ. R. Eᴠɪᴅ 403........................................................................................*passim*

Fᴇᴅ. R. Eᴠɪᴅ. 404(b).................................................................................*passim*

iv

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Kimberly-Clark Corporation ("Kimberly-Clark) and Halyard Health, Inc. ("Halyard") (collectively, "Defendants"), move the Court for an order precluding Plaintiff Bahamas Surgery Center, LLC ("Bahamas") from introducing evidence of, or making reference to, alleged compliance concerns or issues relating to products manufactured by Defendants that are not at issue in this case. Defendants set forth the grounds for this Motion as follows:

## I.    INTRODUCTION

This action involves MICROCOOL* Breathable High Performance Surgical Gowns ("MICROCOOL* gowns"), which were manufactured and sold by Kimberly-Clark until October 31, 2014, and thereafter by Halyard.  Bahamas alleges that from February 12, 2012 through January 11, 2015, Defendants failed to disclose certain information to the class allegedly showing that their MICROCOOL* gowns did not meet the standard for barrier protection claimed on the gowns' label, and that, as a result, Bahamas and the class overpaid for the gowns.

Since this lawsuit was filed in October 2014, the allegations in this case have always concerned only one product: AAMI Level 4 MICROCOOL* gowns.  *See generally* Compl. (Dkt. 1); First Am. Compl. (Dkt. 31); Second Am. Compl. (Dkt. 70).  Indeed, Bahamas does not allege that it purchased any products manufactured by Defendants besides MICROCOOL* gowns, and the complaint makes no allegations concerning any other products.  Moreover, this Court's class certification order concerns only this version of the MICROCOOL* gown.  *See* Order re Pl.'s Mot. for Class Cert., Dkt. 270, at 34 (defining classes of MICROCOOL* purchasers).

Nevertheless, in an effort to support its claims at trial, Defendants anticipate that Bahamas will seek to introduce evidence and argument concerning products

1

manufactured by Defendants other than the MICROCOOL* gowns.  For instance, in its class certification briefing and summary judgment opposition, Bahamas relied upon certain exhibits that relate to *entirely different* products manufactured by Defendants.  *See, e.g.*, Pl.'s Ex. 70, Dkt. 243 (document describing customers' reactions and feedback on ULTRA* surgical gowns).  Bahamas has also relied on deposition testimony in which certain witnesses discuss alleged compliance issues with other products manufactured by Defendants.  *See, e.g.*, Pl.'s Ex. 91 (Dkt. 243) at 29:24-30:5 (citing deposition testimony of Bernard Vezeau discussing alleged defects with surgical gowns, surgical drapes, face masks, and exam gloves).  In some instances, Bahamas has directly quoted some of this deposition testimony in its briefing to the Court.  *See, e.g.*, Pl.'s Mem. in Support of Class Cert. (Dkt. 206) at 8-9 (quoting hearsay testimony of former employee Keith Edgett referring to alleged noncompliance issues across product categories over time); Pl.'s Opposition to Defs.' Mot. for Summary Judgment (Dkt. 241) at 5-6 (same).

Any attempt to introduce evidence concerning other products manufactured by Defendants would plainly violate the Federal Rules of Evidence, as only MICROCOOL* gowns are relevant to Bahamas's claims in this litigation.  Indeed, Bahamas would not even have standing to bring claims concerning these other products because it has not alleged that it purchased any product manufactured by Defendants other than MICROCOOL*.  Moreover, Bahamas itself has previously contended that evidence of other products is not relevant, and thus should be judicially estopped from contending otherwise now.

Bahamas's only conceivable purpose in offering such evidence is to portray Defendants as general bad actors based on alleged (but wholly unproved) compliance issues regarding other products.  This is impermissible under the Federal Rules of Evidence and well-established case law.  Indeed, introducing evidence concerning alleged compliance issues with products not at issue in this

**DEFENDANTS' MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE CONCERNING OTHER PRODUCTS MANUFACTURED BY DEFENDANTS THAT ARE NOT AT ISSUE**

case would clearly violate Rule 404(b)'s bar on the admission of "other acts" to prove a party's character or to infer that its conduct on a particular occasion was in conformity with those prior acts.  Lastly, the introduction of such evidence would have a highly prejudicial effect on the jury, in addition to the significant waste of time and juror confusion it would engender.

Defendants therefore move for an order excluding from trial all evidence and argument relating to any products manufactured by Defendants other than MICROCOOL* gowns.

## II.    ARGUMENT

### A.    Evidence Concerning Other Products Not At Issue In This Litigation Is Irrelevant And Should Be Excluded.

Only relevant evidence is admissible at trial.  FED. R. EVID. 402.  Federal Rule of Evidence 401 defines "relevant evidence" as evidence that "(1) [] has any tendency to make a fact more probable or less probable than it would be without the evidence; and (2) the fact is of consequence in determining the action."  FED. R. EVID. 401; *see also Millenkamp v. Davisco Foods Intern., Inc*., 562 F.3d 971, 980 (9th Cir. 2009) (defining relevant evidence).  The party seeking to admit evidence bears "the burden of proof to show its admissibility."  *In re Oracle Corp. Secs. Litig.*, 627 F.3d 376, 385 (9th Cir. 2010).

As noted above, Bahamas's allegations in this case all relate to one product and *only* one product: MICROCOOL* Breathable High Performance Surgical Gowns.  Bahamas does not allege it purchased any products manufactured by Defendants besides MICROCOOL* gowns, and the complaint makes no allegations concerning any other products.  *See generally* Second Am. Compl. (Dkt. 70).  Nor is evidence concerning other products manufactured by Defendants probative of any claim or issue implicated by Bahamas's allegations.  The reason is simple:  any evidence concerning these other products would not make it "more

3

1 probable or less probable" that Defendants deceptively marketed *MICROCOOL\**

2 *gowns*, or that consumers like Bahamas suffered damages as a result of their

3 purchase of *MICROOCOOL\* gowns*.  Fed. R. Evid. 401.

4      Because evidence concerning any other products besides MICROCOOL\* is

5 plainly irrelevant, such evidence should be excluded under Rules 401 and 402.

6 *See, e.g.*, *All Alaskan Seafoods, Inc. v. Tyco Elecs. Corp.*, 83 F. App'x 948, 951

7 (9th Cir. 2003) (holding that district court did not err by excluding evidence of

8 safety defect in "*other products*" (emphasis added)).

9      In fact, throughout this litigation, Defendants have consistently objected on

10 relevance grounds to discovery requests from the named plaintiffs that were

11 worded broadly as to encompass other surgical products besides MICROCOOL\*.[1]

12 *See, e.g.*, Pl.'s Exs. 118, 126, 127 (Dkt. 243) (attaching exemplar discovery

13 responses from Defendants).  Bahamas has not challenged those objections or

14 moved to compel.

15      Moreover, Bahamas itself has previously contended that such evidence is not

16 relevant.  As a result, Bahamas should be judicially estopped from injecting issues

17 about other products into this case.  For instance, Bahamas previously opposed

18 Kimberly-Clark's motion to compel concerning the named plaintiffs' purchases of

19 other surgical gowns.  *See* Dkt. 115 at 5 ("Defendants' argument that it needs

20 discovery concerning Plaintiffs' purchases of surgical gowns other than the Subject

21 Gowns is without merit"); *see also id.* at 4 ("Discovery concerning gowns not at

22 issue in this case is irrelevant to damages."); Dkt. 107 at 25 (Bahamas arguing that

23 "the damages analysis does not require the production of documents relating to

24 gowns purchased other than the subject gowns").

---

[1] Of course, as a practical matter, it would be impossible for Defendants' document production to relate only to MICROCOOL\* gowns.  Defendants have produced over 8,500,000 pages of documents in this litigation—many of which contain information about multiple products.

4

DEFENDANTS' MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE CONCERNING OTHER PRODUCTS MANUFACTURED BY DEFENDANTS THAT ARE NOT AT ISSUE

Bahamas ultimately prevailed on this issue.  To wit, Magistrate Judge Abrams's ruling on the motion to compel uniformly limited discovery to "the subject gowns" (*i.e.*, MICROCOOL\*).  *See* Dkt. 118 at 4 (granting Defendants' motion to compel as to Interrogatory Nos. 3, 5, 7 and Request for Production No. 14, but limiting the requests to "the subject gowns"); *id*. at 5 (granting Defendants' motion to compel as to Interrogatory No. 23, "**limited** to the purchase by plaintiffs of only the subject surgical gowns, not every surgical gown") (emphasis in original); *id*. at 8 (ordering plaintiffs to "provide those documents that reflect advertisement, product packaging, label, and/or other representations *that they relied on in purchasing the subject gowns*") (emphasis in original).

Bahamas cannot use "other product" evidence as both a sword and a shield. It cannot claim, on the one hand, that Defendants' *selling* of other products is relevant to whether Defendants falsely marketed MICROCOOL\* gowns to Bahamas, while arguing, on the other hand, that Bahamas's *purchase* of those other products is irrelevant.  Because evidence concerning other products manufactured by Defendants is patently irrelevant to whether Defendants are liable for selling *MICROCOOL\* gowns*, the Court should exclude such evidence under Rules 401 and 402.

**B.    Evidence Concerning Alleged Compliance Issues With Other Products Is Also Barred By Rule 404(b)'s Exclusion of "Other Acts."**

Federal Rule of Evidence 404(b), which provides that "[e]vidence of … other act[s] is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," also precludes Bahamas from introducing evidence about other products manufactured by Defendants.  *See* FED. R. EVID. 404(b); *see also United States v. McCourt*, 925 F.2d 1229, 1235 (9th Cir. 1991) ("Evidence of 'other crimes, wrongs, or acts,' no

1  matter by whom offered, is not admissible for the purpose of proving propensity or

2  conforming conduct . . . .").

3        Indeed, Bahamas's apparent intent in introducing "other product" evidence

4  is to suggest to the jury that (1) Defendants had compliance issues with other

5  products in its surgical portfolio and, thus, (2) it is more likely that Defendants *also*

6  had compliance issues with MICROCOOL* gowns.  For instance, in its summary

7  judgment and class certification briefing, Bahamas contended that evidence

8  concerning compliance issues with other products supports its theory that

9  Defendants "consistently placed profits over compliance."  *See* Pl.'s Mem. in

10  Support of Class Cert. (Dkt. 206) at 9 n.8; Pl.'s Opposition to Defendants' Mot. for

11  Summary Judgment (Dkt. 241) at 6 n.5 (same).

12        As an initial matter, Bahamas offers no evidence—nor could it—that the

13  Food & Drug Administration ("FDA") has declared that any of these other

14  products are non-compliant with their FDA-cleared claims (let alone

15  MICRCOOOL* gowns).  Thus, Bahamas's motivation for introducing this

16  evidence—to show that supposed compliance issues with one or more products can

17  be imputed to an entirely different product—would invite jury speculation (based

18  on an incomplete record) concerning whether the alleged compliance issues with

19  those other products were valid and, if so, whether those issues evinced a

20  company-wide disregard for product compliance that impacted MICROCOOL*

21  gowns' compliance as well.  This is a bridge too far.

22        In any event, any attempt to offer evidence concerning *another* product's

23  alleged noncompliance to demonstrate *MICROCOOL*'s* alleged noncompliance

24  would constitute a quintessential guilt-by-association tactic that Rule 404(b) was

25  designed to prevent.  *See United States v. McCourt*, 925 F.2d 1229, 1235 (9th Cir.

26  1991) ("Evidence of 'other crimes, wrongs, or acts,' no matter by whom offered, is

27  not admissible for the purpose of proving propensity or conforming conduct . . .").

28

**DEFENDANTS' MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE CONCERNING OTHER
PRODUCTS MANUFACTURED BY DEFENDANTS THAT ARE NOT AT ISSUE**

1    Thus, even if Defendants did manufacture other products that were

2    noncompliant—and it did not—such "other acts" would not be admissible under

3    Rule 404(b) to show that Defendants also had compliance issues with

4    MICROCOOL* gowns.

5         **C.      The Introduction Of Evidence Concerning Other Products**

6                  **Besides MICROCOOL* Would Be Highly Prejudicial, Waste**

7                  **Time, And Cause Significant Confusion.**

8         Even if Bahamas could somehow surmount the Rule 401, 402, and 404(b)

9    infirmities described above, any attempt to introduce evidence concerning other

10   products would still run afoul of Rule 403.  Under Rule 403, even relevant

11   evidence may be excluded "if its probative value is substantially outweighed by a

12   danger of one or more of the following: unfair prejudice, confusing the issues,

13   misleading the jury, undue delay, wasting time, or needlessly presenting

14   cumulative evidence."  FED. R. EVID. 403.  Because Bahamas does not allege it

15   bought any product besides MICROCOOL*—and does not allege any nexus

16   between its purchase of MICROCOOL* and any fact concerning other products—

17   its only conceivable purpose for introducing this evidence is to portray Defendants

18   as "bad actors" and thereby inflame the jury.

19        Defendants would be unfairly prejudiced in other ways as well.  Since this

20   case's inception, every litigation strategy pursued by Defendants has been based on

21   the allegations *actually raised* by the operative complaint—all of which concern

22   MICROCOOL* gowns, not other products.  Therefore, Defendants would be

23   severely prejudiced if now forced to litigate wholly unrelated and irrelevant issues

24   concerning other products, given that they have not been allowed to take discovery

25   about those products, have not interviewed the relevant company witnesses about

26   those products, have not retained experts on the potential issues implicated by

27   those products, etc.  The sudden inclusion of these issues into the case at this late

28

**DEFENDANTS' MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE CONCERNING OTHER PRODUCTS MANUFACTURED BY DEFENDANTS THAT ARE NOT AT ISSUE**

stage would significantly hamstring Defendants' ability to mount a proper defense at trial.

Finally, injecting other products into the case would create a trial-within-a-trial that would mislead and distract the jury, confuse the issues, and needlessly prolong the trial based on issues wholly unrelated to whether or not Defendants are liable for selling MICROCOOL* gowns.  Here, there is a significant risk that the jury would wrongly impute liability to Defendants based on alleged issues concerning *other* products, not MICROCOOL*.  Moreover, Bahamas's claims raise highly complex issues involving the science and engineering behind MICROCOOL* gowns, the testing relevant to the AAMI Level 4 claim, etc.  The complexity of the case—and the risk that jurors might confuse or conflate issues—would be compounded if jurors were to hear evidence concerning other products that have entirely different design, testing, marketing, and regulatory histories.  As the Ninth Circuit has recognized, "'[w]here the evidence is of very slight (if any) probative value, … even a modest likelihood of unfair prejudice or a small risk of misleading the jury' will justify excluding that evidence." *Espinoza-Baza*, 647 F.3d at 1189 (quoting *United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992)).  Here, the Rule 403 balancing test clearly weighs in favor of excluding evidence concerning "other products" not at issue in this case.

### III.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court enter an order precluding Bahamas from introducing evidence of, or making reference to, alleged compliance concerns or other issues involving any non-MICROCOOL* products manufactured by Defendants.

1    DATED:  February 7, 2017           KING & SPALDING LLP

2

3                            By: /s/ Chilton D. Varner

                                   Alexander Calfo

4                                   Julia Romano

                                  633 W. 5th Street, Suite 1700

5                                   Los Angeles, CA 90071

                                  Telephone:  (213) 443-4355

6                                   Facsimile :  (213) 443-4310

7

                                  Chilton D. Varner

8                                   (admitted *pro hac vice*)

                                  Stephen B. Devereaux

9                                   (admitted *pro hac vice*)

                                  Madison H. Kitchens

10                                   (admitted *pro hac vice*)

                                  1180 Peachtree Street, N.E.

11                                   Atlanta, GA 30309-3521

                                  Telephone:  (404) 572-4600

12                                   Facsimile:   (404) 572-5100

13

14                                   Attorneys for Defendants

                                  KIMBERLY-CLARK

15                                   CORPORATION, a Delaware

                                  Corporation; and HALYARD

16                                   HEALTH, INC., a Delaware

                                  Corporation

17

18

19

20

21

22

23

24

25

26

27

28

9

ALEXANDER CALFO (State Bar No. 152891)
acalfo@kslaw.com
JULIA ROMANO (State Bar No. 260857)
jromano@kslaw.com
**KING & SPALDING LLP**
633 W. 5th Street, Suite 1700
Los Angeles, CA 90071
Telephone:  (213) 443-4355
Facsimile:   (213) 443-4310

Attorneys for Defendants KIMBERLY-CLARK
CORPORATION, a Delaware Corporation; and
HALYARD HEALTH, INC., a Delaware
Corporation

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HRAYR SHAHINIAN, M.D., F.A.C.S. et al.; | Case No. 2:14-cv-08390-DMG-PLA |
| Plaintiffs, | **[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE CONCERNING OTHER PRODUCTS MANUFACTURED BY DEFENDANTS THAT ARE NOT AT ISSUE** |
| v. | |
| KIMBERLY-CLARK CORPORATION, a Delaware Corporation; and HALYARD HEALTH, INC., a Delaware Corporation, | |
| Defendants. | |

1

### [PROPOSED] ORDER

The Court, having considered the papers and arguments submitted in support of and in opposition to Defendants' Motion *in Limine* to Exclude Evidence Concerning Other Products Manufactured by Defendants That Are Not At Issue, hereby orders that the Motion is GRANTED.

The Court hereby excludes from trial any evidence of, or reference to, alleged compliance concerns or other issues involving products manufactured by Defendants that Plaintiff does not allege it purchased.  Instead, the evidence offered at trial shall be limited to evidence relating to the MICROCOOL* Breathable High Performance Surgical Gowns at issue in this case.

**IT IS SO ORDERED.**


Dated: _____   _____
                                                    HON. DOLLY M. GEE
                                                    UNITED STATES DISTRICT JUDGE

**[PROPOSED] ORDER RE: DEFENDANTS' *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE CONCERNING OTHER PRODUCTS MANUFACTURED BY DEFENDANTS THAT ARE NOT AT ISSUE**