| | |
|---|---|
| 1 | ALEXANDER CALFO (State Bar No. 152891) |
| 2 | *acalfo@kslaw.com*<br>JULIA ROMANO (State Bar No. 260857) |
| 3 | *jromano@kslaw.com*<br>KING & SPALDING LLP |
| 4 | 633 West 5th Street, Suite 1700 |
| 5 | Los Angeles, CA 90071<br>Telephone: (213) 443-4355 |
| 6 | Facsimile: (213) 443-4310 |

Attorneys for Defendants KIMBERLY-CLARK CORPORATION, a Delaware Corporation and HALYARD HEALTH, INC., a Delaware Corporation

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HRAYR SHAHINIAN, M.D., F.A.C.S., et al.;<br><br>      Plaintiff,<br><br>v.<br><br>KIMBERLY-CLARK CORPORATION, a Delaware Corporation; and HALYARD HEALTH, INC., a Delaware Corporation,<br><br>      Defendants. | Case No. 2:14-cv-08390-DMG-PLA<br><br>**DEFENDANTS' APPLICATION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF DEFENDANTS' MOTION *IN LIMINE* NUMBER 1 (EVIDENCE CONCERNING CONFIDENTIAL SETTLEMENT AGREEMENT AND SETTLEMENT NEGOTIATIONS IN PRIOR LITIGATION)** |

TO THE COURT AND TO ALL PARTIES OF RECORD HEREIN:

Defendants KIMBERLY-CLARK CORPORATION and HALYARD HEALTH, INC. ("Defendants") hereby apply for an Order sealing certain portions of Defendants' Motion *in Limine* No. 1 (Evidence Concerning Confidential Settlement Agreement and Settlement Negotiations in Prior Litigation) (hereinafter "Defendants' MIL No. 1"). Specifically, Defendants apply for an Order sealing the following portions of Defendants' MIL No. 1:

- Page 4, lines 19-27
- Page 5, lines 1-3
- Page 8, lines 6-7
- Page 9, lines 12-20

The above-listed portions of Defendants' MIL No. 1 contain direct quotes from, or discuss specific terms of, the confidential settlement agreement entered between Kimberly-Clark and non-party Cardinal Health 200, LLC ("Cardinal") on April 11, 2013 (hereinafter the "Cardinal Settlement Agreement"), which this Court has already ordered sealed (see Court's July 29, 2016 Order, Dkt. No. 204).

This Application is made pursuant to Local Rule 79-5 of this Court. As explained below and in the previously filed Declaration of Samuel Ross Mansbach (Dkt. No. 142-9), compelling reasons exist to seal the above-listed portions of Defendants' MIL No. 1.

**I.   Compelling Reasons Exist to Seal the Above-Listed Portions of Defendants' MIL No. 1**

The above-listed portions of Defendants' MIL No. 1 contain direct quotes from, or discuss specific terms of, the Cardinal Settlement Agreement, which this Court has already sealed (see Court's July 29, 2016 Order, Dkt. No. 204) and for good reason.

Courts have repeatedly held that settlement negotiations and communications are inherently confidential and not subject to public disclosure.

"Although there is a presumption in favor of maintaining public access to court records, settlement negotiations and communications exchanged therein are inherently confidential" and are generally not subject to public disclosure. *Four in One Co. v. S.K. Food, L.P.,* No. 2:08-cv-3017 KJM EFB, 2014 WL 4078232, at *2 n.1 (E.D. Cal. Aug. 14, 2014) (citation omitted). The policy reasons for protecting settlement communications from disclosure are strong. "By preventing settlement negotiations from being admitted as evidence, full and open disclosure is encouraged." *United States v. Contra Costa Cnty. Water Dist.,* 678 F.2d 90, 92 (9th Cir. 1982). If settlement communications were subject to public disclosure, parties to litigation would not be open and candid about their respective positions. Indeed, "[s]ettlement negotiations are typically punctuated with numerous instances of puffing and posturing since they are 'motivated by a desire for peace rather than from a concession of the merits of the claim.'" *Cook v. Yellow Freight Sys., Inc.,* 132 F.R.D. 548, 554 (E.D. Cal. 1990), overruled on other grounds by *Jaffee v. Redmond,* 518 U.S. 1, 116 S. Ct. 1923 (1996) (quoting *Contra Costa Cnty. Water Dist.*, 678 F.2d at 92). Because parties expect that such communications will remain confidential, they have liberty to "assume disputed facts to be true for the unique purpose of settlement negotiations." *Id*. But "[t]he discovery of these sort of 'facts' would be highly misleading if allowed to be used for purposes other than settlement." *Id*. That is, if statements made in settlement negotiations were to be publicly revealed and taken out of context as admissions of liability, "voluntary efforts at settlement would be chilled." *Perzinski v. Chevron Chem. Co.,* 503 F.2d 654, 658 (7th Cir. 1974). In this way, the rule against public disclosure of settlement communications promotes "the public policy favoring the compromise and settlement of disputes." *Contra Costa Cnty. Water Dist.,* 678 F.2d at 92.

Given the strong policy reasons in favor of maintaining the confidentiality of settlement communications, district courts within this circuit have held that such

1  communications—if filed on the docket—must be filed under seal.  For example,
2  in *Four in One Co. v. S.K. Food, L.P.,* the court held that there were compelling
3  reasons for filing such communications under seal, finding that "settlement
4  negotiations … if accessed by the public … have the potential of being used … to
5  gratify public spite or promote public scandal."  2014 WL 4078232, at *2 n.1; *see
6  also Jones v. Metropolitan Life Ins. Co.,* No. C-08-03971-JW (DMR), 2010 WL
7  4055928, at *14 (N.D. Cal. Oct. 15, 2010) (striking from the public docket
8  settlement communications that were not filed under seal); *E.E.O.C. v. ABM Indus,
9  Inc.,* No. 1:07-cv-01428 LJO JLT, 2010 WL 582049, at *1 (E.D. Cal. Feb. 12,
10 2010) (ordering that a motion discussing settlement negotiations and the reply in
11 support of that motion to be filed under seal).  The same is true here.
12         As Mr. Mansbach explained in his declaration, the Cardinal Settlement
13 Agreement contains a confidentiality provision and should remain strictly
14 confidential.  (*See,* Mansbach Decl., Dkt. No. 142-9, at ¶ 8.)  Moreover, the
15 Stipulated Confidentiality Order agreed to by the parties and entered by the Court
16 expressly recognizes that settlement communications and agreements are
17 "extremely sensitive," and are entitled to be treated as Highly Confidential.  (*See,*
18 Stipulated Confidentiality Order (Dkt. No. 55), § B(5).)  Indeed, the Court has
19 already ordered the Cardinal Settlement Agreement sealed (*see* Court's July 29,
20 2016 Order, Dkt. No. 204).  Given these facts, and the strong public policy and
21 precedent favoring the confidentiality of settlement communications, there are
22 compelling reasons for sealing the portions of Defendants' MIL No. 1 which quote
23 or discuss terms from the Cardinal Settlement Agreement.
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

## II. Conclusion

For all the reasons set forth above and in the previously filed declaration of Ms. Mansbach, Defendants respectfully request that the Court grant this Application to Seal.

DATED: February 7, 2017

KING & SPALDING LLP

By: /s/ Julia E. Romano
Alexander Calfo
Julia Romano
633 W. 5th Street, Suite 1700
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile : (213) 443-4310

Chilton D. Varner
(admitted *pro hac vice*)
Stephen B. Devereaux
(admitted *pro hac vice*)
Madison H. Kitchens
(admitted *pro hac vice*)
1180 Peachtree Street, N.E.
Atlanta, GA 30309-3521
Telephone: (404) 572-4600
Facsimile: (404) 572-5100

Attorneys for Defendants
KIMBERLY-CLARK CORPORATION, a Delaware Corporation; and HALYARD HEALTH, INC., a Delaware Corporation