EAGAN AVENATTI, LLP
Michael J. Avenatti, State Bar No. 206929
mavenatti@eaganavenatti.com
Ahmed Ibrahim, State Bar No. 238739
aibrahim@eaganavenatti.com
520 Newport Center Drive, Suite 1400
Newport Beach, CA 92660
Telephone: 949.706.7000
Facsimile: 949.706.7050

Attorneys for Plaintiff, Individually and On Behalf of All Others Similarly Situated

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BAHAMAS SURGERY CENTER, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>KIMBERLY-CLARK CORPORATION, a Delaware Corporation, and HALYARD HEALTH, INC., a Delaware Corporation,<br><br>Defendants. | CASE NO.: 14-CV-08390 DMG (PLA)<br><br>**PLAINTIFF BAHAMAS SURGERY CENTER, LLC'S *EX PARTE* APPLICATION FOR LEAVE TO FILE REPLY TO DEFENDANTS' RESPONSE TO POST-TRIAL BRIEF REGARDING ENTITLEMENT TO EQUITABLE RELIEF** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

Pursuant to Local Rules 7-10 and 7-19, Plaintiff Bahamas Surgery Center, LLC ("Plaintiff") hereby applies *ex parte* for an order granting leave to file a reply brief responding to defendants Kimberly-Clark Corporation and Halyard Health, Inc.'s ("Defendants") Response to Plaintiff's Post-Trial Brief Regarding Entitlement to Equitable Relief. [Dkt No. 521.] Specifically, Plaintiff seeks leave to file a reply brief by Wednesday, May 10 that is no longer than 15 pages.

Plaintiff presents this issue to the Court on an *ex parte* emergency basis because (a) Plaintiff was first served with Defendants' brief upon its filing on Friday evening (May 5) and (b) the Court has previously stated that it intends to proceed "forthwith" to resolve the equitable claims and issue the Judgment. [Dkt No. 515.] To be clear, Plaintiff likewise wishes for the Judgment to be issued by the Court forthwith.[1] Plaintiff, therefore, requests the opportunity to quickly file its Reply before the Court makes its final ruling on equitable issues and remedies to be awarded to Plaintiff and the Class.

More specifically, Plaintiff seeks an opportunity to file a reply in order to rebut the several factual and legal issues raised in Defendants' Response brief (many of which were not raised either directly or indirectly by Plaintiff in its opening Post-Trial brief) and to correct a number of legal and factual inaccuracies in Defendants' arguments. By way of example only (and not limitation), Defendants' Response brief injects several issues that were not discussed in Plaintiff's opening brief, such as First Amendment issues, issues relating to "Primary Jurisdiction" and Abstention, and whether Defendants' conduct was permitted by federal law. Defendants also claim (without offering their own

---

[1] For the Court's information, since the verdict, Plaintiffs have attempted to resume settlement discussions with the Defendants in accordance with the Court's strong suggestion made on the record immediately following the verdict that the parties should attempt to resolve the matter. Defendants have failed to respond. They have, however, added two *additional* large law firms to represent them in this matter - Gibson Dunn & Crutcher and Munger Tolles & Olson. In addition, Defendant Halyard recently disclosed in a public filing with the SEC that *in the three months prior to the trial in this matter alone*, they spent $8 Million in attorneys' fees in this case, raising Defendants' total expenditures to date on attorneys' fees and costs in this case to over $50 Million.

proposed alternative) the injunction requested is overbroad because it is not supported by the jury's verdict. Defendants further argue for the application of an incorrect legal standard when deciding whether injunctive relief should be awarded. Plaintiff strongly disagrees with Defendants' position on all of these issues (and several others) and, therefore, should be given an opportunity to be heard as to why Defendants are incorrect in Plaintiff's view.

Plaintiff attempted to confer with Defendants prior to filing this *ex parte* application. However, Defendants would not stipulate to allow for the filing of <u>any</u> reply brief by Plaintiff and stated they oppose any *ex parte* application for leave to file a reply brief. [See Declaration of Michael Avenatti, ¶2.]

In short, good cause exists for the Court to grant relief to Plaintiff on an emergency *ex parte* basis.

The name and contact information of Defendants' counsel is as follows:

Stephen B. Devereaux
Madison Kitchens
King & Spalding LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309-3521
Telephone: (404) 572-4600
Facsimile: (404) 572-5100
(Attorneys for Kimberly-Clark Corporation and Halyard Health, Inc.)

Theodore J. Boutrous Jr.
Julian W. Poon
Theane Evangelis
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7804
Facsimile: (213) 229-6804
(Attorneys for Kimberly-Clark Corporation)

| | |
|---|---|
| 1 | Daniel P. Collins |
| 2 | Lauren C. Barnett |
| | Matthew K. Donohue |
| 3 | Munger, Tolles & Olson LLP |
| 4 | 350 South Grand Avenue, 50th Floor |
| | Los Angeles, CA 90071-3426 |
| 5 | Telephone: (213) 683-9125 |
| | Facsimile: (213) 687-3702 |
| 6 | (Attorneys for Halyard Health, Inc.) |

This *Ex Parte* Application is based on this Application, the accompanying Memorandum of Points and Authorities, the concurrently filed Declaration of Michael J. Avenatti, the complete files and records in this action, and upon such oral and documentary evidence as may be allowed at the hearing of this Application.

-3-

**PLAINTIFF'S *EX PARTE* APPLICATION FOR LEAVE TO FILE REPLY TO DEFENDANTS' RESPONSE TO POST-TRIAL BRIEF REGARDING ENTITLEMENT TO EQUITABLE RELIEF**

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Local Rules 7-10 and 7-19, Plaintiff Bahamas Surgery Center, LLC ("Plaintiff") hereby applies *ex parte* for an order granting leave to file a reply brief responding to defendants Kimberly-Clark Corporation and Halyard Health, Inc.'s ("Defendants") Response to Plaintiff's Post-Trial Brief Regarding Entitlement to Equitable Relief. [Dkt No. 521.] Specifically, Plaintiff seeks leave to file a reply brief by Wednesday, May 10, that is no longer than 15 pages.

Plaintiff presents this issue to the Court on an *ex parte* emergency basis because (a) Plaintiff was first served with Defendants' brief upon its filing on Friday evening (May 5) and (b) the Court has previously stated that it intends to proceed "forthwith" to resolve the equitable claims and issue the Judgment. [Dkt No. 515.] To be clear, Plaintiff likewise wishes for the Judgment to be issued by the Court forthwith. Plaintiff, therefore, requests the opportunity to quickly file its Reply before the Court makes its final ruling on equitable issues and remedies to be awarded to Plaintiff and the Class.

More specifically, Plaintiff seeks an opportunity to file a reply in order to rebut the several factual and legal issues raised in Defendants' Response brief (many of which were not raised either directly or indirectly by Plaintiff in its opening Post-Trial brief) and to correct a number of legal and factual inaccuracies in Defendants' arguments. By way of example only (and not limitation), Defendants' Response brief injects several issues that were not discussed in Plaintiff's opening brief, such as First Amendment issues, issues relating to "Primary Jurisdiction" and Abstention, and whether Defendants' conduct was permitted by federal law. Defendants also claim (without offering their own proposed alternative) the injunction requested is overbroad because it is not supported by the jury's verdict. Defendants further argue for the application of an incorrect legal standard when deciding whether injunctive relief should be awarded. Plaintiff strongly disagrees with Defendants' position on all of these issues (and several others) and,

therefore, should be given an opportunity to be heard as to why Defendants are incorrect in Plaintiff's view.

The opportunity to file a reply is provided for by the local rules of this Court which generally permit the moving party to file a reply brief in order to respond to an opposition to relief requested in the moving papers. See L.R. 7-10. Notably, although the Court in its April 21 Order (Dkt No. 515) did not set a date for Plaintiff to file a Reply, the Court made no statement that it would not permit or consider a reply.

Based on their prior statements, Plaintiff anticipates Defendants will argue Plaintiff's request should be denied because Plaintiff previously argued that no issues need to briefed regarding the equitable issues before the Court. This argument, however, is fundamentally flawed. Plaintiff continues to be of the view that the jury's verdict is loud and clear that all factual issues were resolved *resoundingly* in favor of Plaintiff and the Class and, thus, the equitable issues based on the same set of facts resolved by the jury also fall in line with Plaintiff and the Class. See, e.g., Los Angeles Police Protective League v. Gates, 995 F.2d 1469, 1473 (9th Cir. 1993). However, now that the Court has ordered briefs to be filed and Defendants have raised numerous factual and legal issues in their brief that need to be corrected, Plaintiff, as the moving party, should be granted leave to file a brief reply.

Plaintiff attempted to confer with Defendants prior to filing this *ex parte* application. However, Defendants would not stipulate to allow for the filing of any reply brief by Plaintiff and stated they oppose any *ex parte* application for leave to file a reply brief. [See Declaration of Michael Avenatti, ¶2.]

In short, good cause exists for the Court to grant relief to Plaintiff on an emergency *ex parte* basis. Plaintiff, therefore, respectfully requests that the Court grant Plaintiff leave to file a reply brief regarding the equitable issues presently before the Court that is no longer than 15 pages by Wednesday, May 10, 2017.

Dated: May 8, 2017

EAGAN AVENATTI, LLP

By:    /s/ Michael J. Avenatti
      Michael J. Avenatti
      Ahmed Ibrahim
      Attorneys for Plaintiff and the Class