# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAHAMAS SURGERY CENTER, LLC, <br><br> Plaintiff, <br><br> v. <br><br> KIMBERLY-CLARK CORPORATION, et. al., <br><br> Defendants. | Case No.: CV 14-8390-DMG (PLAx) <br><br> **FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

The legal claims in this case came before a jury during a nine-day trial that began on March 28, 2017 and concluded on April 7, 2017. The jury returned a verdict in favor of Plaintiff Bahamas Surgery Center, LLC and against Defendants Kimberly-Clark Corporation and Halyard Health, Inc. based on the claim of concealment. The jury awarded Plaintiff and the class $3,889,327 in compensatory damages, prejudgment interest, and $350 million in punitive damages against Kimberly-Clark. The jury also awarded Plaintiff and the class $261,445 in compensatory damages, prejudgment interest, and $100 million in punitive damages against Halyard Health. *See* Doc. ## 501, 503 (verdict forms).

In addition to this legal claim, Bahamas brought an equitable claim against Defendants under California's Unfair Competition Law ("UCL"). As to this remaining equitable claim, the Court makes the following findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

# I.
# FINDINGS OF FACT[1]

This is a class action consisting of the following class members: All entities and natural persons in California who purchased MICROCOOL* Breathable High Performance Surgical Gowns ("MicroCool Gowns") as end-purchasers from February 12, 2012 and January 11, 2015. *See* Class Cert. Order at 34 [Doc. # 270]; Amended Final Pretrial Conference Order at 2 [Doc. # 450]. This excludes (a) governmental entities; (b) any person or entity in which any judge, justice, or judicial officer presiding over this matter and members of their immediate families and judicial staff, have any controlling interest; and (c) any partner or employee of Class Counsel. Class Cert. Order at 34 n.15.

Bahamas bases its equitable class claim under the UCL on the same underlying facts as the concealment claim that it presented to the jury, i.e., that Defendants concealed material information from Plaintiff and the class relating to a defect in the MicroCool Gowns and that, as a result, Plaintiff and the class overpaid for the gowns. Given that the verdict forms did not require the jury to make any express findings as to why it found for Bahamas on the sole legal claim, the Court looks to the jury instructions and the jury's verdict to discern the jury's implicit determinations.

The Court instructed the jury that for Bahamas to prevail on the concealment claim, it must prove the following:

---

[1] To the extent any of the Court's findings of fact may be considered conclusions of law or vice versa, they are so deemed.

1. That Defendants disclosed some facts to Plaintiff but intentionally failed to disclose other facts, making the disclosure deceptive;
   or
   That Defendants intentionally failed to disclose certain facts that were known only to them and Defendants knew that Plaintiff did not know or could not have reasonably discovered those facts;
   or
   That Defendants actively concealed important facts from Plaintiff or prevented Plaintiff from discovering those facts;
2. That Plaintiff did not know of the concealed facts;
3. That Defendants intended to deceive Plaintiff by concealing the facts;
4. That the concealed or non-disclosed facts were material;
5. That Plaintiff was harmed; and
6. That Defendants' concealment was a substantial factor in causing Plaintiff's harm.

Jury Instructions No. 26. [Doc. # 493.]

Having found for Plaintiff, the jury must have implicitly found that Bahamas proved by a preponderance of the evidence that Defendants intentionally failed to disclose material facts to Bahamas and/or actively concealed material facts from Bahamas relating to the MicroCool Gowns of which Bahamas was unaware, and which led Bahamas to suffer harm.

The Court adopts, as it must, the jury's implicit factual determinations as embodied in its verdict, including its conclusion that Bahamas satisfied its burden at trial by proving by a preponderance of the evidence that Defendants intentionally concealed material information about the MicroCool Gowns from Bahamas and the class.

Given the sheer size of the jury's verdict and the evidence presented at trial, one of the implicit findings of the jury also includes, at the very least, a determination that Defendants concealed information regarding a defect in the MicroCool Gown, and that the defect was material to whether the MicroCool Gown deserved the AAMI Level 4 rating which Defendants used to market the gown. The specific defect on which the evidence focused at trial was the vulnerability of the MicroCool Gowns' sleeve seams to

tearing and/or permitting access to fluids. *See, e.g.*, Keith Edgett Testimony at 17 ("I would see the complaints [relating to the MicroCool Gowns] . . . in lists that would be circulated specific to strike-through or gross failure, meaning liquid penetration. I recall seeing complaints of sleeves falling off the gowns.") [Doc. # 506, Ex. A].

The jury obviously credited Bahamas' percipient witnesses and expert witnesses over Defendants' expert witnesses. *See, e.g.*, *id.* at 8, 30 ("There was general awareness that the [MicroCool Gown] product[] w[as] not compliant, and there was a general concern with respect to what risks that presented to healthcare workers, patients, and the community. . . . Yet that was not communicated to the customer base."); Bernard Vezeau Testimony at 8 ("[T]here was no priority to fix [the MicroCool Gowns' compliance issues] whatsoever, because making improvements to the [MicroCool Gown] product was in direct conflict with improving the margins on the product. . . . And the clear direction from Kimberly-Clark headquarters out of Dallas was we needed to make the business more profitable.") [Doc. # 506, Ex. B]; Joanne Bauer Testimony at 10 (testifying she does not dispute making statement that she was "sick and tired of the noncompliance problems" that had plagued various products for close to a decade) [Doc. # 506, Ex. D]; *see also, e.g.*, Rolando Ferrera Testimony, 3/31/17 Transcript at 77 (discussing sleeve seam manufacturing problems with MicroCool Gown production at Honduras plant and that Defendants had to have known about strikethrough and channeling issues).

Additionally, the evidence presented at trial demonstrated that Bahamas and class members incurred economic damages as a result of Defendants' concealment and were entitled to a partial refund of the amounts they overpaid to Defendants, as calculated by Bahamas' damages expert, Michael Williams.

In light of the evidence presented by the parties at trial and the jury's implicit findings, the Court finds that Bahamas proved by a preponderance of the evidence that Defendants' failure to disclose material information to, or active concealment of such information from, Bahamas relating to the MicroCool Gown's defective sleeve seam and

non-compliance with the AAMI Level 4 standard (under either the 2003 or 2012 iterations of the standard) constitutes a fraudulent business practice that is likely to deceive the reasonable consumer.

## II.

## CONCLUSIONS OF LAW

**A.     Unfair Competition Law**

The UCL prohibits "unfair competition," which is defined as any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. A business practice under the UCL is "fraudulent" if "members of the public are likely to be deceived." *Comm. on Children's Television v. Gen. Foods Corp.*, 35 Cal. 3d 197, 211 (1983).

In particular, to establish a UCL violation based on concealment and/or non-disclosure of material facts, a plaintiff must generally prove the following: (1) Defendants engaged in "unfair competition" by engaging in a "fraudulent business act or practice"; (2) plaintiff "has suffered injury in fact and has lost money or property as a result of the unfair competition," Cal. Bus. & Prof. Code § 17204; (3) the information Defendants concealed or failed to disclose was material, *see, e.g.*, *In re Tobacco II Cases*, 46 Cal. 4th 298, 326-27 (2009); and (4) Defendants had a duty to disclose the material information omitted, *see, e.g.*, *Falk v. GMC*, 496 F. Supp. 2d 1088, 1098 (N.D. Cal. 2007) ("If [Defendant] had this duty [to disclose], yet failed to follow through with it, members of the public would very likely be deceived."). The Court did not include actual reliance as an element of the claim, because "[a]ctual reliance is presumed (or at least inferred) when the omission is material." *Ehrlich v. BMW of N. Am., LLC*, 801 F. Supp. 2d 908, 919 (C.D. Cal. 2010) (citing *Tobacco II*, 46 Cal. 4th at 327).

**B.     Jury's Implicit Determinations**

"[W]here legal claims tried by the jury and equitable claims tried by the court are 'based on the same set of facts, the Seventh Amendment requires the trial judge to follow the jury's implicit or explicit factual determinations.'" *Sanders v. City of Newport*, 657

F.3d 772, 783 (9th Cir. 2011), quoting *Miller v. Fairchild Indus., Inc.*, 885 F.2d 498, 507 (9th Cir. 1989) ("the district court in deciding the [equitable] claim will be bound by all factual determinations made by the jury in deciding the [legal] claims"); *Los Angeles Police Protective League v. Gates*, 995 F.2d 1469, 1473 (9th Cir. 1993) (reversing district court's denial of equitable relief because it "engag[ed] in factfinding contrary to the implicit findings of the jury verdict").

Because the verdict form does not contain express factual findings, the Court must look to the jury instructions to determine whether findings can be inferred from the jury's verdict. *Los Angeles Police Protective League*, 995 F.2d at 1473.

Since Bahamas' UCL claim is based on the same underlying facts as the legal claim decided by the jury, it follows from the jury's implicit determinations on the legal claim that Bahamas satisfied its burden of establishing by a preponderance of the evidence that Defendants engaged in a fraudulent business practice (i.e., concealment of material information pertaining to the MicroCool Gown) likely to deceive the public and reasonable consumers. *See, e.g.*, *Tu Thien The, Inc. v. Tu Thien Telecom, Inc.*, No. CV 11-09899-MWF (JEMx), 2014 U.S. Dist. LEXIS 111200, at *4 (C.D. Cal. Aug. 11, 2014) (adopting jury's findings in ruling on equitable claims because they are based on the same underlying facts as the legal claims).

Accordingly, Bahamas prevails on its UCL claim.[2]

**C.    Appropriate Equitable Relief**

---

[2] The Court rejects Defendants' argument that Bahamas lacks standing to bring its UCL claims against Halyard on behalf of the class. *See* Def. Resp. at 4 n.1 [Doc. # 521.] As the Court stated on the record, the juridical link doctrine permits Bahamas to pursue claims against Halyard. *See* 4/6/17 Transcript; *see also La Mar v. H & B Novelty & Loan Co.*, 489 F.2d 461, 465–66 (9th Cir. 1973) (juridical link doctrine may apply doctrine may apply (1) where the named plaintiff's harms "are the result of a conspiracy or concerted schemes between the defendants," or (2) where it would be "expeditious" to combine the defendants into one action because they are "juridically related."). As the Court pointed out in its April 6, 2017 oral ruling on the issue of standing, Halyard Health spun off from Kimberly-Clark on October 31, 2014 and assumed all liabilities in connection with the MicroCool Gowns through Defendants' Distribution Agreement. *See* Amended Final Pretrial Conference Order at 2–3 (admitted facts) [Doc. ## 450, 477-1].

Bahamas seeks restitution in the same amount as the compensatory damages awarded by the jury. The Court denies Bahamas' request, because the jury's compensatory damages award is an adequate remedy at law. *See, e.g.*, *Greene v. Bowen*, 639 F. Supp. 554, 563 (E.D. Cal. 1986) ("[A]s a general matter . . . a person suffering monetary injury has an adequate remedy at law and accordingly equitable relief should be denied.").

In addition to restitution, Bahamas seeks injunctive relief in the form of a notice from each Defendant's Chief Executive Officer ("CEO") concerning the trial's outcome. A plaintiff seeking a permanent injunction must demonstrate:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

Here, Bahamas contends that monetary damages do not adequately notify class members regarding the material information that Defendants concealed. Assuming that is true, Bahamas has not satisfied its burden to show that class members will likely suffer irreparable harm in the absence of a letter from Defendants' CEOs concerning the outcome of the trial. It is reasonable to infer that some of the millions of MicroCool Gowns sold during the class period may still be sitting on shelves waiting to be used by class members. Trial Ex. 203; Declaration of Michael Avenatti ("Avenatti Decl.") ¶ 4, Ex. 3 (evidence that MicroCool Gowns have a shelf life of five years). Nonetheless, because there was no evidence that anyone had suffered physical harm while wearing a MicroCool Gown as a result of a strikethrough or a torn sleeve, the Court cannot presume without competent evidence that class members likely will suffer such harm due to future MicroCool Gown use. Furthermore, there is nothing to prevent Class Counsel from notifying class members of the outcome of the trial in any manner he chooses.

Finally, Plaintiff requests that Defendants be enjoined from issuing statements seeking to "contradict, undercut, or otherwise minimize the findings of the Court or the injunctive relief awarded." *See* Pl. Post-Trial Brief at 22. Such relief is not necessary to address Plaintiff's and the class members' harm, which is economic in nature. The Court therefore rejects Plaintiff's request.

In short, while Bahamas satisfies the elements for a UCL claim based on fraudulent concealment, because it has not shown that it lacks an adequate remedy at law that addresses the harm it suffered, its request for restitution and injunctive relief is **DENIED**.[3]

### III.
### CONCLUSION

In light of the foregoing, the Court finds in favor of Plaintiff and against Defendants on Plaintiff's UCL claim. Nevertheless, because Plaintiff fails to meet the standard for equitable relief, the Court **DENIES** Plaintiff's request for restitution and injunctive relief.

The Court will enter Judgment accordingly.

DATED: May 15, 2017

                                                DOLLY M. GEE
                                 UNITED STATES DISTRICT JUDGE

---

[3] In light of the Court's ruling, it need not address Defendants' arguments that the primary jurisdiction and abstention doctrines bar Bahamas from receiving any relief under the UCL.