UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 14-8390 DMG (PLAx)** | Date | June 2, 2017 |
|---|---|---|---|

| Title | *Bahamas Surgery Center, LLC. v. Kimberly-Clark Corporation, et al.* | Page | 1 of 3 |
|---|---|---|---|

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT IMPOSE SANCTIONS AGAINST THE PARTIES' COUNSEL FOR VIOLATION OF LOCAL RULE 83-1.3.1**

Local Rule 83-1.3.1 sets forth the requirement that a notice of related civil cases must be filed under certain circumstances:

> It shall be the responsibility of the parties to **promptly** file a Notice of Related Cases whenever two or more civil cases filed in this District:
>
> (a) arise from the same or a closely related transaction, happening, or event;
> (b) call for determination of the same or substantially related or similar questions of law and fact; or
> (c) for other reasons would entail substantial duplication of labor if heard by different judges.

L.R. 83-1.3.1 (emphasis added). This rule further states that such a Notice "must be filed at the time any case . . . appearing to relate to another case is filed, or soon thereafter as it reasonably should appear that the cases relate to another." *Id.*

Here, the low number case is *United States of America, et al. v. Kimberly-Clark Corporation, et al.*, Case No. CV 14-8313 JAK (JPRx). Based on the following timeline, it appears that one or more of the parties' counsel failed to abide by Local Rule 83-1.3.1 at the time of the filing of *Bahamas Surgery Center, LLC v. Kimberly-Clark Corporation, et al.*, Case No. CV 14-08390 DMG (PLAx), *Medline Industries, Inc. v. Kimberly-Clark Corporation, et al.*, Case No. CV 16-08571 DMG (PLAx), and *Naeyaert v. Kimberly-Clark Corporation, et al.*, Case No. CV 17-00950 JAK (JPRx).
//

| **Date** | **Case Number** | **Event** |
|---|---|---|
| 10/27/2014 | 14-8313 | Plaintiff's counsel files *qui tam* action under seal and case is assigned to Judge John A. Kronstadt. |
| 10/29/2014 | 14-8390 | Plaintiff's counsel files putative consumer-fraud class action lawsuit ("*Bahamas*") and case is assigned to Judge Gee. The parties do not notify the Court of the *qui tam* action pending before Judge Kronstadt by filing a notice of related cases. |
| 10/5/2016 | 14-8313 | *Qui tam* action is unsealed. |
| 11/17/2016 | 16-8571 | Plaintiff's counsel files *Medline* lawsuit and files notice of related case, mentioning the *Bahamas* case but not the *qui tam* case. *See* Doc. # 4 ("First, like the present case, the Related Case pertains to Defendants' marketing and sale of medical gowns in which the plaintiffs in both cases allege that Defendants falsely represented the gowns as passing relevant industry standards for liquid barrier protection and concealing from purchasers Defendants' knowledge that these standards had not been satisfied."). Neither side's counsel inform Judge Gee of the pendency of the *qui tam* action. |
| 11/23/2016 | 16-8571 | *Medline* matter is transferred from Judge Stephen Wilson to Judge Gee. |
| 4/14/2017 | 14-8313 | Plaintiff's counsel files a notice of related case in the *qui tam* action seeking to relate the low-number *qui tam* action to the higher numbered *Bahamas* and *Medline* cases assigned to Judge Gee. *See* Doc. # 55 at 5, 14-8313 ("the present [*qui tam*] case should be assigned to Judge Gee"). Plaintiff's counsel's notice uses language nearly identical to the notice he filed in the *Medline* case. *Compare* Doc. # 55 ("First, like the present case, the Related Cases [*Bahamas* and *Medline*] pertain to Kimberly-Clark Corporation's marketing and sale of medical gowns in which the plaintiffs in all three cases allege that Kimberly-Clark falsely represented the gowns as passing relevant industry standards for liquid barrier protection and concealing from purchasers its knowledge that these standards had not been satisfied.") *with* Doc. # 4, 16-8571. |
| 5/16/2017 | 17-950 | Plaintiff's counsel files a notice of related case seeking to relate *Naeyaert* with *Bahamas* and *Medline*, but not the *qui tam* action. |
| 5/22/2017 | 17-950 | Judge Kronstadt finds *Naeyaert* is related to the *qui tam* action and accepts the low-number transfer. |

It is unclear (1) why Plaintiff's counsel failed to mention the *qui tam* action in the notice of related case that he filed in the *Medline and Naeyaert* matters and (2) why neither side filed a notice of related case in the *Bahamas* matter bringing the *qui tam* action to the Court's attention.

This is especially troubling since, in his opposition to Defendants' motion to transfer venue in *Medline*, Plaintiff's counsel now unambiguously asserts that all three cases relate to one another: "The Bahamas class action is not the only case relating to Defendants' surgical gowns that is pending in this judicial district. In October 2014, a *qui tam* case was filed against Kimberly-Clark on behalf of government purchasers relating to the sale of MicroCool Gowns . . . . The very same allegations at issue in [that] case are also being asserted in this case." *See Medline*, Doc. # 40 at 24; *see also id.* at 13 ("In addition to this case, two other cases related to and arising out of the same factual allegations made in this case have long been pending in this judicial district.").[1]

The Court is also troubled by Plaintiff's counsel's representation that "the Court has already consented to having the present case [*Medline*] transferred to it, finding that this case and the Bahamas class action '[a]rise from the same or closely related transactions, happenings or events,' '[c]all for determination of the same or substantially related or similar questions of law and fact' and "for other reasons would entail substantial duplication of labor if heard by different judges.'" *See Medline*, Doc. # 40 at 22. The fact is that the Court never received notice that any potentially related action was pending at the time the *Bahamas* and *Medline* actions were filed. Whether the low-number judge would have accepted or declined the transfer had counsel promptly filed a notice of related case informing the Court of the *qui tam* matter is beside the point. The reason Local Rule 83-1.3.1 exists is to give the Court in the low-numbered case the opportunity to make that decision in the first instance.[2]

The parties' counsel are hereby **ORDERED TO SHOW CAUSE** why the Court should not sanction them for violating Local Rule 83-1.3.1. The parties shall file a joint response by **June 12, 2017**.

**IT IS SO ORDERED.**

cc: Hon. John A. Kronstadt

---

[1] The page number is based on the CM/ECF pagination.

[2] *See* General Order 16-05 at 20 ("The Clerk will present the proposed transfer order to the transferee [low-number] judge for review and will simultaneously present an informational copy to the transferor judge.").