| | |
|---|---|
| 1 | THEODORE J. BOUTROUS, JR., SBN 132099 |
| | tboutrous@gibsondunn.com |
| 2 | JULIAN W. POON, SBN 219843 |
| | jpoon@gibsondunn.com |
| 3 | THEANE EVANGELIS, SBN 243570 |
| | tevangelis@gibsondunn.com |
| 4 | GIBSON, DUNN & CRUTCHER LLP |
| 5 | 333 South Grand Avenue |
| | Los Angeles, CA 90071-3197 |
| 6 | Telephone: 213.229.7000 |
| | Facsimile: 213.229.7520 |
| 7 | Attorneys for Defendant |
| | KIMBERLY-CLARK CORPORATION |
| 8 | |
| 9 | DONALD B. VERRILLI, JR., *pro hac vice* |
| | Donald.Verrilli@mto.com |
| 10 | DANIEL P. COLLINS, SBN 139164 |
| | Daniel.Collins@mto.com |
| 11 | MUNGER, TOLLES & OLSON LLP |
| | 350 South Grand Avenue, 50th Floor |
| 12 | Los Angeles, CA 90071-3426 |
| | Telephone: 213.683.9100 |
| 13 | Facsimile: 213.687.3702 |
| 14 | Attorneys for Defendant |
| | HALYARD HEALTH, INC. |

(Additional Counsel on next page)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BAHAMAS SURGERY CENTER, LLC, et al., | CASE NO. 2:14-cv-08390-DMG-PLA |
| Plaintiffs, | **DEFENDANTS' NOTICE OF MOTION AND MOTION FOR 30-DAY EXTENSION OF STAY OF EXECUTION OF JUDGMENT PENDING FILING OF APPELLATE BOND OR UNDERTAKING** |
| v. | |
| KIMBERLY-CLARK CORPORATION, a Delaware Corporation and HALYARD HEALTH, INC., a Delaware Corporation, | **Hearing:** |
| Defendants. | Date: August 11, 2017 |
| | Time: 9:30 a.m. |
| | Place: Courtroom 8C, 350 West 1st St. Los Angeles, CA 90012 |
| | Judge: Hon. Dolly M. Gee |

ALEXANDER G. CALFO, SBN 152891
    acalfo@kslaw.com
JULIA ROMANO, SBN 260857
    jromano@kslaw.com
KING & SPALDING LLP
633 W. 5th Street, Suite 1700
Los Angeles, CA  90071-2073
Telephone:  213.443.4355
Facsimile:   213.443.4310

CHILTON D. VARNER, *pro hac vice*
    cvarner@kslaw.com
STEPHEN B. DEVEREAUX, *pro hac vice*
    sdevereaux@kslaw.com
MADISON H. KITCHENS, *pro hac vice*
    mkitchens@kslaw.com
KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, GA  30309-3521
Telephone:  404.572.4600
Facsimile:   404.572.5100

Attorneys for Defendants
KIMBERLY-CLARK CORPORATION,
and HALYARD HEALTH, INC.

TO THE COURT AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that at 9:30 a.m. on August 11, 2017, in Courtroom 8C of the United States District Court for the Central District of California, located at 350 West 1st Street, Los Angeles, California, 90012, before the Honorable Dolly M. Gee, Defendants Kimberly-Clark Corporation and Halyard Health, Inc. will and do move the Court to briefly extend the current stay of execution of the judgment, Dkt. 515 at 2, to allow time for Defendants to arrange for, and obtain the Court's approval of, any supersedeas bonds that may need to be posted by Defendants under Federal Rule of Civil Procedure 62(d). Specifically, Defendants ask that the Court extend the current stay of execution of the judgment until 30 days after the later of: (i) the date of entry of the Court's last order or orders on the pending post-trial motions filed by Defendants, Dkts. 535, 536, 537; or (ii) the date of entry of any amended judgment. This Motion is made following the conference of counsel pursuant to Local Civil Rule 7-3, which took place on July 7, 2017.[1] Defendants respectfully request that the Court exercise its inherent authority to extend the stay it has already ordered by an additional 30 days.

This Motion is based on: this Notice of Motion; the attached Memorandum of Points and Authorities; the accompanying Declaration of Daniel P. Collins, and attached exhibits; any reply memorandum filed in support of this Motion; the papers on file in this action and the trial record; and such other matters and argument as may be presented to the Court at the time of the hearing on this Motion.

---

[1] Defendants attempted to reach an agreed stipulation on this matter with Plaintiff. In response to defense counsel's email enclosing a proposed stipulation for the requested 30-day extension and explaining Defendants' intention to file this motion if Plaintiff declined to stipulate, counsel for Plaintiff insisted that he was "entitled" to meet and confer with "lead counsel" rather than with the defense counsel designated by Defendants to handle the bonding issues. *See* Declaration of Daniel P. Collins ("Collins Decl."), Ex. A. Nonetheless, the email exchange of Friday, July 7 confirmed that Plaintiff was unwilling to stipulate to the requested 30-day extension and that the parties could not "reach a resolution which eliminates the necessity for a hearing." L.R. 7-3. A subsequent email exchange between counsel further confirmed as much. *See* Collins Decl., Ex. C.

Dated: July 14, 2017

Respectfully submitted,

**GIBSON, DUNN & CRUTCHER LLP**

By: /s/ *Julian W. Poon*
 Julian W. Poon

Attorneys for Defendant
KIMBERLY-CLARK CORPORATION, a Delaware Corporation

Pursuant to Local Civil Rule 5-4.3.4(a)(2)(i), the above-listed filing attorney certifies that all other signatories listed, and on whose behalf this filing is submitted, concur in this filing's content and have authorized its filing.

**MUNGER, TOLLES & OLSON LLP**

By: /s/ *Daniel P. Collins*
 Daniel P. Collins

Attorneys for Defendant
HALYARD HEALTH, INC., a Delaware Corporation

**KING & SPALDING LLP**

By: /s/ *Stephen B. Devereaux*
 Stephen B. Devereaux

Attorneys for Defendants
KIMBERLY-CLARK CORPORATION, a Delaware Corporation and HALYARD HEALTH, INC., a Delaware Corporation

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendants seek a limited, 30-day extension of the current stay of "[e]xecution on the Judgment . . . pending the Court's resolution of post-trial motions," Dkt. 515 at 2, to ensure that after the Court rules on those motions, Defendants will have sufficient time to post any necessary supersedeas bonds (or other security) in an orderly, fair, and efficient manner without undue prejudice or inconvenience to the parties or this Court. As Defendants' post-trial motions explain, they are entitled to judgment as a matter of law on several grounds, or at least to a new trial and decertification of the class. Dkts. 535, 536, 537. Granting one or more of these motions would require the vacatur, or at least the substantial reduction, of the jury's half-a-billion-dollar verdicts to an amount yet to be determined by this Court. *See, e.g.*, Dkt. 535 (JMOL Mot.) at 29–35, 40; Dkt. 536 (Mot. for New Trial) at 12–16. Before the Court rules on these motions, it would be unreasonable and unfair to expect Defendants to arrange for the substantial supersedeas bonds that would be required to stay the current enormous judgment, which may (and should) be substantially reduced, if not set aside entirely, as a result of the Court's rulings on the motions.

Without an extension of the stay, Plaintiff's threats of immediate attempts to attach assets or take other steps to execute the judgment would unduly prejudice Defendants by effectively requiring them to incur the substantial expense of bonding the current judgment *before* the Court has ruled on the post-trial motions. Moreover, a failure to order a brief additional extension of the stay would potentially prejudice Plaintiff as well: if Defendants prevail on appeal, Plaintiff may end up paying any higher-than-necessary bond premiums and expenses that may result if Defendants are deprived of adequate time to arrange for the requisite bonds. *See* Fed. R. App. P. 39(e). Failing to allow Defendants a reasonable amount of time could also needlessly inconvenience this Court with potential ex parte and other expedited motions practice. Defendants therefore ask the Court to extend the stay it has already ordered, "pending

Gibson, Dunn & Crutcher LLP

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF 30-DAY EXTENSION OF STAY OF EXECUTION
CASE NO. 2:14-CV-08390-DMG-PLA

the Court's resolution of post-trial motions," Dkt. 515 at 2, for a reasonable period of time following those rulings—30 days[2]—to afford Defendants the opportunity to obtain, and secure approval for, any supersedeas bonds that may be needed to stay execution pending any appeals.  *See* Fed. R. Civ. P. 62(d).

### 1. This Court Has Inherent Authority to Extend the Temporary Stay.

It is well established that the Court has the inherent authority to issue temporary stays, and the Court should exercise that authority here to prevent undue prejudice to the parties, to avoid burdening the Court and the parties with unnecessary ex parte or other expedited motions practice, and to ensure that the bonding process under Rule 62 proceeds in an orderly, efficient, and fair manner.  *See, e.g.*, *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *see also CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) ("Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed," including the "hardship or inequity which a party may suffer in being required to go forward[.]"); *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016).  Indeed, courts have repeatedly exercised this broad authority to stay the execution of judgments even on terms not provided for by any statute or rule.  *See, e.g.*, *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1367 (9th Cir. 1990) (en banc) (noting that district court may grant stay pending appeal on "security other than a [supersedeas] bond"); *Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 759 (D.C. Cir. 1980) (holding that district courts have inherent authority to "stay execution of a money judgment without requiring a bond").  There can therefore

---

[2] Defendants specifically request that the stay be extended until 30 days after the later of:  (i) the date of entry of the Court's last order or orders on the pending post-trial motions; or (ii) the date of entry of any amended judgment.

2

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF 30-DAY EXTENSION OF STAY OF EXECUTION
CASE NO. 2:14-CV-08390-DMG-PLA

be no doubt that it is well within the Court's authority to extend its temporary stay in order to avoid any significant (and unnecessary) hardship and inequity to the parties, as well as any inconvenience or prejudice to the orderly and efficient management of this Court's docket.

### 2. Defendants Would Be Significantly Prejudiced Without the Stay.

Defendants would be significantly prejudiced if the current stay expires before they have had a reasonable opportunity to post and obtain Court approval of supersedeas bonds in the amounts (if any) that will ultimately prove necessary in order to secure a further stay pending appeal under Rule 62(d).  *Cf. CMAX*, 300 F.2d at 268. Until the Court rules on the pending post-trial motions, the range of potentially conceivable judgment amounts is vast—from ***zero to $454,150,772*** (although the amount should be zero as a matter of law).  This wide range of potential amounts to be bonded precludes, as a practical matter, any attempts to arrange for any bonds in advance.  As a result, absent a brief extension, Defendants could not be fully assured against execution of the judgment unless they were to take steps to bond the *current* judgment *before* the Court rules on the pending post-trial motions.  But it makes no sense to force Defendants now to incur the significant and unnecessary expense of securing bonds for a $454 million judgment that may (and should) ultimately be vacated, or reduced by this Court to zero or some amount significantly less than $454 million.

Nor would it be reasonable to expect Defendants to be able to obtain, and secure Court approval for, bonds in any substantial amount immediately after the Court has ruled on the pending post-trial motions—or even within the 14-day stay that would automatically apply upon the entry of any amended judgment.  *See* Fed. R. Civ. P. 62(a).  Any stay would not be effective until the Court actually approves the bond, *see* Fed. R. Civ. P. 62(d), and although Defendants will proceed diligently to obtain any bonds and Court approval, it is difficult to predict precisely how much time

3
DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF 30-DAY EXTENSION OF STAY OF EXECUTION
CASE NO. 2:14-CV-08390-DMG-PLA

Gibson, Dunn & Crutcher LLP

Defendants would need following the entry of judgment given the wide range of possible judgment amounts and given the possibility of unforeseen objections from Plaintiff. A 30-day extension of the current stay would provide sufficient time to obtain the necessary bonds and for the Court to resolve any objections that Plaintiff may make to the form or amount of the bonds. Failure to grant the requested brief stay would prejudice Defendants by causing them to incur potentially significant costs that may prove to be unwarranted—costs that might later end up being shifted to Plaintiff if Defendants subsequently prevail on appeal. This potential prejudice amply justifies Defendants' request for a modest 30-day extension of the current stay. *Cf. CMAX*, 300 F.2d at 268.

### 3.  Plaintiff Would Suffer No Real Prejudice from Extending the Stay.

Finally, although Plaintiff's counsel has refused to stipulate to the requested 30-day extension of the Court's current stay, he still has yet to explain how this modest extension could cause Plaintiff Bahamas Surgery Center, LLC (or any class members) any real prejudice. Collins Decl. Exs. A & C. Plaintiff would have no right to attach any of Defendants' assets or collect on any judgment once Defendants have posted bonds under Rule 62 that "secure [Plaintiff] from a loss resulting from the stay of execution." *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987). And Plaintiff cannot now call into question Defendants' financial ability to post whatever supersedeas bonds may ultimately prove necessary following this Court's post-trial-motions rulings, given the testimony Plaintiff's counsel introduced and the statements he made at trial regarding Defendants' financial condition. *See, e.g.*, Dkt. 536 at 22–25; Trial Tr. (4/7/17) at 73:8–74:5. Thus, denying the requested 30-day extension would only serve to enable Plaintiff's counsel to harass Defendants with repeated threats to attach Defendants' assets while Defendants are arranging for, obtaining, and seeking Court approval of any supersedeas bonds that may prove necessary after the post-trial motions have been resolved. This, in turn, would not only

4

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF 30-DAY EXTENSION OF STAY OF EXECUTION
CASE NO. 2:14-CV-08390-DMG-PLA

Gibson, Dunn & Crutcher LLP

substantially and unnecessarily prejudice Defendants, but also unduly consume this Court's limited time and resources.

Defendants thus respectfully request that the Court extend the current stay of execution until 30 days after the later of: (i) the date of entry of the Court's last order or orders on the pending post-trial motions; or (ii) the date of entry of any amended judgment.

Dated: July 14, 2017

Respectfully submitted,

**GIBSON, DUNN & CRUTCHER LLP**

By: /s/ *Julian W. Poon*
Julian W. Poon

Attorneys for Defendant
KIMBERLY-CLARK CORPORATION, a Delaware Corporation

Pursuant to Local Civil Rule 5-4.3.4(a)(2)(i), the above-listed filing attorney certifies that all other signatories listed, and on whose behalf this filing is submitted, concur in this filing's content and have authorized its filing.

**MUNGER, TOLLES & OLSON LLP**

By: /s/ *Daniel P. Collins*
Daniel P. Collins

Attorneys for Defendant
HALYARD HEALTH, INC., a Delaware Corporation

**KING & SPALDING LLP**

By:    /s/ *Stephen B. Devereaux*
        Stephen B. Devereaux

Attorneys for Defendants
KIMBERLY-CLARK CORPORATION, a Delaware Corporation and HALYARD HEALTH, INC., a Delaware Corporation

Gibson, Dunn & Crutcher LLP

6

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF 30-DAY EXTENSION OF STAY OF EXECUTION
CASE NO. 2:14-CV-08390-DMG-PLA