EAGAN AVENATTI, LLP
Michael J. Avenatti, State Bar No. 206929
mavenatti@eaganavenatti.com
Ahmed Ibrahim, State Bar No. 238739
aibrahim@eaganavenatti.com
520 Newport Center Drive, Suite 1400
Newport Beach, CA 92660
Telephone:  949.706.7000
Facsimile:   949.706.7050

Attorneys for Plaintiff, Individually and On Behalf of All Others Similarly Situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAHAMAS SURGERY CENTER, LLC, et al., <br><br> Plaintiff, <br><br> vs. <br><br> KIMBERLY-CLARK CORPORATION, a Delaware Corporation, and HALYARD HEALTH, INC., a Delaware Corporation, <br><br> Defendants. | CASE NO.:  14-CV-08390 DMG (PLA) <br><br> **PLAINTIFF BAHAMAS SURGERY CENTER, LLC'S RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY** |

Plaintiff Bahamas Surgery Center, LLC ("Plaintiff") respectfully submits this Response to Defendants' Notice of Supplemental Authority filed on January 25, 2018. [Dkt. No. 570.] Defendants direct the Court's attention to the Ninth Circuit's recent divided panel decision in In re Hyundai & Kia Fuel Econ. Litig., No. 15-56014, 2018 WL 505343 (9th Cir. Jan. 23, 2018). Because Defendants engage in substantive argument regarding the decision's alleged application to the Motion to Decertify pending before the Court, Plaintiff files this short response. Defendants' contentions are without merit for at least the following reasons.

*First*, the central holding of the Ninth Circuit's decision pertained to the issue of choice of law in a *nationwide settlement* class, which has no application to this case. More specifically, the majority held that the district court abused its discretion in concluding that "the settlement context relieved it of its obligation to undertake a choice of law analysis." In re Hyundai, 2018 WL 505343, at *12. The Court found the district court erred by not examining whether variations in state laws prevented a finding of predominance under Rule 23(b)(3). Id. These concerns are not present in this action. However, having concluded that such an analysis was in fact legally required, the remainder of the Ninth Circuit's discussion in In re Hyundai is, for all practical purposes, *dicta*.

*Second*, In re Hyundai is distinguishable because, as Defendants acknowledge, the Court in this action certified a fraudulent concealment class involving the omission of uniform, material facts. [See Dkt. No. 270 (Class Certification Order) at 23.] In contrast, the class in In re Hyundai was not an omissions class, but instead an affirmative misrepresentation false advertising class "alleging that Hyundai had falsely advertised that its 2011 and 2012 Elantra and Sonata vehicles got 40 miles per gallon (MPG) on the highway, when in fact these vehicles got far lower MPG." 2018 WL 505343, at *6. Nothing about the In re Hyundai decision changes this Court's prior analysis. [See Dkt No. 277 at 2.]

///

Accordingly, <u>In re Hyundai</u> is not relevant to the issues currently before the Court.

Dated: January 26, 2018    EAGAN AVENATTI, LLP

            By:  /s/ Michael J. Avenatti
               Michael J. Avenatti
               Attorneys for Plaintiff, Individually and
               On Behalf of All Others Similarly Situated

**PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**