JOHN P. REITMAN (State Bar No. 80579)
jreitman@lgbfirm.com
JACK A. REITMAN (State Bar No. 283746)
jareitman@lgbfirm.com
LANDAU GOTTFRIED & BERGER LLP
1801 Century Park East, Suite 700
Los Angeles, California 90067
Telephone: (310) 557-0050
Facsimile: (310) 557-0056

Attorneys for Brian Weiss,
Court Appointed Receiver of Eagan Avenatti, LLP

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| BAHAMAS SURGERY CENTER, LLC, et al.,<br><br>Plaintiff,<br><br>vs.<br><br>KIMBERLY-CLARK CORPORATION, a Delaware Corporation, and HALYARD HEALTH, INC., a Delaware Corporation,<br><br>Defendants. | Case No. 2:14-cv-08390-DMG<br><br>**RECEIVER'S NOTICE OF MOTION AND MOTION FOR "INDICATIVE RULING" (1) REMOVING EAGAN AVENATTI LLP AND MICHAEL AVENATTI AS CLASS COUNSEL AND (2) APPOINTING JASON M. FRANK, SCOTT H. SIMS AND ANDREW D. STOLPER OF FRANK, SIMS & STOLPER, LLP AS LEAD CLASS COUNSEL**<br>**[Declarations of Brian Weiss and Jason M. Frank and Request for Judicial Notice in support of this motion filed concurrently herewith]**<br><br>**Hearing Date, Time, and Location:**<br>Date: May 3, 2019<br>Time: 9:30 a.m.<br>Place: Courtroom 8C<br>      350 West 1st Street<br>      Los Angeles, CA 90012 |

**TO THE HONORABLE DOLLY M. GEE, UNITED STATES DISTRICT JUDGE FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND ALL OTHER PARTIES IN INTEREST AND THEIR ATTORNEYS OF RECORD:**

 **PLEASE TAKE NOTICE** that on May 3, 2019, at 9:30 a.m., in Courtroom 8C of the United States District Court for the Central District of California, Los Angeles Division, located at 350 West 1st Street, Los Angeles, California, Brian Weiss, federal court appointed receiver for Eagan Avenatti, LLP ("EA"), will move the Court (the "Motion") for an "indicative ruling" removing EA and Michael J. Avenatti ("Avenatti") as counsel of record for the Class and appointing Jason M. Frank, Scott H. Sims and Andrew D. Stolper of Frank, Sims & Stolper, LLP ("FSS") as Class Counsel.

 **PLEASE TAKE FURTHER NOTICE** that the Motion is based on Federal Rule of Civil Procedure 62.1 and Federal Rule of Appellate Procedure 12.1, which permit this Court to state either it would grant the motion if the Ninth Circuit Court of Appeals remands for that purpose or if the motion raises a substantial issue.  This Motion is further based on the Court's continuing duty, under Federal Rule of Civil Procedure 23, to monitor and administrate this case for the benefit of the Class.

 **PLEASE TAKE FURTHER NOTICE** that the Motion is based on EA and Avenatti's inadequacy to serve as Class Counsel on a going-forward basis.  Among other reasons:

 1. On February 14, 2019, EA was placed into receivership pursuant to a federal court order.  Brian Weiss was appointed as the receiver (the "Receiver") and charged with managing the affairs of EA and preserving its assets.

 2. On March 22, 2019, a criminal complaint was filed against Avenatti in the Central District of California alleging Avenatti violated federal bank fraud and wire fraud statutes (the "CDCA Criminal Complaint").  The CDCA Criminal Complaint alleges Avenatti, among other things, stole approximately $5 million in client funds, lied to clients, had a client sign a doctored settlement agreement,

provided fraudulent (unfiled) tax returns to a federal bank to obtain over $4 million in loans, failed to submit employee payroll taxes to the government and failed to pay millions of dollars in personal and corporate taxes.

  3. On March 24, 2019, a criminal complaint was filed in New York against Avenatti alleging Avenatti attempted to extort $15 million to $25 million from Nike, Inc. during purported settlement negotiations.

  4. EA no longer has any employees or attorneys, nor does it have any money in its bank accounts. As such, EA no longer has the resources to serve as Class Counsel.

  5. As counsel of record, EA has a fiduciary duty to act in the best interests of the Class. In addition, EA has invested substantial attorney time and resources in this case, and thus also has a financial interest in the successful resolution of this lawsuit.

  6. The Receiver believes it is in the best interests of the Class and EA to have FSS replace EA and Avenatti as Lead Class Counsel. Frank, Sims and Stolper have extensive experience in complex litigation, including consumer class actions like this one. Frank, Sims and Stolper previously worked on this matter while employed at EA, including briefing the legal issues that are now the subject of appeal, managing and taking discovery and drafting the initial motion for class certification. FSS is a highly experienced and respected class action law firm and is well-positioned to achieve a successful resolution of this lawsuit.

  **PLEASE TAKE FURTHER NOTICE** that this Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed declarations of Brian Weiss and Jason M. Frank, the Request for Judicial Notice, the pleadings and other papers on file in this case, and upon such evidence and argument as may be presented at or before the hearing on the Motion.

/ / /

/ / /

3

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Rule 7-3, as this Motion was originally filed on a Sunday, counsel for the Receiver was unable to speak directly with counsel for Defendants. However, counsel for the Receiver has initiated communications via telephone with counsel for both Defendants, who were unavailable at the time of the calls. Counsel for the Receiver left detailed voice mail messages with both counsel describing the content of the Motion and requested return calls from both counsel to discuss the Motion. Due to the exigent circumstances involving current Class Counsel, the Receiver has filed this Motion prior to the completion of locally mandated meet and confer efforts. To the extent Defendants do not oppose the Motion, the Receiver will immediately advise the Court. If Defendants do intend to oppose the Motion, the Receiver will expect Defendants to file their opposition at the time specified in the Local Rules.

**WHEREFORE**, the Receiver respectfully requests the Court enter an order removing EA and Avenatti as Class Counsel in this matter, and substituting and appointing Jason Frank, Scott Sims and Andrew Stolper of FSS as Class Counsel.

Dated: April 1, 2019

Respectfully submitted,
LANDAU GOTTFRIED & BERGER LLP

By: /s/ Jack A. Reitman
Jack A. Reitman
Attorneys for Brian Weiss, Court Appointed Receiver of Eagan Avenatti, LLP

## MEMORANDUM OF POINTS AND AUTHORITIES

Brian Weiss, court appointed receiver ("Receiver") of Eagan Avenatti, LLP ("EA"), submits this memorandum of points and authorities in support of his motion for an "indicative ruling" removing EA and Michael J. Avenatti ("Avenatti") as counsel of record for the Class and appointing Jason M. Frank, Scott H. Sims and Andrew D. Stolper of Frank, Sims & Stolper, LLP ("FSS") as Class Counsel. Also submitted under separate cover are the declarations of Brian Weiss ("Weiss Dec.") and Jason M. Frank ("Frank Dec."), and a Request for Judicial Notice ("RJN"), with exhibits.

## I.  INTRODUCTION

District Courts have a "continuing duty to see that a class is adequately represented by counsel." *Z-Seven Fund, Inc. v. Motorcar Parts & Accessories*, 231 F.3d 1215, 1219 (9th Cir. 2000). Recent events, including two criminal complaints filed by the United States against Michael J. Avenatti ("Avenatti"), necessitate this Court issuing an "indicative ruling" removing Avenatti as Class Counsel. Fed. R. Civ. P. 62.1. The criminal complaints include allegations that Avenatti stole *millions of dollars* of client funds and lied to clients. RJN, Exs. 1 and 2. The government's allegations are consistent with documentary evidence reviewed by EA's Receiver

Avenatti remaining as Class Counsel is untenable. Whatever the ultimate outcome of the criminal charges against Avenatti, this Court cannot "ignore[] the effect of the indictment and the mounting questions" regarding Avenatti's "credibility and diligence." *In re Organogenesis Sec. Litig.*, 241 F.R.D. 397, 410 (D. Mass. 2007). "[T]he benefits of maintaining the status quo do not outweigh the risks." *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 466 F. Supp. 2d 364, 369 (D. Me. 2006). Thus, in analogous circumstances, certain district courts removed the Milberg Weiss firm as class counsel after the firm and a number of its partners were indicted, but before the criminal complaints were resolved. *Id.*; *see*

*also Organogenesis Sec. Litig.*, 241 F.R.D. at 410; *Schoenbaum v. E.I. DuPont De Nemours*, 2008 WL 877962, at *2 (E.D. Mo. Mar. 27, 2008).

EA was placed into receivership on February 14, 2019, and the Receiver was appointed to manage the affairs of EA and preserve its assets. EA no longer has any employees or attorneys besides Avenatti, nor does it have any money in its bank accounts or legal malpractice insurance. As such, EA does not have the resources to continue to represent the Class.

The Receiver requests that Jason M. Frank, Scott H. Sims and Andrew D. Stolper of Frank Sims & Stolper LLP ("FSS") be appointed as Class Counsel. Frank, Sims and Stolper have extensive experience in complex litigation and consumer class actions. They also worked extensively on this very case while they were employed at EA. Frank and Sims were responsible for briefing a number of the key legal issues that are the subject of the appeal when they successfully opposed Defendants' motion to dismiss and worked on the initial motion for class certification. Up until the time of his departure on May 20, 2016, Stolper was responsible for the day-to-day management of this matter and took a number of the key depositions in the case. FSS is a highly experienced and respected class action law firm, and Frank, Sims and Stolper are ready, willing and able to represent the Class. The Receiver believes FSS is the best option in these difficult circumstances to achieve a successful resolution for the Class.

## II.     FACTUAL BACKGROUND

### A.     The Present Action

On November 14, 2016, this Court granted Plaintiff's Motion for Class Certification and appointed "Michael Avenatti, Esq. of Eagan Avenatti LLP as class counsel" [Docket No. 270]. A verdict was later rendered against Defendants in this matter in April 2017, with an initial judgment issued for approximately $454 million (including $350 million in punitive damages) against defendant Kimberly-Clark ("KC"), and over $100 million (including $100 million in punitive damages) against

defendant Halyard Health ("HH") [Docket No. 530].

On March 30, 2018, this Court entered an order granting Defendants' motion for remittitur, reducing the punitive damages assessed against KC to $19,446,635 and against HH to $1,307,225 [Docket Nos. 573, 578]. Defendants subsequently appealed the judgment to the Ninth Circuit Court of Appeals (with a *supersedeas* bond and stay of execution [Docket Nos. 583, 584, 587, 588]), where the appeal is still pending [Docket No. 590]. The appeal is fully briefed but the date for oral argument has not yet been set.

### B. EA's Bankruptcy and the Appointment of the EA Receiver

Prior to the trial in this matter, on March 10, 2017, Avenatti consented to EA being placed into Chapter 11 bankruptcy. The bankruptcy case was eventually assigned to the Honorable Catherine Bauer in the Central District of California (the "Bankruptcy Court") [*In re Eagan Avenatti, LLP*, Case No. 8:17-bk-11961-CB, Docket ("Bankruptcy Docket") No. 1]. The EA bankruptcy was later dismissed on March 15, 2018 as part of a Bankruptcy Court approved structured settlement [Bankruptcy Docket No. 412]. The structured Settlement required EA to pay certain debts it owed to its creditors following the dismissal of the bankruptcy, including debts owed to the Internal Revenue Service (the "IRS"), Jason Frank Law, PLC ("JFL") and various other creditors, several of whom were experts or vendors in the present matter [Bankruptcy Docket Nos. 412-413].

On May 14, 2018, EA failed to make the required settlement payments to JFL, which resulted in a judgment being entered against EA by the Bankruptcy Court in the amount of $10 million on May 22, 2018 (the "JFL Judgment") [Bankruptcy Docket No. 444-445]. EA further failed to pay the IRS and its other creditors in breach of the structured settlement [Bankruptcy Docket No. 489].

The JFL Judgment was registered before the District Court on August 31, 2018 and was assigned to Chief Judge Virginia A. Phillips [*In re Eagan Avenatti*, 8:18-cv-01644-VAP-KES, the "District Court Action"]. The reference to the

7

Bankruptcy Court was withdrawn on October 25, 2018 [District Court Action, Docket No. 21].

As part of that collection proceeding, JFL moved for the appointment of a receiver [District Court Action, Docket Nos. 51-51-5]. Rather than respond to the Motion on the merits, Avenatti stipulated to Brian Weiss being appointed as the Receiver for EA on February 13, 2019 [*Id.*, Docket No. 53]. The court thereafter entered a Receivership and Restraining Order against EA. Weiss Dec., ¶ 2, Ex. 1.

On the eve of his court-ordered judgment debtor exam, Avenatti attempted to place EA into bankruptcy on March 7, 2019 to stay the proceedings. This was in defiance of the Receiver's specific instructions not to take such action and in violation of the express terms of the Receivership and Restraining Order which provided that only the Receiver had the authority to place EA into bankruptcy. Weiss Dec., ¶ 3. On March 13, the Bankruptcy Court dismissed the bankruptcy as null-and-void, effective as of March 7, the date it was filed [*See In re the Trial Group, LLP a/k/a Eagan Avenatti, etc.*, 8:19-bk-10822-CB, Docket No. 39]. The Bankruptcy Court also issued an Order to Show Cause ordering Avenatti to personally appear before it and explain why he filed the March 7, 2019 bankruptcy, despite the fact that the Receiver explicitly told him not to [*see* i*d.,* Docket No. 35].

### C. Factual Background Regarding The Criminal Complaints Against Avenatti

#### 1. The Central District of California Criminal Complaint

On March 22, 2019, the United States Attorney for the Central District of California filed a criminal complaint against Avenatti (the "CDCA Criminal Complaint"). In the CDCA Criminal Complaint, Avenatti is charged with bank fraud and wire fraud. Underlying the charges are allegations that Avenatti stole client funds, lied to clients, provided fabricated tax returns to a federally insured bank, and committed several flavors of tax fraud and evasion.

The allegations related to stealing money from "G.B" are consistent with

documentary evidence reviewed by the Receiver related to EA client Greg Barela. Weiss Dec., ¶ 4. During EA's bankruptcy, on or about December 28, 2017, Avenatti opened an undisclosed "client trust account" [District Court Action Docket No. 51-1, ¶ 45 and Ex. 30]. On January 5, 2018, this account received a wire of $1.6 million from Brock USA LLC [*id.*, Ex. 42]. The wire states the payment was for the "Brock USA 2018 Settlement Payment" [*id.,* Ex. 43]; Weiss Dec., ¶ 4. The day earlier, on January 4, 2018, Avenatti deposited into the same newly opened client trust account a check from the Judicial Arbiter Group *to* EA for $11,718.75 – which according to memo line on the check was for "Barela v. Brock" [District Court Action Docket No. 51-1, Ex. 44]; Weiss Dec., ¶ 4.

Avenatti then used the money from this settlement to pay his personal debts and expenses from the client trust account, including payments to various persons and entities that appear to be related to Avenatti's coffee company (Global Baristas) such as Dillanos Coffee Roasters and Alki Bakery [District Court Action Docket No. 51-1, at ¶ 48 and Exs. 46, 47].

The affidavit of IRS CI Special Agent Remoun Karlous attached to the CDCA Criminal Complaint alleges yet another instance of Avenatti stealing client funds, siphoning approximately $2.8 million, which was subsequently used to pay off creditors in EA's own 2017 bankruptcy proceeding. RJN, Ex. 2, pg. 125, fn. 31.

### 2. The Southern District of New York Criminal Complaint

In addition to the CDCA Criminal Complaint, the United States filed a criminal complaint against Avneatti in the Southern District of New York (the "SDNY Criminal Complaint"). That Complaint alleges, based on audio and video recordings of a meeting between Avenatti, his co-counsel, and lawyers for Nike, that Avenatti attempted to extort Nike. RJN, Ex. 1. Avenatti appeared in the SDNY on March 24, 2019 and was released on a personal recognizance bond.

### D. Status of EA

EA currently has no attorneys or staff on its payroll, and thus has no attorneys

9

or staff to assist Avenatti with this case, as well as no money in any bank and no legal malpractice insurance. Weiss Decl., ¶ 5. Thus, EA has no ability to prosecute class action cases. *Id.*

### III. LEGAL STANDARD

#### A. Motions for Indicative Rulings From the District Court When the District Court Otherwise Lacks Jurisdiction Due To An Appeal.

Federal Rule of Civil Procedure 62.1 "allows a party to ask the district court for an 'indicative ruling' on an issue the court is without jurisdiction to decide because of a pending appeal." *Mendia v. Garcia*, 874 F.3d 1118, 1121 (9th Cir. 2017). In response to a such a motion the district court may: "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1. "If the district court states that it would grant the motion or that the motion raises a substantial issue, the court of appeals may remand for further proceedings but retains jurisdiction unless it expressly dismisses the appeal." Fed. R. App. P. 12.1(b).

#### B. The Court's Continuing Duty To Ensure The Adequacy of Class Counsel and May Appoint New Class Counsel As Necessary.

Federal Rule of Civil Procedure 23 grants the Court the inherent power to oversee, administer, and supervise the course of a class action. Specifically, Rule 23 permits the Court to make appropriate orders to (i) administer the proceeding; (ii) protect class members and fairly conduct the action; (iii) impose conditions on representative parties; (iv) properly amend pleadings; and (v) deal with similar procedural matters. Fed. R. Civ. P. 23(d)(1).

In fact, district courts have a "continuing duty to see that a class is adequately represented by counsel." *Z-Seven Fund, Inc. v. Motorcar Parts & Accessories*, 231 F.3d 1215, 1219 (9th Cir. 2000). This not only includes the initial appointment of

class counsel upon certification of the class, but also subsequent or further orders concerning the appointment if the need arises. *See* Fed. R. Civ. P. 23(g)(1)(B), (E); *see also Committee Notes on Fed. R. Civ. Proc. 23 – 2003 Amendment* ("If, after review of all applicants, the court concludes that none would be satisfactory class counsel, it may deny class certification, reject all applications, recommend that an application be modified, invite new applications, or make any other appropriate order regarding selection and appointment of class counsel.").

Specifically, the Court may appoint new class counsel or modify its order appointing counsel if the Court determines that current class counsel can no-longer adequately represent the class. *See* Fed. R. Civ. Proc. 23(g)(2); *see e.g. Horne v. Smithfield Packing Co.,* 2013 U.S. Dist. LEXIS 103712 (E.D.N.C. July 22, 2013). The ultimate responsibility for determining class counsel rests with the district court, and not with any individual plaintiff, named or unnamed. *Horne*, 2013 WL 3820025 at *5 (citing *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1078 (2d Cir. 1995)) ("The fact that the named plaintiffs in a certified class action have been found to be adequate representatives of the class does not, however, mean that they have the right to replace class counsel at will . . . The ultimate responsibility to ensure that the interests of class members are not subordinated to the interests of either the class representatives or class counsel rests with the district court."); *Walsh v. Great Atl. and Pac. Tea Co.*, 726 F.2d 956, 964 (3d Cir. 1984); *In re Bank of Am. Sec. Litig.*, 210 F.R.D. 694, 703 (E.D. Miss. 2002); *Kahree v. Western Electric Co.*, 82 F.R.D. 196 (D.N.J. 1979) ("The relationship between the representative parties and their lawyer or lawyers is one of private contract; the relationship between the class counsel and the members of the class, apart from the representative parties, is one of court creation. To hold that the Court is limited in its choice of class counsel . . . may be contrary to the best interests of the class which the Court has a fiduciary obligation to protect.").

///

## IV. ARGUMENT

### A. Avenatti Is No Longer Adequate Counsel for the Class and Must Be Removed.

The criminal complaints against Avenatti, the corroborating documentary evidence of stealing client funds submitted as part of this Motion, and Avenatti's inability to prosecute this matter going forward, alone or through EA, make plain that under no circumstances can Avenatti remain as Class Counsel. This is the case regardless of whether the allegations against Avenatti are ultimately proven to be true. As explained in a ruling of the District Court of Massachusetts related to the Milberg Weiss (and substituting Avenatti for Milberg Weiss):

> [T]his court would not be able to say that it met its obligations to the class if it ignored the effect of the indictment and the mounting questions in this case about [Avenatti's] credibility and diligence. Conducting such a thought experiment is somewhat inconsistent with the presumption of innocence. But that presumption applies only to [Avenatti's] criminal case. In this civil action, Lead Counsel must meet its burden of showing adequacy and this court must perform its obligation to responsibly oversee the certification process.

*In re Organogenesis Sec. Litig.*, 241 F.R.D. at 410.

"Appointed class counsel [] bear the burden of continuing to be best able to represent the interests of the class as the litigation progresses." *Schoenbaum*, 2008 WL 877962, at *1 (citations and quotations omitted). Avenatti cannot meet that burden. Avenatti is not "the only competent Counsel who can prosecute the [Class'] claims successfully," and "given the circumstances, [Avenatti] is also not best able to represent the interests of the class." *Id.* Even if the charges against Avenatti are untrue (although the documentary evidence strongly indicates at least some of the charges are true), "the possibility of distraction" as Avenatti "struggle[s] to defeat the criminal charges" make his continued involvement in this matter as Class

12

Counsel untenable. *Id.*

### B. <u>Frank, Sims and Stolper of FSS Should Be Appointed As Class Counsel LLP.</u>

In selecting class counsel, the Court must consider the following factors:

(i) the work counsel has done in identifying or investigating potential claims in the action;

(ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(iii) counsel's knowledge of the applicable law; and

(iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. Proc. 23(g)(1)(A). Any other matter pertinent to prospective counsel's ability to fairly and adequately represent the class may also be considered by the Court. *Id.,* at 23(g)(1)(C)(ii). Here, Frank, Sims and Stolper are best qualified to assume the role of lead class counsel. That is so for at least three reasons:

*First*, Frank, Sims and Stolper worked extensively on this case prior to leaving EA in May 2016. As noted above, Frank and Sims were responsible for briefing a number of the key legal issues that are the subject of the appeal when they successfully opposed Defendants' motion to dismiss and worked on the initial motion for class certification. Further, up until the time of his departure, Stolper was responsible for the day-to-day management of this matter and took a number of the key depositions in the case. Consequently, they are thus familiar with legal and factual issues in the case, including the key issues on appeal.

*Second*, Frank, Sims and Stolper have extensive experience handling complex litigation and class actions such as this one. Their recent successes in class action litigation include significant victories/settlements in cases against Mercedes Benz USA, Hewlett-Packard, and Quorn Foods (a nationwide class action settlement approved by this Court). Frank, Sims and Stolper also have extensive appellate experience. FSS is a highly respected class action law firm and other law firms

13

routinely bring their class action cases to FSS, such as Browne George Ross, LLP and McNicholas & McNicholas, LLP. Details regarding Frank, Sims and Stolper's experience are included in the Declaration of Jason M. Frank.

*Third*, Frank, Sims and Stolper are ready, willing and able to devote all necessary resources towards this case, both in terms of time and money.[1]

*Fourth*, the fact that Jason Frank's personal corporation (JFL) is a creditor of EA (with a $10 million judgment) ensures that FSS has the same economic incentive to maximize the value of the case on behalf of the Class as would be the case if FSS had been initially appointed as class counsel. EA has already invested substantial attorney time and resources in this matter. As such, EA has an economic incentive to maximize the recovery for the Class. In comparison, one of the risks of appointing new class counsel would be that the new firm does not have the same economic investment in the case, and thus does not have the same economic incentives to maximize the recovery. Appointing FSS eliminates this concern because, in essence, JFL stands in the shoes of EA as its major creditor.

FSS is capable and well-suited to represent the best interests of the Class and handle this matter appropriately.

## V. CONCLUSION

For all the foregoing reasons, the Motion should be granted.

Dated: April 1, 2019

Respectfully submitted,
LANDAU GOTTFRIED & BERGER LLP

By: /s/ Jack A. Reitman
Jack A. Reitman
Attorneys for Brian Weiss, Court Appointed Receiver of Eagan Avenatti, LLP

---

[1] The Receiver is aware that this case is currently on appeal and the amount of work required of trial counsel is not significant at this time. However, given Avenatti's compromised state, the Receiver is concerned, for good reason, that Avenatti will be unable to give even *that* small amount of attention to this case.

14