1  Michael J. Avenatti, Esq. (Bar No. 206929)
   10000 Santa Monica Blvd., 21st Floor
2  Los Angeles, CA 90067
   Tel: (949) 887-4118
3  m@thefight.us

4  Attorney for Bahamas Surgery Center, LLC;
   Michael Avenatti and Avenatti & Associates, APC

5

6

7

8                  **UNITED STATES DISTRICT COURT**

9                  **CENTRAL DISTRICT OF CALIFORNIA**

10

11  BAHAMAS SURGERY CENTER, LLC,          CASE NO.:  14-CV-08390 DMG (PLA)

12                    Plaintiff,           **LEAD CLASS COUNSEL**
                                           **MICHAEL AVENATTI'S SUR-**
13          vs.                            **REPLY IN FURTHER**
                                           **OPPOSITION TO RECEIVER'S**
14  KIMBERLY-CLARK  CORPORATION,           **MOTION FOR "INDICATIVE**
    a Delaware Corporation, and HALYARD    **RULING" (1) REMOVING EAGAN**
15  HEALTH, INC., a Delaware               **AVENATTI LLP AND MICHAEL**
    Corporation,                           **AVENATTI AS CLASS COUNSEL**
16                                         **AND (2) APPOINTING JASON M.**
                    Defendants.            **FRANK, SCOTT H. SIMS AND**
17                                         **ANDREW D. STOLPER OF**
                                           **FRANK, SIMS & STOLPER, LLP**
18                                         **AS LEAD CLASS COUNSEL [DKT**
                                           **610]**
19

20                                         **Hearing:**
                                           Date: May 24, 2019
21                                         Time: 9:30 a.m.
                                           Place: Courtroom 8C
22                                                 350 West 1st Street
                                                   Los Angeles, CA 90012
23

24

25

26

27

28

1   In light of new issues and arguments first raised by the Receiver in his Reply [Dkt.
2   622], Lead Class Counsel Michael Avenatti ("Avenatti") respectfully submits this Sur-
3   Reply for consideration by the Court.
4
5   *First*, there is no evidentiary support for nearly all of the alleged factual assertions
6   made in the Reply.   As this Court well knows, attorney argument is not evidence.
7   Accordingly, this Court should disregard those assertions when ruling on the motion.  This
8   includes but is not limited to any claim that Avenatti has violated any court order relating
9   to the Receiver.  Any such claim is baseless.
10
11  *Second and critically*, neither the Receiver nor Frank, Sims and Stolper refute the
12  allegations made by Avenatti in his Opposition relating to Franks, Sims and Stolper
13  previously assisting *the Defendants* in this matter and attempting to decertify the class and
14  derail the proceedings.  The reason is clear – because those allegations are entirely accurate.
15  *As a result, it is impossible for Frank, Sims and Stolper to now be appointed to represent*
16  *the class – the same class they worked against and attempted to harm*.
17
18  *Third*, Eagan Avenatti, LLP is not "counsel of record" nor are they class counsel.
19  Law firms do not serve as counsel of record in proceedings before this Court.  *Specific*
20  *attorneys do.*  This is why the Court requires admission to practice before the Court by
21  *attorneys*, as opposed to *law firms*.  Indeed, this Court's local rules relating to admission
22  and withdrawal of counsel on a particular matter are clear – in each case, specific attorneys
23  represent clients.  EA was never appointed class counsel in this matter, EA does not
24  represent any class member, the Receiver is not a lawyer, and no party to this case has
25  requested the Receiver file his motion.  Thus, EA and the Receiver have no standing
26  regardless of whether EA's name at one point appeared in a caption.
27
28

1

1    *Fourth*, the claim that Avenatti has done nothing to settle this case in nearly four

2  years is absolutely false and demonstrates that the Receiver and Frank, Sims and Stolper

3  have no boundaries as to what they will say or do to accomplish their goal.[1]  Prior to trial,

4  Avenatti engaged in (i) multiple days of mediation with the Defendants before the Hon.

5  Louis Meisinger[2] (retired) and (2) well over 30 phone calls and emails with the mediator,

6  all in an effort to resolve this matter.  This conduct occurred across a time period of almost

7  18 months.  In fact, at one point late in the process, Judge Meisinger made an unsuccessful

8  mediator's proposal to the parties.  Following trial, Avenatti again attempted to resolve the

9  case through Defendants' counsel, as well as through Judge Meisinger.  Indeed, Avenatti

10  informed this Court of these efforts post-trial in various pleadings filed long ago.  As a

11  result, the claim by the Receiver and his counsel should be seen for what it is – a complete

12  fabrication designed to deceive the Court.

13  Dated:  May 13, 2019

14

15

16                                                By:    ____/s/ *Michael J. Avenatti*____
                                                          Michael J. Avenatti
17

18

19

20

21

22

---

23  [1] As reflected in the Declaration of Mr. Hearon previously filed, and contrary to the false

24  statements by the Receiver and his counsel, at no time did Mr. Hearon tell the Receiver or

25  his counsel that there had not been any settlement efforts in nearly four years.  More
    importantly, neither the Receiver nor his counsel have ever made a single inquiry of

26` Avenatti relating to prior settlement efforts or discussions in this case.

27  [2] If the Court has any questions as to Avenatti's settlement efforts and the blatant
    misrepresentation by the Receiver and his counsel, the Court is urged to contact Judge

28  Meisinger directly at 213-622-1002 or judgemeisinger@signatureresolution.com.