**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 23 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BAHAMAS SURGERY CENTER, LLC, DBA Bahamas Surgery Center, a California limited liability company, on behalf of itself and all others similarly situated,<br><br>   Plaintiff-Appellee,<br><br>v.<br><br>KIMBERLY-CLARK CORPORATION, a Delaware Corporation,<br><br>   Defendant-Appellant,<br><br>and<br><br>HALYARD HEALTH, INC., a Delaware Corporation,<br><br>   Defendant. | No. 18-55478<br><br>D.C. No. 2:14-cv-08390-DMG-PLA<br><br>MEMORANDUM[*] |
| BAHAMAS SURGERY CENTER, LLC, DBA Bahamas Surgery Center, a California limited liability company, on behalf of itself and all others similarly situated, | No. 18-55483<br><br>D.C. No. 2:14-cv-08390-DMG-PLA |

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

|  |  |
|---|---|
| Plaintiff-Appellee,<br><br>v.<br><br>HALYARD HEALTH, INC., a Delaware Corporation,<br><br>Defendant-Appellant,<br><br>and<br><br>KIMBERLY-CLARK CORPORATION, a Delaware Corporation,<br><br>Defendant. |  |
| BAHAMAS SURGERY CENTER, LLC, DBA Bahamas Surgery Center, a California limited liability company, on behalf of itself and all others similarly situated,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>KIMBERLY-CLARK CORPORATION, a Delaware Corporation; HALYARD HEALTH, INC., a Delaware Corporation,<br><br>Defendants-Appellees. | No. 18-55558<br><br>D.C. No.<br>2:14-cv-08390-DMG-PLA |

Appeal from the United States District Court

for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted July 14, 2020
Pasadena, California

Before: THOMAS, Chief Judge, and FERNANDEZ and W. FLETCHER, Circuit Judges.

Partial Concurrence and Partial Dissent by Judge W. FLETCHER

In No. 18-55478, Defendant Kimberly-Clark Corporation (KC) appeals the district court's judgment, following a jury trial, in a class action brought against it by class representative Bahamas Surgery Center, LLC (Bahamas) regarding surgical gowns manufactured and sold by KC, which were labeled as compliant with the AAMI[1] Liquid Barrier Level 4 standard (the Gowns).  In No. 18-55483, Defendant Halyard Health, Inc. (Halyard)[2] appeals the district court's judgment against it in the same action.  In No. 18-55558, Bahamas appeals the district court's reduction of the jury's punitive damages awards, and conditionally appeals the district court's rejection of one of its damages models.  We vacate the judgment.

(1) Halyard asserts that the district court erred when it determined that Bahamas had standing to sue it.  We agree.

---

[1]Association for the Advancement of Medical Instrumentation.

[2]On June 30, 2018, Halyard changed its name to Avanos Medical, Inc.

3

To establish constitutional standing, a named plaintiff in a class action "must 'allege a distinct and palpable injury to himself'" arising from the defendant's actions. *Easter v. Am. W. Fin.*, 381 F.3d 948, 961 (9th Cir. 2004); *see also Blum v. Yaretsky*, 457 U.S. 991, 999, 102 S. Ct. 2777, 2783, 73 L. Ed. 2d 534 (1982).[3] Bahamas has no claim against Halyard because it purchased no gowns from it, and any injuries it has are not traceable to Halyard's conduct. *See Easter*, 381 F.3d at 961–62. Without a claim of its own, Bahamas cannot "'seek relief on behalf of [itself] or any other member of the class.'" *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003). Even if other class members have valid claims against Halyard, that cannot retroactively cure the district court's improper certification of a class wherein the named plaintiff (Bahamas) lacked standing to pursue those claims. *See Blum*, 457 U.S. at 1001 & n.13, 102 S. Ct. at 2784 & n.13; *NEI Contracting & Eng'g, Inc. v. Hanson Aggregates Pac. Sw., Inc.*, 926 F.3d 528, 533 (9th Cir. 2019).[4] Because Bahamas never had standing to sue

---

[3] Standing can be raised at any time and cannot be waived. *United States v. Hays*, 515 U.S. 737, 742, 115 S. Ct. 2431, 2435, 132 L. Ed. 2d 635 (1995); *see also Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 576, 124 S. Ct. 1920, 1927, 158 L. Ed. 2d 866 (2004).

[4] The juridical link doctrine is irrelevant to Bahamas' standing here. *See La Mar v. H & B Novelty & Loan Co.*, 489 F.2d 461, 464–66 (9th Cir. 1973) (standing assumed); *cf. Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–94, 118 S. Ct. 1003, 1012, 140 L. Ed. 2d 210 (1998).

Halyard, we set aside the judgment against Halyard and remand with instructions to dismiss the claims against it.

(2) KC argues that the district court abused its discretion by refusing to decertify[5] the fraudulent concealment class because individual issues predominated[6] in the class with regard to the materiality[7] of the purported omissions. We agree.

Under California law, a fact is "'material' if 'a reasonable man would attach importance to its existence or nonexistence in determining his choice of action in the transaction in question.'" *Engalla v. Permanente Med. Grp., Inc.*, 938 P.2d 903, 919 (Cal. 1997); *see Jorgensen v. Beach 'N' Bay Realty, Inc.*, 177 Cal. Rptr. 882, 885–86 (Ct. App. 1981). The district court abused its discretion in failing to decertify the class because the evidence that it relied upon to demonstrate the materiality of the testing failures to the entire class applied only to the subset of

---

[5]*See Ramirez v. TransUnion LLC*, 951 F.3d 1008, 1033 (9th Cir. 2020); *see also United States v. Hinkson*, 585 F.3d 1247, 1261–63 (9th Cir. 2009) (en banc).

[6]*See* Fed. R. Civ. P. 23(b)(3); *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615, 623, 117 S. Ct. 2231, 2246, 2249, 138 L. Ed. 2d 689 (1997); *see also Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1134 (9th Cir. 2016).

[7]*See Kaldenbach v. Mut. of Omaha Life Ins. Co.*, 100 Cal. Rptr. 3d 637, 652 (Ct. App. 2009); *see also Hoffman v. 162 N. Wolfe LLC*, 175 Cal. Rptr. 3d 820, 826–27 (Ct. App. 2014); *Tucker v. Pac. Bell Mobile Servs.*, 145 Cal. Rptr. 3d 340, 357 (Ct. App. 2012).

transactions in which class purchasers had seen representations about the Gowns' AAMI rating. Moreover, there is no evidence that a reasonable person would attach importance to AAMI test failures in a transaction for purchase of a package of surgical goods where the Gowns' AAMI rating was not noted on the package. *See Engalla*, 938 P.2d at 919; *Jorgensen*, 177 Cal. Rptr. at 885–86; *cf. In re Vioxx Class Cases*, 103 Cal. Rptr. 3d 83, 98–99 (Ct. App. 2009). Those transactions comprised the majority of class purchases.

Because the record does not support the conclusion that common questions regarding the materiality of the omissions predominated in the defined class, the district court abused its discretion in failing to decertify the class.[8] We therefore vacate the judgment as to KC and remand for further proceedings.

(3) In light of our conclusions in (1) and (2) above, we need not and do not reach the other assignments of error raised by the parties.

**VACATED and REMANDED** with instructions to dismiss in No. 18-55843. **VACATED and REMANDED** for further proceedings consistent with this disposition in No. 18-55478. **DISMISSED** as moot in No. 18-55558. Bahamas shall bear costs on appeal.

---

[8] The heterogeneity in the fraudulent concealment class also fatally undermines the Unfair Competition Law class. *See* Cal. Bus. & Prof. Code § 17200; *Tucker*, 145 Cal. Rptr. 3d at 362.

FILED

JUL 23 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Bahamas Surgery Center, LLC v. Kimberly-Clark Corp.*, Nos. 18-55478+

W. FLETCHER, J., concurring in part and dissenting in part:

      I respectfully dissent from the disposition insofar as it holds that the district court abused its discretion by refusing to decertify the fraudulent concealment class because individual issues predominated. As I read California law, a plaintiff need not show that individual class members were exposed to specific affirmative misrepresentations to succeed on a claim of fraudulent concealment. *See In re Tobacco II Cases*, 207 P.3d 20, 40 (Cal. 2009). The trial record contains ample evidence from which a reasonable juror could have found, as the jury found here, that a reasonable purchaser of the surgical gowns in question would have considered it important that the gowns had failed industry-standard strike-through tests.

      I would affirm the judgment against Kimberly-Clark Corporation.